UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Michael F. Wasserman

vs.  Civil Action No. 1:06-cv-01005-RWR

Denise Rodacker.

**PLAINTIFF'S RESPONSE TO THE MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO THE COMPLAINT (DOCKET #3)**

Plaintiff, Michael F. Wasserman, responds to the Motion for Enlargement of Time (*i.e.*, to answer or otherwise respond to the complaint) (Docket #3) by urging that it be granted only to the extent that defendant Denise Rodacker and the United States[1] shall have until Monday, July 17, 2006, either to plead or to file a motion permitted by Rule 12.

Pursuant to Rule 81(c), Federal Rules of Civil Procedure, defendant should have responded to the Complaint by June 7, 2006.[2] The motion filed by the United States Attorney's Office on behalf of defendant Rodacker requests that instead she and the United States have sixty days from the day of its motion—May 31—to answer or respond.

The government suggests that but for the removal, defendant Rodacker would have sixty days to respond to the Complaint. That is correct. Defendant Rodacker is an "officer or employee of the United States sued in an individual capacity for acts or omissions occurring in connection with the performance of duties on behalf of the United States"; therefore, had this action

---

1  The government contends that the Federal Tort Claims Act requires that the United States should be substituted as the sole defendant. As explained in plaintiff's response to the government's motion to amend the caption, that assertion is groundless. At most, the United States would be substituted for purposes of the common-law tort claims only. Furthermore, as also noted in plaintiff's response, plaintiff's intends to move to strike the government's FTCA certificate and to remand the case to the Superior Court. *See* Plaintiff's Response to the Motion of the United States to Amend the Caption, at 1 n.1.

2  Rule 81(c) requires the defendant to respond by the later of 20 days from the date of service of the complaint or five days from the date of the removal petition (now called a "notice"). The summons and complaint were served on defendant on May 16, 2006, in accordance with Rule 4 of the Rules of Civil Procedure for the Superior Court of the District of Columbia. *See* Notice of Filing of Proof of Service of Process, in the case file certified to this court by the Superior Court following removal. The twentieth day following was Monday, June 5. The United States effected removal by filing a certificate and notice of removal, purportedly under the FTCA, on May 31, 2006. The fifth day following, excluding the weekend, was June 7.

RECEIVED
JUN 2 6 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

continued in the Superior Court or been originally filed in this court, defendant's answer or motion would have been due by Monday, July 17, 2006, that is, sixty days from May 16, 2006, the date that service of process was complete,[1] in accordance with Rule 12(a)(3)(B) of both the Federal Rules of Civil Procedure and the Superior Court Rules of Civil Procedure, which are identical.

The government does not, however, supply any reason for selecting the date of the removal notice rather than the date service of process was effected. Although the United States Attorney's Office claims that it needs the additional time to become familiar with the facts and circumstances, that claim is belied by the fact that it has already become sufficiently familiar with those same facts and circumstances to certify that defendant Rodacker was acting within the "scope of her employment"[2] with respect to plaintiff's cause of action. Surely if the United States Attorney's Office felt sufficiently assured to make that assessment,[3] it is sufficiently advised to make a response to the Complaint as well.

A proposed order is attached to this response.

Dated: June 26, 2006

---

1  *See* Notice of Filing of Proof of Service of Process, in the case file certified to this court by the Superior Court following removal.
2  Those are the words of the 28 U.S.C. § 2679(d)(2) and of the Certificate attached to the Notice of Removal. The Notice itself incorrectly describes the grounds as being "for an act under color of [defendant's] office".
3  The government cannot argue that it was acting under an impending deadline when it made its FTCA certification; § 2679(d)(2) permits the certificate to be made at any time prior to trial.

Respectfully submitted,

Michael F. Wasserman
Plaintiff, *pro se*
D.C. Bar No. 442898
9355 Tovito Dr.
Fairfax, VA 22031-3824
(703) 591-0807
mfwddc@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2006, I mailed a copy of this paper to:

Marian L. Borum, Esq.
Office of the US Attorney
555 4th St. NW
Washington, DC 20001-2733

Pvt. Denise Rodacker
United States Park Police
1100 Ohio Dr. SW
Washington, DC 20242-0003

Perri S. Rothemich, Esq.
Department of the Interior
Office of Solicitor General
1849 C St. NW
Mail Stop 7308
Washington, DC 20240-0002

Michael F. Wasserman