UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Michael F. Wasserman

    vs.                                Civil Action No. 1:06-cv-01005-RWR

Denise Rodacker.

**PLAINTIFF'S RESPONSE TO THE MOTION OF THE UNITED STATES TO AMEND THE CAPTION (DOCKET #2)**

Plaintiff, Michael F. Wasserman, opposes the Motion of the United States to Amend the Caption (Docket #2) to the extent that it asks that the caption "reflect ... the United States ... as the *sole* federal defendant in this action." Motion at 1 (emphasis added). Even if the United States were properly made a party,[1] it would be only with respect to the common-law tort claims asserted in the Complaint. The Complaint explicitly asserts a claim for violation of the Constitution as well. Such claims are expressly excluded from coverage by the Federal Tort Claims Act. Therefore, the motion should be granted, if at all, only to the extent of *adding* the United States to the caption as a party defendant.

The constitutional claims asserted in the Complaint are hard to miss. The Complaint is only one page long, in keeping with the dictates of Rule 8(a)(2) that a complaint should contain only "a short and plain statement of the claim" and of Rule 8(e) that "[e]ach averment of a pleading shall be simple, concise, and direct," as well as the model forms appended to the rules, which in the words of Rule 84, "indicate the simplicity and brevity of statement which the rules contemplate," particularly Form 9, "Complaint for Negligence".[2] The Complaint states explicitly

---

[1] Plaintiff contemplates filing a motion to remand the case to the Superior Court on the ground that the Superior Court of the District of Columbia is not a "State court" as that term is used in 28 U.S.C. § 2679(d)(2), the provision of the Federal Tort Claims Act on which the United States grounds its Notice of Removal. *See, e.g., District of Columbia v. Carter*, 409 U.S. 418, 93 S. Ct. 602 (1973) (holding that the District of Columbia was not a "State or Territory" within the meaning of § 1979 of the Revised Statutes (1874), 42 U.S.C. § 1983, before its amendment in 1979). Plaintiff will file his motion to remand on or before Friday, June 30, 2006, as permitted by 28 U.S.C. § 1647(c), which allows such a motion within 30 days of the date a notice of removal is filed.

[2] Although the Complaint was filed in the Superior Court pursuant to the rules of civil procedure applicable in that court, those rules and the Federal Rules of Civil Procedure are identical in this respect.

RECEIVED
JUN 2 6 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

under its title that it is, among other things, brought for "Violation of the Constitution of the United States." The second paragraph directly alleges that while acting under color of law, defendant "assaulted, battered and imprisoned plaintiff against ... the Constitution of the United States." Hardly could constitutional claims be more simply, concisely and directly stated.

The Federal Tort Claims Act with equal clarity and directness excludes constitutional torts from its scope. Section 2679(b)(2)(A) of title 28, United States Code, explicitly continues the liability of federal employees for their constitutional torts. That subparagraph provides that the exclusive remedy against the United States created by the FTCA "does not extend or apply to a civil action against an employee of the Government ... which is brought for a violation of the Constitution of the United States." That explicit exception was added to the FTCA by the Federal Employees Liability Reform and Tort Compensation Act of 1988,[1] Pub. L. 100-694, § 5, 102 Stat. 4564 (Nov. 18, 1988). *See also* H. Rpt. 100-700, at 6 (June 14, 1988), *reprinted in* 1988 U.S. CODE CONG. & ADM. NEWS 5945 (explaining at length that the exclusivity provisions do not extent to constitutional torts). The terms of the 1988 Act reënforce the earlier holding in *Carlson v. Green*, 446 U.S. 14, 100 S. Ct. 1468 (1980), that the FTCA and the remedy of an action directly under the Constitution, recognized by the Court in *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), are complementary and not mutually exclusive.

Because the FTCA does not apply to claims for a constitutional violations, in those cases in which both common law and constitutional tort claims are made, courts routinely retain the federal official as a party for the purpose of the constitutional tort claim. *See , e.g., Simpkins v. District of Columbia*, 323 U.S. App. D.C. 312, 108 F.3d 366, 367 & n.1 (1997) ("Pursuant to 28 U.S.C. § 2679(d)(2), the United States substituted itself for [the federal employee] on the

---

1  Also known as the "Westfall Act", after the Supreme Court case that prompted its passage, *Westfall v. Erwin*, 484 U.S. 292 (1988).

common law tort claims. [The federal employee] *remained a defendant to the extent the complaint asserted constitutional tort claims against him.*") (emphasis added; citing § 2679(b)(2)(A)); *Velez-Diaz v. Vega-Irizarry*, 421 F.3d 71, 73 (1st Cir. 2005) (observing that "courts routinely order Westfall Act substitution of the United States as the defendant *for state law claims* when both state law and federal constitutional damage claims are asserted against federal employees.") (emphasis added); *Lederman v. United States*, 131 F. Supp. 2d 46 (D.D.C. 2001) (addressing separately FTCA claim and *Bivens* claim arising out of same incident involving same plaintiff and same defendant police officers), *modified on other grounds*, 351 U.S. App. D.C. 386, 291 F.3d 36 (2002).

Without any acknowledgment of what is clear upon both the record and the statute book and without advancing any argument whatsoever in support of its remarkable contention, counsel for the government in this case asserts that the caption should "reflect the substitution of the United States for Denise Rodacker as the sole defendant." Its bold and baseless claim must be rejected as inconsistent with both the state of the pleading and clear law.

A proposed order is attached to this response.

Dated: June 26, 2006

                                      Respectfully submitted,

                                      Michael F. Wasserman
                                      Plaintiff, *pro se*
                                      D.C. Bar No. 442898
                                      9355 Tovito Dr.
                                      Fairfax, VA 22031-3824
                                      (703) 591-0807
                                      mfwddc@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2006, I mailed a copy of this paper to:

Marian L. Borum, Esq.
Office of the US Attorney
555 4th St. NW
Washington, DC 20001-2733

Pvt. Denise Rodacker
United States Park Police
1100 Ohio Dr. SW
Washington, DC 20242-0003

Perri S. Rothemich, Esq.
Department of the Interior
Office of Solicitor General
1849 C St. NW
Mail Stop 7308
Washington, DC 20240-0002

Michael F. Wasserman