UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Michael F. Wasserman

vs.                                                  Civil Action No. 1:06-cv-01005-RWR

Denise Rodacker.

**MOTION TO STRIKE THE GOVERNMENT'S "SCOPE OF EMPLOYMENT" CERTIFICATE AND TO REMAND THE CASE TO THE SUPERIOR COURT AND POINTS AND AUTHORITIES IN SUPPORT**

Plaintiff, Michael F. Wasserman, moves for an order remanding this case to the Superior Court of the District of Columbia.[1] The grounds for this motion are that (1) the Federal Tort Claims Act does not authorize the United States to make itself a party defendant when an action is filed in the Superior Court of the District of Columbia and (2) that the only proper defendant, Denise Rodacker, has not and cannot file a timely notice of removal. More particularly stated, the grounds are as follows:

1. By its terms, the provision of the Federal Tort Claims Act relied on by the United States to make itself a party defendant and to effect removal, 28 U.S.C. § 2679(d)(2),[2] applies only to cases "commenced ... in a State court" and, in the context of the FTCA, the phrase "State court" does not encompass the Superior Court of the District of Columbia.

---

[1] This is the motion plaintiff described in the first footnote of his paper captioned "Response to the Motion of the United States to Amend the Caption" (Docket #9).

[2] Paragraph (d)(2) of § 2679 provides (emphasis added):

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a *State court* shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal.

2. Because § 2679(d)(2) does not authorize the United States to substitute itself as a party defendant to this case, the United States could not file a notice of removal on any other grounds.

3. Even if the United States could file a notice of removal on some other ground, its notice was untimely under 28 U.S.C. § 1446(b),[1] because the United States received the Complaint more than thirty days before it filed its Notice.

4. Defendant Denise Rodacker has not filed a notice of removal in this case and the time for filing any such notice has expired.

This motion is not about whether defendant Rodacker is entitled to be defended by counsel for the United States,[2] or whether the FTCA is plaintiff's exclusive remedy for his tort claims,[3] or whether the Superior Court would have power to decide a claim actually asserted against the United States under the FTCA.[4] The only question is whether, by its own terms, § 2679(d)(2) permits the United States to substitute itself as defendant and effect a removal to this court in an

---

1  *See* 28 U.S.C. § 1446(b): "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based ...."

2  *See* the first sentence of 28 U.S.C. § 2679(c) (emphasis added): "The Attorney General shall defend any civil action or proceeding brought in *any court* against any employee of the Government or his estate for any such damage or injury."

3  *See* 28 U.S.C. § 2679(b)(1):

The remedy against the United States provided by sections 1346 (b) and 2672 of this title for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim or against the estate of such employee. Any other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee or the employee's estate is precluded without regard to when the act or omission occurred.

*But see id.* para. (2), excluding from the scope of paragraph (1) claims for violation of the Constitution.

4  *See* 28 U.S.C. § 1346(b)(1) (emphasis added):

[T]he district courts ... shall have *exclusive* jurisdiction of civil actions on claims *against the United States*, for money damages, ... for injury ... caused by the ... wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

action originally filed in the Superior Court of the District of Columbia against an employee of the United States arising from an act done within the scope of her employment. The text and the context of the statute prove that it does not authorize the United States to do so.

The Federal Tort Claims Act does not contain any definition of the term "State court." Neither title 28 of the United States Code nor the United States Code contain any definition of "State" or "State court" applicable to the FTCA that includes the District of Columbia or the Superior Court of the District Columbia.

The two Supreme Court cases on whether the unadorned terms "State" or "State or territory" includes or excludes the District of Columbia are *Hurd v. Hodge*, 334 U.S. 24 (1948), and *District of Columbia v. Carter*, 409 U.S. 418 (1973). In *Hurd*, the Court held that the Civil Rights Act of 1866, which implemented the Thirteenth Amendment, did apply to the District of Columbia, notwithstanding that its terms were limited to "States". In *Carter*, on the other hand, the Court held that section 1 of the Ku Klux Klan Act of 1871, Revised Statutes § 1979, 42 U.S.C. § 1983, did not apply to the District of Columbia. The essential distinction between the cases rests on the purposes of the underlying legislation, as illuminated by their respective contexts and history. The Civil Rights Act of 1866 implemented an amendment that applied—and was meant to apply—throughout the nation and to both public and private conduct. Section 1 of the Ku Klux Klan Act, on the other hand, was intended to address an evil that was peculiar to the southern States, and for its authority, rested upon an amendment that was directed only at the States.

