UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL F. WASSERMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-1005 (RWR) |
| | ) |
| DENISE RODACKER, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**FEDERAL DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE
THE GOVERNMENT'S SCOPE OF EMPLOYMENT CERTIFICATE
AND TO REMAND THE CASE TO SUPERIOR COURT**

Federal Defendant, United States of America, by and through undersigned counsel, hereby opposes Plaintiff's Motion to Strike the Government's 'Scope of Employment' Certificate and To Remand the Case to the Superior Court and Points and Authorities in Support ("Motion to Strike").

**I.    Factual Background**

On February 20, 2006, plaintiff was arrested, by United States Park Police Officer Denise Rodacker, for violating the District of Columbia Leash Law, 24 D.C.M.R. § 900.3, and for Assault on a Police Officer, 22 D.C. Code § 405.[1]  See Exhibit 1.  On February 21, 2006, plaintiff filed the instant suit against individual Defendant, Officer Rodacker, in District of Columbia Superior Court, for "assault[ing], batter[ing] and imprison[ing him] against the laws of the said District and the Constitution of the United States." Complaint p. 1.[2]  Plaintiff did not

---

[1] Upon appearing in court, Plaintiff elected to pay a fine for violating the regulation.

[2] Plaintiff has twice since been charged with committing the same offense, in the same location.

effect service on the named individual Defendant until May 16, 2006. See Plaintiff's Notice of Filing Proof of Service of Process (Exhibit 2); Motion to Strike p. 9. On that date, Defendant Rodacker notified counsel for the United States Department of the Interior, and requested that she be provided representation by the Department of Justice, in accordance with 28 C.F.R. §50.15.

The Department of Interior initiated an investigation and concluded that Defendant Rodacker was acting within the scope of her employment as a United States Park Police Officer at the time of the alleged incident, and that it was in the best interests of the Department of Interior to provide her representation. In accordance with 28 C.F.R. §50.15, the Department of the Interior submitted a request for representation to the Department of Justice on behalf of Defendant Rodacker.

Pending determination by the Department of Justice regarding representation, the United State Attorney's Office for the District of Columbia removed the instant lawsuit to federal court on May 31, 2006. See Notice of Removal. Because plaintiff's complaint contained common law tort claims cognizable under the Federal Tort Claims Act, the United States Attorney's Office certified that Officer Rodacker was acting within the scope of her employment at the time of the alleged incident, and substituted the United States as defendant for those claims, in accordance with 28 U.S.C. §2679(d). See id. To the extent that the complaint contained constitutional claims against Defendant Rodacker individually, the United States Attorney's Office filed the removal in accordance with 28 U.S.C. §1441, §1442(a)(1), and §1446. Removal was timely as it was within thirty days of May 16, 2006, when Defendant Rodacker received service of the lawsuit. Id. See Plaintiff's Motion to Strike, p. 9 (". . . [Defendant Rodacker]

would have had to file a notice of removal on or before Thursday, June 15, 2006. . . .") When the removal decision was made, the Department of Justice had not yet answered Defendant Rodacker's representation request. As such, the Notice of Removal designated that the undersigned counsel represented both the United States of America and Defendant Rodacker, individually, for purposes of removal and a Motion for Extension of Time, pending determination of the representation request. See Notice of Removal, p.1 n.1. Representation has since been granted to Defendant Rodacker individually, and a notice of appearance[3] for all purposes is filed simultaneously with this Opposition. See Notice of Appearance.

    At the time the federal Defendant filed its Notice of Removal and Motion to Amend the Caption, the focus of the Departmental investigation centered on scope of employment and representation. It had not yet examined the factual and legal basis for Plaintiff's complaint or decided upon a strategy for a responsive pleading. Therefore, undersigned counsel filed a Motion for an Extension of Time to File a Responsive Pleading. See Defendant's Motion for Enlargement of Time. Undersigned counsel was unable to contact Plaintiff, despite leaving several messages at his home/business, to determine a mutually agreed upon response date. Therefore, undersigned counsel determined that July 31, 2006 would not unduly burden Plaintiff as it only extended Defendants' time to respond by two additional weeks.

