UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Michael F. Wasserman

     vs.                               Civil Action No. 1:06-cv-01005-RWR

Denise Rodacker.

**PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION
TO STRIKE THE GOVERNMENT'S "SCOPE OF EMPLOYMENT" CERTIFICATE
AND TO REMAND THE CASE TO THE SUPERIOR COURT**

    Nothing in the Government's Opposition impeaches the basis of plaintiff's Motion to Remand. This action was originally filed in the Superior Court of the District of Columbia. The United States Attorney's Office, avowedly representing only the United States of America, filed a Notice of Removal, based on a Certificate of Scope of Employment it made, purportedly pursuant to the § 2679(d)(2) of the Federal Tort Claims Act (FTCA), as added in 1988 by the Westfall Act, substituting the United States for the individual defendant, Denise Rodacker. The Certification, however, is a nullity because § 2679(d)(2) applies only to actions commenced in "State court"—a term that in the context of the FTCA does not include the Superior Court.

    The Government opposes remand on two grounds. Principally, it now contends that its Notice of Removal was filed on defendant Denise Rodacker's behalf, even though that very document—and the whole record—refutes the existence of any such intent. Secondly, the Government argues that it would "illogical" for Congress to have meant what it said in the Westfall Act; therefore, the Government reasons, this court should undertake to rewrite the statute to suit the Government's notion of what is logical. The Government is wrong in both its premise and conclusion: The scheme adopted in the Westfall Act is entirely logical and consistent; in any

event, it is obviously not for the court to redraft an Act of Congress so as to satisfy the Government's taste in logic.[1]

## I. The Record Belies the Assertion That the United States Attorney's Office Filed the Notice of Removal on Behalf of Defendant Rodacker.

The Government's Notice of Removal denied that the United States Attorney's Office represented defendant Rodacker for any purpose except seeking an enlargement of time. Amazingly, though, in the teeth of their own words, counsel for the Government now claim that they filed the Notice of Removal on defendant Rodacker's behalf. In the Government's Opposition, counsel assert that "the Notice of Removal designated that the undersigned counsel represented both the United States of America and Defendant Rodacker, individually, *for purposes of removal* and a Motion for Extension of Time, pending determination of the representation request." (Opposition at 3, emphasis added.) That claim is belied by the record, however. The Notice of Removal itself specifically stated that the United States Attorney's Office "will represent the United States of American for all purposes, and will represent the individual defendant *for purposes of seeking an enlargement of time*." (Notice of Removal at 1 n.1; emphasis added.) Counsel for the Government made the identical statement in its Motion for Enlargement of Time, at 1 n.1. The Government offers nothing to square its present assertion with what is plain upon the record.[2]

In another bold attempt to rewrite the record, counsel for the Government assert that "To the extent that the complaint contained *constitutional claims* against Defendant Rodacker individually, the United States Attorney's Office filed the removal in accordance with 28 U.S.C.

---

[1] Counsel for the Government has also seen fit to make factual assertions concerning the merits of the action. Because they are irrelevant to the decision of the present motion, plaintiff will refrain from addressing them in detail, other than to note that they include half-truths and outright falsehoods.

[2] Although the docket entries state that each of the documents filed on May 31 were filed by defendant Rodacker, those entries were made by the clerk's office. The Government has placed no reliance on them.

2

§1441, §1442(a)(1), and §1446." (Opposition at 2; emphasis added.) That *post hoc* explanation is also belied by the record. On May 31, when they filed its Notice of Removal, counsel for the Government claimed that the United States had been substituted as the defendant *for all purposes*.[1] In making that assertion, counsel for the Government necessarily acted without knowledge of any constitutional claims against defendant Rodacker, for such claims are clearly excluded from the exclusivity provision of the FTCA. *See* 28 U.S.C. § 2679(b)(2)(A). Only on July 5, did the United States Attorney's Office acknowledge that Rodacker should be retained as a defendant in the action.[2] That was *after* plaintiff responded to the Government's assertion that it should be substituted as "sole defendant" by noting that his Complaint asserted constitutional claims.[3] Had counsel for the Government genuinely recognized the constitutional claims at the time they filed the Notice of Removal, their assertion that the United States had been substituted as the "sole defendant" would have been in bad faith, if not also a violation of Rule 11.

Furthermore, the Government's citation of §§ 1441, 1442(a)(1), and 1446 in the Notice of Removal was consistent with removal based on counsel's theory that the United States had been substituted as "sole defendant." The district courts have "original jurisdiction" of claims under the FTCA, *see* § 1346(b), thus making removal appropriate under § 1441(a), while § 1442(a)(1) authorizes removal of a "civil action ... against ... [t]he United States." Section 1446, of course, does not itself provide any grounds for removal; it simply specifies procedures and deadlines.