Taking guidance from *Hurd* and *Carter*, it is useful to briefly review the statutory history of the Federal Tort Claims Act. As originally enacted in 1946, the FTCA contained no provision for

3

removing an action from any court.[1] Indeed, except with respect to agencies that had the power to sue and be sued in their own name,[2] the FTCA did not affect any action that was available to an injured person, unless a settlement or judgment were obtained.[3]

The first provision for substitution of the United States and removal from a State court was contained in the 1961 Act concerning government employees sued for injuries arising out of their operation of motor vehicles.[4] The 1961 Act first added to § 2679 subsections (b) through (e), dealing with the same subject matter as they do now, except they were limited to claims for loss "resulting from the operation by any employee of the Government of any motor vehicle while acting within the scope of his office or employment." *Id.* § 1. Particularly relevant to the present argument is subsection (d), as it was added in 1961:

> Upon a certification by the Attorney General that the defendant employee was acting within the scope of his employment at the time of the incident out of which the suit arose, any such civil action or proceeding commenced in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place wherein it is pending and the proceedings deemed a tort action brought against the United States under the provisions of this title and all references thereto. Should a United States district court determine on hearing a motion to remand held before a trial on the merits that the case so removed is one in which a remedy by suit within the meaning of subsection (b) of this section is not available against the United States, the case shall be remanded to the State court.

In 1988, Congress expanded the 1961 Act from its original scope, limited to accidents arising from the operation of motor vehicles, to include all claims for "injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment."[5]

---

1   The FTCA was first enacted as title IV of the Legislative Reorganization Act of 1946, ch. 753, 60 Stat. 842 (Aug. 2, 1946).
2   *See id.* §§ 423.
3   *See id.* §§ 403(b), 410(b).
4   Pub. L. 87-258, 75 Stat. 539 (Sept. 21, 1961).
5   Federal Employees Liability Reform and Tort Compensation Act of 1988, Pub. L. 100-694, § 6, 102 Stat. 4564 (Nov. 18, 1988), also known as the "Westfall Act", after the Supreme Court case that prompted its passage, *Westfall v. Erwin*, 484 U.S. 292 (1988).

The first sentence of the 1961 version of subsection (d) is, except for sylistic changes, nearly identical to the first two sentences of the paragraph (d)(2) of § 2679, as enacted in 1988. The only substantial difference is the provision at the end of the second sentence of (d)(2) that explicitly provides that "the United States shall be substituted as the party defendant." Left unchanged is the requirement that there first be "civil action or proceeding commenced ... in a State court."

Neither in 1961 nor in 1988 nor at any other time did Congress define the term "State court" for the purposes of the FTCA. *See* Pub. L. 87-258; Pub. L. 100-694; 28 U.S.C. § 2671. The omission is significant. At time of 1961 Act, and for nearly twenty years before, the then-Municipal Court of the District of Columbia had had exclusive jurisdiction of civil claims of up to $1,000.[1] Indeed, just a week before he approved the 1961 FTCA amendments, President Kennedy had signed legislation raising the ceiling of the Municipal Court's exclusive civil jurisdiction to $3,000.[2] The fact that government employees sued personally could be—indeed, had to be—impleaded in the Municipal Court could not have escaped the attention of Congress. Yet the 1961 Congress elected to limit its removal provisions to proceedings commenced in "State courts."

There is a simple explanation. The Municipal Court was a *federal* forum, albeit one of limited jurisdiction. Its judges—like the judges of the district court and of the present Superior Court—were appointed by the president with the advice and consent of the Senate.[3] Indeed, the judges of the Municipal Court, as opposed to the district court, might be expected to be more responsive to the legislative and executive branches, because their terms were for ten years, rather than during good behavior. *Id.* The Municipal Court judges could be expected to be as able as the district

---

1  Act of April 1, 1942, § 4(a), ch. 207, 77th Cong., 2nd Sess, 56 Stat. 190.
2  Pub. L. 87-242, 75 Stat. 513 (Sept. 14, 1961).
3  Act of April 1, 1942, § 2, ch. 207, 77th Cong., 2nd Sess, 56 Stat. 190.

judges to decide whether the FTCA was the exclusive remedy available to a plaintiff in those cases that fell within its exclusive jurisdiction.