---

[3] Plaintiff argues that failure to enter an appearance for Defendant Rodacker individually somehow nullifies or negates the Notice of Removal filed on her behalf. See Plaintiff's Motion to Strike, pp. 8-9. Local Civil Rule 86.3 provides that, "[a]n attorney eligible to appear **may** enter an appearance in a civil action by signing any pleading described in *Rule 7(a), Federal Rules of Civil Procedure*, or by filing a written notice of entry of an appearance listing the attorney's correct address, telephone number and bar identification number." (emphasis added). The local civil rule does not mandate that an appearance be entered. The Notice of Removal filed May 31, 2006 was properly filed by the United States Attorney's Office for the District of Columbia on behalf of the United States of America and Defendant Rodacker, individually.

## II. Statutory Background

Under 28 U.S.C. § 1441:

(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending. . . .;

(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removed without regard to the citizenship or residence of the parties. . . .; and

(c) Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331[4] of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates. (italics added).

Under 28 U.S.C. § 1442(a)(1), a civil action commenced in a State court against

an officer . . . of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals . . . ., 28 U.S.C. § 1442(a)(1), "may be removed . . . to the district court of the United States for the district and division embracing the place wherein it is pending." 28 U.S.C. § 1442(a).

Here, the action was brought by plaintiff in the Superior Court for the District of

Columbia, and the action was one "of which the district courts . . . have original jurisdiction." 28

U.S.C. § 1441(a). Further, the District Court has original jurisdiction of plaintiff's claims which

---

[4]Title 28, United States Code, Section 1331 provides: "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Although plaintiff neglected to specifically assert any constitutional claims, by filing the Motion to Amend Case Caption on June 26, 2006, plaintiff made it clear that he intended to sue Officer Rodacker in her individual capacity for violation(s) of the Constitution.

arise "under the Constitution . . . or laws of the United States . . . ." 28 U.S.C. § 1441(b). Finally, the action was commenced in the Superior Court for the District of Columbia against "an officer of the United States or an agency thereof, sued in an individual capacity for an act under color of such office." 28 U.S.C. § 1442(a)(1). Therefore, removal of this matter, from Superior Court to District Court for the District of Columbia, was proper under 28 U.S.C. §§ 1441(a), (b) and 1442(a)(1).

Removal of this matter also was proper under 28 U.S.C. § 2679(d)(2) which states:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as a party defendant. . . . (italics added).

Therefore, both the tort and constitutional claims made by plaintiff against Defendant Rodacker were properly removed from the Superior Court of the District of Columbia to the United States District Court for the District of Columbia.

### III.   The District of Columbia is a State for Purposes of the Federal Tort Claims Act

Plaintiff, nevertheless, argues that "the Federal Tort Claims Act does not authorize the United States to make itself a party defendant when an action is filed in the Superior Court of the District of Columbia[.]" Motion to Strike p. 1. Plaintiff contends that "in the context of the FTCA, the phrase 'State court' does not encompass the Superior Court of the District of Columbia." Id.

>The FTCA confers upon the district courts
>
>*exclusive jurisdiction* of civil actions on claims against the United States ... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. (Italics added.)

28 U.S.C. 1346(b)(1).  The Supreme Court has held that "[t]he FTCA 'was designed primarily to remove the sovereign immunity of the United States from suits in tort and, with certain exceptions, to render the Government liable in tort as a private individual would be under like circumstances.'"[5]  Sosa v. Alvarez-Machain, 542 U.S. 692, 700 (2004)(citing Richards v. United States, 369 U.S. 1, 6 (1962).  See United States v. Orleans, 425 U.S. 807, 813 (1976); United States v. Olson, -- U.S. --, 126 S.Ct. 510, 511(2005).