Opposing counsel also misconstrue plaintiff's argument regarding their failure to enter an appearance on behalf of defendant Rodacker. Contrary to the Government's assertion in its

---

1  *See* Motion by Defendant United States of America to Amend the Caption (filed May 31, 2006) (Docket #2) at 1 (asserting "the substitution of the United States for Denise Rodacker as the sole federal defendant in this action"); Notice of Removal of a Civil Action (filed May 31, 2006) (Docket #1) at 1 ("The United States of America has been substituted as a defendant.").
2  *See* Federal Defendant's Reply to Plaintiff's Response to Federal Defendant's Motion to Amend Case Caption (filed July 5, 2006) (Docket #11) at 1.
3  *See* Plaintiff's Response to Motion to Amend Case Caption (filed June 26, 2006) (Docket #9).

Opposition (page 3, note 3), plaintiff does *not* argue "that failure to enter an appearance for Defendant Rodacker individually somehow nullifies or negates the Notice of Removal filed on her behalf." The argument is not one of nullification or negation. Rather, plaintiff argues that counsel's failure to do so *reinforces* the fact, explicitly stated in both the Government's Notice of Removal and its Motion for an Extension of Time, that as of May 31, 2006, the United States Attorney's Office did *not* represent defendant Rodacker for any purpose other than to seek an extension of time to respond to the Complaint. There simply never was anything "filed on [Rodacker's] behalf" that could be "nullified" or "negated".

In misconstruing plaintiff's argument on that score, the Government also misconstrues the court's local rule regarding the manner in which counsel may enter an appearance. The Government asserts that because Local Civil Rule 83.6(a)[1] uses the word "may", it does not provide the exclusive means of entering an appearance. (Opposition at 3 n.3.) By implication, the Government's argument must be that simply by acting on behalf of a party in any manner, an attorney enters an appearance. That would make the rule superfluous. The use of the word "may" in this context merely emphasizes the permissive nature of an attorney's undertaking to represent a party, not that an attorney may elect to dispense with the prescribed means of signifying to the court that such representation has in fact been undertaken.[2]

---

1  Local Civil Rule 83.6(a) provides:

   An attorney eligible to appear may enter an appearance in a civil action by signing any pleading described in Rule 7(a), Federal Rules of Civil Procedure, or by filing a written notice of entry of an appearance listing the attorney's correct address, telephone number and bar identification number

2  Oddly enough, even while protesting that Local Civil Rule 83.6(a) need not be complied with, counsel have now filed a notice of appearance complying with the rule. *See* Notice of Appearance (filed July 10, 2006) (Docket #14).

**II. In Enacting the Westfall Act, Congress Logically Did Not Extend the Certification and Removal Procedure to the Superior Court of the District of Columbia.**

The Government has adduced no authority for its claim that the term "State court" as used in 28 U.S.C. § 2679(d)(2) includes the Superior Court of the District of Columbia. Instead, it appeals to "logic", claiming that the purposes of the FTCA and the Westfall Act would be defeated unless the court were to rewrite the Act. The Government's argument is wrong.

Neither the purpose of the FTCA or the Westfall Act would be undermined by giving the term "State court" its ordinary meaning—the court of one of the "several States". The purpose of the FTCA is to effect a limited waiver of the Government's immunity to claims for money damages for torts. Section 2674, 28 U.S.C., provides that the "United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances." The FTCA further adopts "the law of the place where the act or omission occurred" as the rule of liability. 28 U.S.C. §§ 1346(b)(1), § 2672. Clearly, the scope and meaning of neither the waiver of sovereign immunity nor the rule of liability depend on the meaning of the term "State" or "State court".

The purpose of the Westfall Act is to protect government employees from individual liability for common law torts they commit while acting within the scope of their employment. That purpose is effected by subsection (b)(1) of § 2679 (emphasis added):

> The remedy against the United States provided by sections 1346 (b) and 2672 of this title for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment *is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim* or against the estate of such employee. *Any other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee or the employee's estate is precluded* without regard to when the act or omission occurred.

Obviously, the exclusivity and preclusion provisions of § 2679(b)(1) do not depend on the meaning of the term "State" or "State court". Indeed, even the right of the government employee to a defense by the Attorney General does not turn on the meaning of the term "State" or "State court". *See* 28 U.S.C. § 2679(c).[1]

The authorities the Government cites simply do not address the question. Although in the cases cited by the Government,[2] counsel *might* have been able to raise the issue whether § 2679(d)(2) applied to actions commenced in the Superior Court of the District of Columbia, they did not. Therefore, the cited cases have no precedential value on the issue whether "State court" includes the Superior Court of the District of Columbia. "Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not considered as having been so decided as to constitute precedents." *Webster v. Fall*, 266 U.S. 507, 511 (1925).