Reënforcing the conclusion that the Congress meant what it said when it referred to "State courts," is Congress's omission to add any further definition of "State court" in 1970, when it enacted the District of Columbia Court Reform and Criminal Procedure Act of 1970, Pub. L. 91-358, 84 Stat. 473 (July 29, 1970). The Court Reform Act established the present judicial system of the District of Columbia. It gave the local District of Columbia courts in most respects the same jurisdiction as the corresponding State courts would have, with the same relation to the federal courts in the District of Columbia. In order to carry out its intent, Congress carefully amended many parts of the D.C. Code and the United States Code. In § 172 of the Court Reform Act, Congress added to various provisions of title 28 of the United States Code particular definitions in order to put the local District of Columbia courts on the same footing as State courts, as follows (84 Stat. 590-91)[1]:

- 28 U.S.C. § 1257(b): "For the purposes of this section [concerning certiorari to State courts], the term 'highest court of a State' includes the District of Columbia Court of Appeals."

- 28 U.S.C. § 1366: "For the purposes of this chapter [85, concerning the jurisdiction of the district courts], references to laws of the United States or Acts of Congress do not include laws applicable exclusively to the District of Columbia."

---

1 *See also* 28 U.S.C. § 1332(d) ("The word 'States', as used in this section, includes the Territories, the District of Columbia, and the Commonwealth of Puerto Rico."); 28 U.S.C. § 1738A(b)(8) ("In this section [concerning full faith and credit for child custody orders] ... 'State' means ... the District of Columbia ...."); 28 U.S.C. § 1738B(b)(9) ("In this section [concerning full faith and credit for child support orders] ... 'State' means ... the District of Columbia ....").

- 28 U.S.C. § 1451: "For purposes of this chapter [89 concering removal of actions to district courts] ... The term 'State court' includes the Superior Court of the District of Columbia."

- 28 U.S.C. § 2113: "For purposes of this chapter [133 concerning review of decisions], the terms 'State court', 'State courts', and 'highest court of a State' include the District of Columbia Court of Appeals."

Notably, although § 2679(d) had been on the books for almost a decade, in the Court Reform Act of 1970, Congress did not amend the FTCA so as to include the Superior Court within the term "State court."

Therefore, when nearly two decades after the Court Reform Act and fifteen years after the Supreme Court had decided in *Carter* that the term "State or territory" did not include the District of Columbia, Congress enacted the Westfall Act carrying forward the the 1961 Act's "State court" formulation, the only reasonable conclusion is that it had found that the Superior Court was a sufficient federal forum for determining any questions of exclusivity and immunity that might arise under § 2679(b) and that the interest of the federal employee in having an Article III judge determine them was adequately protected by the removal procedures available under chapter 89 of title 28 of the United States Code.

Thus, because the procedure under § 2679(d)(2) is not available to the United States in this case, the certificate of scope of employment it has filed is of no effect. Therefore, the United States is no party to this action and, perforce, cannot file a notice of removal. For that reason, the case must be sent back to the Superior Court.

Even if the United States—though not a party to the action—were somehow entitled to file a notice of removal under chapter 89, the case would still have to be remanded. The United States

was simply too late in doing so under § 1446(b). The United States concedes that it received the Complaint on April 24, 2006. Yet it did not file its Notice of Removal until May 31, 2006, thirty-seven days later, and seven days later than § 1446(b) requires. Therefore, the case must be remanded to the Superior Court.