Therefore, in this action which alleges that Defendant Rodacker assaulted, battered and imprisoned plaintiff in the District of Columbia, the United States substituted itself as a defendant, properly converting the action to one brought under the Federal Tort Claims Act.  See Haddon v. United States, 68 F.3d 1420, 1423 (D.C. Cir. 1995)(White House electrician sued for allegedly threatening physical harm to the White House cook.  However, case later remanded because electrician was acting outside of his scope of employment).  If the District of Columbia were not considered a state, the central purpose of the FTCA would be defeated in all cases brought in the District of Columbia Superior Court.  Further, the District of Columbia repeatedly has been considered a state for purposes of the FTCA.  See e.g. Haddon, 68 F.3d at 1425; Hudert v. Alion Science & Tech. Corp. 429, F.Supp.2d 99, 106 (2006); Majano v. Kim, 2005 WL

---

[5]The FTCA defines federal employees to include "officers or employees of any federal agency" 28 U.S.C. § 2671.

839546 *4 (D.D.C. 2005), and plaintiff's argument is incorrect.

Finally, numerous statutes which address the jurisdiction of the District Courts define the District of Columbia as a state. See e.g. 28 U.S.C. §§ 1332(e), 1343(b)(1), 1367(e), 1369(e). In fact, for purposes of removal under 28 U.S.C. §§ 1441-1453, "[t]he term State court includes the Superior Court of the District of Columbia." See 28 U.S.C. § 1451(1). Because the Superior Court is deemed a "state court" for purposes of those removal statutes, it would be illogical to determine that the other statute permitting removal, 28 U.S.C. § 2769(d)(2), should be interpreted to the contrary. In fact, courts have recognized that where 28 U.S.C. § 2769 does not address an issue at hand, the provisions of Chapter 89 (Removal of Cases from State Courts) apply. See Anthony v. Runyon, 76 F.3d 210, 214 (8th Cir. 1996)(where "the *Westfall* Act does not speak to the issue at hand" the provisions of § 1446 apply); Mitchell v. Carlson, 896 F.2d 128, 131 (5th Cir. 1990)(holding that the post-removal procedure statute, 28 U.S.C. § 1447, applies to *Westfall* Act cases because Congress had not indicated a contrary intent).

**IV.    Defendant's Notice of Removal Under 28 U.S.C. §§ 1441 and 1442(a)(1)**

Plaintiff argues that, even if the United States were entitled to file a notice of removal, the notice was filed "seven days later than § 1446 requires," Motion to Strike p. 8, and the case cannot be removed. However, as stated in plaintiff's Motion to Strike, "Defendant Rodacker received the Complaint by certified mail on May 16, 2006." See Motion to Strike p. 9. The United States filed its Notice of Removal on May 31, 2006, which is within the thirty-day time period under 28 U.S.C. § 1446(b). In addition, under 28 U.S.C. § 2769(d)(2), removal can take place any time before trial.

Even if plaintiff were correct and the filing of the Notice of Removal was untimely, under

28 U.S.C. § 1441(c), when a civil action arising under the . . . laws . . . of the United States is joined with an otherwise non-removable claim, "the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates." 28 U.S.C. § 1441(c).

Here, plaintiff's tort claim against Officer Rodacker is joined with a constitutional claim. Assuming, arguendo, that the constitutional claim is "otherwise non-removable" as plaintiff appears to argue, then the tort claim, which was timely removed, may be joined with the constitutional claim, and the entire case may be removed to district court. Further, because state law does not "predominate" in either of these claims, the entire case would be properly heard in the District Court, not Superior Court.

          Respectfully submitted,

          KENNETH L. WAINSTEIN, D.C. Bar #451058
          United States Attorney

          RUDOLPH CONTRERAS, D.C. Bar #434122
          Assistant United States Attorney

          MARIAN L. BORUM,  D.C. Bar #435409
          Assistant United States Attorney
          Judiciary Center Building
          555 4th Street, N.W. – Civil Division
          Washington, D.C.  20530
          (202) 514-6531

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on this 10th day of July, 2006, service of the foregoing was made by mailing copies thereof to:

>Michael F. Wasserman
>9355 Tovito Drive
>Fairfax, Virginia 22031-3824

_____
MARIAN L. BORUM
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C. 20530