The Government contends that the court should look to the removal provisions of the Code, 28 U.S.C. §§ 1441-1452, for the definition of "State court". The argument is mistaken for at least two reasons. First, § 2679(d)(2) is not about merely removal; it is principally about the power of the Attorney General to make a certificate concerning scope of employment. Moreover, that certificate has the effect of not only mandating removal, but also *substitution* of the United States for the defendant employee. *Cf. Haddon v. United States*, 68 F.3d 1420 (D.C. Cir. 1995) ("Since the Westfall Act deals specifically with lawsuits brought against federal employees, we have no need to rely upon the general remand statute to resolve this issue."). Second, 28 U.S.C. § 1451, which provides that the "term 'State court' includes the Superior Court of the District of

---

1  The first sentence of § 2679(c) provides (emphasis added): "The Attorney General shall defend any civil action or proceeding brought in *any court* against any employee of the Government or his estate for any such damage or injury."

2  *Haddon v. United States*, 68 F.3d 1420 (D.C. Cir. 1995); *Hudert v. Alion Science & Tech. Corp.*, No. 05-CV-545, 429 F. Supp. 2d 99, 106 (D.D.C. April 18, 2006); *Majano v. Kim*, No. 04-CV-201, 2005 WL 839546 (D.D.C. April 11, 2005).

Columbia," is explicitly limited to the "purposes of this chapter", that is chapter 89, §§ 1441-1452. Thus, by its terms, it excludes the remainder of the Code, including the FTCA. The cases cited by the Government in this connection do not provide it any assistance. In each case, the court simply looked to the removal provisions for guidance on *procedural* matters. *See Anthony v. Runyon*, 76 F.3d 210, 214 (8th Cir. 1996) (applying § 1446(d) to hold that removal was effected as of the date the notice of removal was filed in the State court); *Mitchell v. Carlson*, 896 F.2d 128, 131 (5th Cir. 1990) (holding that § 1447 precluded review of the district court's remand order, but *not* of the court's order overturning the substitution of the United States for the individual employee), *accord, e.g.*, *Kimbro v. Velten*, 30 F.3d 1501 (D.C. Cir. 1994).

Finally, the Government correctly notes that Congress has, in numerous places throughout title 28—though not in connection with the FTCA, explicitly defined the term "State" to include the District of Columbia and "State court" to include the Superior Court. Opposition at 7 (citing 28 U.S.C. §§ 1332(e),[1] 1343(b)(1),[2] 1367(e),[3] 1369(e).[4]) From that unimpeachable premise, the Government reaches the odd conclusion that it would be "illogical" to suppose that Congress meant to limit the scope of that term to actual States when Congress *did not* add such a definition. Applying the ordinary canons of legal construction, however, the conclusion is inescapable that Congress, having demonstrated repeatedly its ability to define "State" to include

---

1  "The word 'States', *as used in this section*, includes the Territories, the District of Columbia, and the Commonwealth of Puerto Rico." The definition was first included in 1948 when the present codification was enacted.
2  Public Law 96-170, 93 Stat. 1284 (Dec. 29, 1979), added subsection (b):
   *For purposes of this section—*
      (1) the District of Columbia shall be considered to be a State; and
      (2) any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.
3  "*As used in this section*, the term 'State' includes the District of Columbia, the Commonwealth of Puerto Rico, and any territory or possession of the United States." Pub. L. 101-650, title III, § 310(a), 104 Stat. 5113 (Dec. 1, 1990).
4  1369(c)(5): "*For purposes of this section* ... the term 'State' includes the District of Columbia, the Commonwealth of Puerto Rico, and any territory or possession of the United States." Pub. L. 107-273, div. C, title I, § 11020(b)(1)(A), 116 Stat. 1826 (Nov. 2, 2002).

the District of Columbia, must have meant to *exclude* the District of Columbia by not providing a comparable definition in the FTCA.

In fact, Congress has shown itself perfectly capable of establishing definitions for broad portions of the Code—even for the entire Code. *See, e.g.*, 1 U.S.C. ch. 1, §§ 1-8 (defining terms for entire Code); 28 U.S.C. § 451 (defining terms "As used in this title," including the term "court of the United States", but not the term "State court"). In no case, however, has Congress shown itself inclined to make the term "State" generally encompass the District of Columbia. It is not for the Government or this court to do what Congress has clearly declined to do itself.

Dated: July 20, 2006

>Respectfully submitted,
>
>
>Michael F. Wasserman
>Plaintiff, *pro se*
>D.C. Bar No. 442898
>9355 Tovito Dr.
>Fairfax, VA 22031-3824
>(703) 591-0807
>mfwddc@gmail.com

## NOTE REGARDING FILING AND SERVICE

On July 10, 2006, plaintiff was issued a CM/ECF password. Therefore, this paper is being filed and served using the court's CM/ECF system. *See* Local Civil Rule 5.4(a): "Except as otherwise provided in this Rule 5.4, all documents to be filed with the Court must be filed by electronic means in a manner authorized by the Clerk." *Id.*, Rule 5.4(e)(3): "A party appearing pro se shall file documents in paper form with the Clerk ... *unless the pro se party has obtained a CM/ECF password.*" (Emphasis added.)