Finally, it is clear that defendant Rodacker has not and can no longer effect a removal of this action. She has not effected removal because the Notice of Removal was filed only on behalf of the United States. No counsel has appeared on behalf of defendant Rodacker for the purpose of removing this case from the Superior Court. Assistant United States Attorneys Rudolph Contreras and Marian Borum have twice stated that they "will represent the United States of American for all purposes, and will represent the individual defendant *for purposes of seeking an enlargement of time*, pending completion of the process by which *full* Department of Justice representation can be obtained" (emphasis added). Notice of Removal (Docket #1), at 1 n.1; Defendant's Motion for Enlargement of Time (Docket #3), at 1 n.1. The appearance of counsel from the United States Attorney's Office on behalf of "defendant" United States is consistent with the position they take in their filing captioned, "Motion by Defendant United States of America to Amend Case Caption" (Docket #2). In that motion, Mr. Contreras and Ms. Borum rely on 28 U.S.C. § 2679(d)(2) to assert that the filing of the scope-of-employment certification, without more, had the effect of instantly making the United States a party defendant.

This court's Local Rules make it clear that the only arguable appearance on behalf of defendant Rodacker is the limited appearance on her behalf by Mr. Contreras and Ms. Borum. Local Civil Rule 83.6(a)[1] requires that counsel appear by either signing a "pleading" or a "written

---

1   Local Civil Rule 83.6(a) provides:

   An attorney eligible to appear may enter an appearance in a civil action by signing any pleading described in Rule 7(a), Federal Rules of Civil Procedure, or by filing a written notice of entry of an appearance listing the

notice of entry of an appearance". Pleadings are enumerated in Rule 7(a); the list includes neither motions nor notices of removal. No attorney has filed a paper captioned as a notice of appearance or made any other statement that they were appearing on behalf of defendant Rodacker. Finally, Local Civil Rule 11.1[1] requires that the first "filing" on behalf of a party contain that party's address. In this case, no filing by counsel for the United States has included defendant Rodacker's address.

Not only has defendant Rodacker not effected a removal, but she cannot effect a removal, because the time for her to do so has expired. It is true that defendant Rodacker might have been able to remove this case pursuant to chapter 89 of title 28, United States Code, §§ 1441 through 1452, either because the case presents a federal question[2] or because she was sued in her individual capacity for an act done under color of her federal office.[3] However, the time for effecting a removal on those grounds has expired. Section 1446(b) required defendant Rodacker to file notice of removal within thirty days of her receipt of the complaint. Defendant Rodacker received the Complaint by certified mail on May 16, 2006.[4] Therefore, she would have had to file a notice of removal on or before Thursday, June 15, 2006, a date now more than two weeks past.[5]

A proposed order is attached to this motion.

Dated: June 30, 2006

---

attorney's correct address, telephone number and bar identification number

1  The first sentence of Local Civil Rule 11.1 provides: "The first filing by or on behalf of a party shall have in the caption the name and full residence address of the party."
2  See 28 U.S.C. §§ 1331 & 1441(c).
3  See 28 U.S.C. § 1442(a)(1).
4  See Notice of Filing of Proof of Service of Process, in the case file certified to this court by the Superior Court following removal (Docket #4).
5  Coincidentally, June 15 was the date plaintiff first learned that the United States had attempted to remove the case. See Plaintiff's Motion for Extension of Time (filed June 23, 2006) and attached declarations (Docket #6).

9

Respectfully submitted,

*[signature]*

Michael F. Wasserman
Plaintiff, *pro se*
D.C. Bar No. 442898
9355 Tovito Dr.
Fairfax, VA 22031-3824
(703) 591-0807
mfwddc@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2006, I mailed a copy of this paper to:

Marian L. Borum, Esq.
Office of the US Attorney
555 4th St. NW
Washington, DC 20001-2733

Pvt. Denise Rodacker
United States Park Police
1100 Ohio Dr. SW
Washington, DC 20242-0003

Perri S. Rothemich, Esq.
Department of the Interior
Office of Solicitor General
1849 C St. NW
Mail Stop 7308
Washington, DC 20240-0002

*[signature]*

Michael F. Wasserman

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Michael F. Wasserman

vs.                                    Civil Action No. 1:06-cv-01005-RWR

Denise Rodacker.

**ORDER**

Upon consideration of plaintiff's Motion to Remand to the Superior Court, the points and authorities in support thereof and any opposition thereto, it is hereby

ORDERED that the motion is GRANTED. It is further

ORDERED that this case is REMANDED to the Superior Court of the District of Columbia.

SIGNED this ____ day of _____, 2006.


_____
RICHARD W. ROBERTS
United States District Judge