**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MICHAEL F. WASSERMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-1005    (RWR) |
| | ) |
| UNITED STATES OF AMERICA, <u>et</u> <u>al.</u>, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**<u>DEFENDANTS' MOTION TO DISMISS</u>**

Defendants, the United States of America and Denise Rodacker,[1] by undersigned counsel,

respectfully move the Court to dismiss plaintiff's action, pursuant to Rules 12(b)(1) and 12(b)(6)

of the Federal Rules of Civil Procedure, for lack of subject matter jurisdiction and failure to state

a claim upon which relief can be granted.  In support of this motion, the Court is respectfully

referred to the accompanying memorandum of points and authorities.

Respectfully submitted,

/s/
KENNETH L. WAINSTEIN, DC Bar #451058
United States Attorney

/s/
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney

/s/
MARIAN L. BORUM, DC Bar #435409
Assistant United States Attorney

---

[1]Denise Rodacker is a United States Park Police Officer.  She is being sued in her individual capacity.  <u>See</u> Complaint, Caption.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MICHAEL F. WASSERMAN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Civil Action No. 06-1005    (RWR) |
| | ) |
| **UNITED STATES OF AMERICA, <u>et</u> <u>al.</u>,** | ) |
| | ) |
| **Defendants.** | ) |
| _____ | ) |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF <u>DEFENDANTS' MOTION TO DISMISS</u>

### I. <u>INTRODUCTION</u>

Defendants, through undersigned counsel, respectfully submit the following

Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss.

In this action, plaintiff claims that United States Park Police Officer Denise Rodacker, while

acting under color of law, "assaulted, battered and imprisoned [him] against the laws of the . . .

District [of Columbia] and the Constitution of the United States."  Complaint, ¶ 2.  Plaintiff's

claims are without merit.  Plaintiff has not alleged the timely exhaustion of administrative

remedies in order to pursue a claim under the Federal Tort Claims Act thereby depriving the

Court of jurisdiction over the common law claims.  In addition, with respect to the constitutional

claims, Officer Rodacker is entitled to qualified immunity for actions taken in her individual

capacity.  Therefore, plaintiff has failed to state a claim upon which relief can be granted, and his

claims should be dismissed.

## II.  STANDARD OF REVIEW

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is

appropriate if it "appears beyond a reasonable doubt that Plaintiff can prove no set of facts in

support of his claim which would entitle [him] to relief."  See Conley v. Gibson, 355 U.S. 41,

45-46, (1957); Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1117 (D.C. Cir. 2000).  The

Court must treat the Complaint's factual allegations as true, Leatherman v. Tarrant County

Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 164 (1993), and must grant Plaintiff

"the benefit of all inferences that can be derived from the facts alleged." Schuler v. United States,

617 F.2d 605, 608 (D.C. Cir. 1979).  However, "the Court need not accept inferences drawn by

the plaintiff if those inferences are unsupported by the facts alleged in the complaint, nor must

the Court accept the plaintiff's legal conclusions."  Akintomide v. United States, 99-MS-0055

(PLF), 2000 WL 1693739, at *1 (D.D.C. Oct. 31, 2000) (citing National Treasury Employees

Union v. United States, 101 F.3d 1423, 1430 (D.C. Cir. 1996); Kowal v. MCI Communication

Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994)).

Generally speaking, the Court should not consider matters beyond the pleadings without

converting the motion to dismiss into a motion for summary judgment.  See Fed. R. Civ. P.

12(b)(6).  However, there are important exceptions to this general principle.  One such exception

applies here: the Court may properly take judicial notice of court records without converting a

motion to dismiss into a motion for summary judgment.  E.g., Baker v. Henderson, 150 F.

Supp.2d 17, 19 n.1 (D.D.C. 2001) ("in determining whether a complaint fails to state a claim, the

court may . . . take judicial notice of matters of a general public nature, such as court records,

without converting the motion to dismiss into one for summary judgment."); Himmelman v. MCI

Communications, 104 F. Supp. 2d 1, 3 (D.D.C. 2000) ("The court may consider [on a motion to dismiss] the allegations of the complaint, documents attached to or specifically referred to in the complaint, and matters of public record.").

In deciding a motion under Rule 12(b)(1), the Court may also go beyond the allegations in the complaint. This is because a motion under Rule 12(b)(1) "calls into question the court's power to hear the plaintiff's claim . . . and therefore imposes upon [a] court[] an affirmative obligation to ensure that [it is] acting within the scope of [its] jurisdictional power." 5A Wright & Miller, Federal Practice & Procedure 2d § 1350; see also District of Columbia Retirement Bd. v. United States, 657 F.Supp. 428, 431 (D.D.C. 1987). Accordingly, the Court need not limit itself to the allegations of the complaint in deciding a 12(b)(1) motion. See Hohri v. United States, 782 F.2d 227, 241 (D.C. Cir. 1986), vacated on other grounds, 482 U.S. 64 (1987). Instead, "the Court may consider the complaint supplemented by undisputed facts evidenced in the record . . . plus the Court's resolution of disputed facts." Herbert v. Nat'l Acad. of Sciences, 974 F.2d 192, 197 (D.C. Cir. 1992); Coalition for Underground Expansion v. Mineta, 333 F.3d 193, 198 (D.C. Cir. 2003).

### III.  FACTUAL BACKGROUND

On Sunday, February 20, 2005, United States Park Police ("USPP") Officer Denise Rodacker was on routine patrol in Montrose Park,[1] in the northwest quadrant of Washington, D.C. See Arrest/Prosecution Report ("Exhibit 1"). While on patrol, Officer Rodacker observed two dogs running without leashes. Id. District of Columbia Municipal Regulation §24-900.3

---

[1] Montrose Park is under the jurisdiction of the National Park Service ("NPS") and exclusive law enforcement jurisdiction of the USPP.

provides a criminal penalty for permitting a dog to run at large without a leash in the District of

Columbia, unless it is within the boundaries of an official city recognized dog park.[2]  The

individual who was with the dogs was Michael Wasserman ("plaintiff").  Upon Officer

Rodacker's arrival, plaintiff glanced in her direction and turned down a walking path.  Id.  The

two dogs followed him.  Id.  Because plaintiff was violating the law, Officer Rodacker walked

down the path behind plaintiff.  Id.  Plaintiff began walking very fast, creating a distance of

approximately 100 feet between him and the officer.  Id.  Officer Rodacker had to run to get

closer to plaintiff.  Id.  She called out for him to stop.  Id.  The plaintiff continued walking away

while calling out over his shoulder, "I don't want to talk to you."  Id.  Officer Rodacker

demanded that plaintiff stop to address her.  Id.  Plaintiff shouted, "I don't have to talk to you and

continued to briskly walk away from her.  Id.  Officer Rodacker gave plaintiff a final opportunity

to comply with her orders, and told him to "Stop now."  Plaintiff did not stop, but at this point,

he was within arm's reach of Officer Rodacker, so she reached out and took hold of his left upper

arm.  Id.  Plaintiff attempted to pull his arm out of the grip of Officer Rodacker.  Id.  Officer

Rodacker had to forcefully pull plaintiff's arms around to his back to secure them properly.

Officer Rodacker then placed plaintiff under arrest for violating D.C. Municipal Regulation 24-

900.3, "Dogs Off Leash,"[3] and D.C. Code §22-405, "Assault on a Police Officer."[4]  Id.  As

---

[2]In addition, National Park Service Regulation 36 C.F.R. §2.15(a)(2) requires that, while
on NPS property, all pets be restrained on a leash not exceeding six (6) feet at all times.

[3]  Title 24, District of Columbia Municipal Regulation, Section 900.3 provides:

No person owning, keeping or having custody of a dog in the District shall permit
the dog to be on any public space in the District, other than a dog park . . . unless
the dog is firmly secured by a substantial leash.  The leash shall be held by a
person capable of managing the dog.

Officer Rodacker placed the plaintiff in handcuffs, he started yelling to attract the attention of an individual in the park whom plaintiff appeared to know.  Id.  At plaintiff's request, this person took custody of the two dogs.  Id.  Plaintiff was transported to USPP District 3, Rock Creek Park Substation, for processing.  Id.

On Monday, February 21, 2005, plaintiff appeared for presentment before a District of Columbia Magistrate Judge.  He was arraigned on two counts of "Dogs Off Leash," in violation of 24 D.C.M.R. §900.3,[5] and a court date was set.  On May 23, 2005, plaintiff entered into an agreement with the District of Columbia Attorney General's Office in which plaintiff posted a security and forfeited his right to seek adjudication on the Dog Off Leash charges.[6]  See District of Columbia Superior Court Post and Forfeit Receipt dated May 23, 2005 ("Exhibit 2").

---

Title 24, District of Columbia Municipal Regulation, Section 900.9 provides:

Any person violating an provision of §§ 900.1 through 900.6 shall be punished by a fine of not more than three hundred dollars ($300), or by imprisonment not exceeding ten (10) days.

[4]  Title 22, District of Columbia Code, Section 405(a) provides:

Whoever without justifiable and excusable cause, assaults, resists, opposes, impedes, intimidates, or interferes with any officer or member of any police force operating in the District of Columbia . . . shall be fined not more than $5,000 or imprisoned not more than 5 years, or both.  It is neither justifiable nor excusable cause for a person to use force to resist an arrest when such arrest is made by an individual he or she has reason to believe is a law enforcement officer, whether or not such arrest is lawful.

[5]The Assault on a Police Officer charge was "no papered."

[6]  The "Post-and-Forfeit Procedure" permits a person charged with certain misdemeanors to "post and forfeit an amount as collateral . . . and thereby obtain full and final resolution of the criminal charge."  5 D.C. Code § 335.01.

5

On February 21, 2006, plaintiff filed the instant complaint in District of Columbia Superior Court. Plaintiff designated Officer Rodacker as the sole defendant. Because several of the allegations were common law torts, and are only proper against the United States pursuant to the Federal Tort Claims Act , 28 U.S.C. §2671 *et seq*., the United States filed a Notice of Removal to this Court. See Docket Entry No. 1.

On April 14, 2006, USPP Officer Debyn Brown was patrolling in Montrose Park, N.W., Washington, D.C. See Criminal Incident Record, dated April 14, 2006 ("Exhibit 3"). While there, Officer Brown observed plaintiff with a dog off leash. Id. Officer Brown notified plaintiff that she was issuing him a citation for having a dog off leash. Id. As Officer Brown requested information needed for the citation and police report, plaintiff became combative and belligerent. Id. When Officer Brown asked plaintiff for his social security number, plaintiff told her that she did not have the authority to ask him for that information and said, "Why don't you go f— yourself." Id. Officer Brown called for assistance from a supervisor. Id. She told plaintiff that he had the option of complying with her request or being arrested. Id. Plaintiff attempted to walk in the opposite direction, and Officer Brown ordered him to stop. Id. Officer Brown ordered plaintiff to place his hands behind his back, and she placed him in handcuffs. Id. Sergeant Lachance arrived and plaintiff provided the requested information. Id. Plaintiff was issued a $25.00 citation. Id. He left the scene without further incident. Id.

On April 29, 2006, plaintiff arrived at USPP District 1, Central Station. Plaintiff indicated to the desk officer, Officer Christina Evans, that he wanted to pay his ticket.[7] See

---

[7]This was the Dog Off Leash citation that had been issued by Officer Brown.

Arrest/Prosecution Report dated April 29, 2006 ("Exhibit 4").  Plaintiff handed Officer Evans

two twenty dollar ($20.00) bills.  Id.  Officer Evans took the money, processed the ticket, and

returned with fifteen dollars ($15.00) change and a receipt.  Id.  As Officer Evans handed

plaintiff his change, he became hostile and yelled, "I never agreed to forfeit.  I want to get a court

date."  Id.  See Supplemental Criminal Incident Report dated July 1, 2006 ("Exhibit 5").  Officer

Evans attempted to explain to plaintiff that she had misunderstood him, and that she easily could

go back and get him a court date.  See Exhibit 5.  However, before she could finish her

explanation, plaintiff began shouting that he wanted a supervisor.  Id.  As Officer Evans walked

to get USPP Sergeant Jonathan Hofflinger, plaintiff yelled, "b--ch."  Id.  Sergeant Hofflinger

spoke to plaintiff while Officer Evans went to the back of the station to retrieve a court date for

plaintiff.[8]  Id.  Plaintiff was issued a court date for July 6, 2006.  Id.  See Citation to Appear dated

April 29, 2006 ("Exhibit 7").

On May 29, 2006, USPP Officer Gary Fuller was patrolling Montrose Park, N.W.,

Washington, D.C.  See Criminal Incident Record dated May 29, 2006 ("Exhibit 8").  While there,

a dog that was with plaintiff ran towards Officer Fuller and began barking and growling at him.

Id. Officer Fuller informed plaintiff that his dog should be on a leash at all times while in the

park.  Id.  Further, there were signs posted indicating the same.  Id.  Officer Fuller issued plaintiff

a citation for violating 24 D.C.M.R. §900.3, Dog Off Leash.  Id.

---

[8]Sergeant Hofflinger asked the plaintiff why he called Officer Evans an obscenity.  The
plaintiff responded "I said it under my breath…she wasn't supposed to hear it."  See
Supplemental Criminal Incident Record of J. Hofflinger ("Exhibit 6").  Officer Sergeant
Hofflinger told plaintiff that his language was inappropriate.  Plaintiff told the sergeant that "he
could say anything that he wanted because it was his First Amendment right to free speech and if
he wanted to use profanity he could."  Id.

## IV.  ARGUMENT

### A.    Plaintiff's Common Law Claims Are Barred By the Federal Tort Claims Act.

Title 28, United States Code, Section 2679(d)(1) provides:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court <u>shall</u> be deemed an action against the United States under the provisions of this title and all references thereto, and the United States <u>shall</u> be substituted as the party defendant.

28 U.S.C. § 2679(d)(1) (emphasis added).  When the Attorney General or his designee certifies that an individually-sued federal defendant was acting within the scope of his or her employment, it has the following two effects: (1) it requires the substitution of the United States for the federal employee as the defendant in the lawsuit for tort allegations; and (2) it converts the lawsuit into an action against the United States under the Federal Tort Claims Act ("FTCA").  <u>See</u> 28 U.S.C. §§ 1346(b), 2671 <u>et</u> <u>seq</u>.; <u>see also</u> <u>Haddon v. United States</u>, 68 F.3d 1420, 1423 (D.C. Cir. 1995); <u>Vanover v. Hantman</u>, 77 F.Supp.2d 91, 97 (D.D.C. 1999).

The FTCA is a limited waiver of sovereign immunity for certain monetary claims against the United States.  However, absent full compliance with the conditions placed upon waiver of that immunity, the Court lacks jurisdiction to entertain tort claims against the United States. <u>GAF Corp. v. United States</u>, 818 F.2d 901, 904 and n.86 (D.C. Cir. 1987).  One such condition is contained in 28 U.S.C. § 2675(a), which provides:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim

shall have been finally denied by the agency in writing and sent by certified or
registered mail.

28 U.S.C. § 2675(a); see GAF Corp., 818 F.2d at 904 n.7.  This requirement is jurisdictional and

cannot be waived.  Hohri, 782 F.2d at 245-46.  See Bellecort v. United States, 994 F.2d 427, 430

(8th Cir. 1993) ("[p]resentment of an administrative claim is jurisdictional and must be pleaded

and proven by the FTCA claimaint.").  Therefore, an action cannot be maintained under the

FTCA where the complaint is filed before the administrative remedies have been exhausted.

McNeil v. United States, 508 U.S. 106, 112-13 (1993).  Moreover, procedural prerequisites in

Section 2675(a) must be strictly construed inasmuch as the FTCA constitutes a waiver of

sovereign immunity.  Lann v. Hill  436 F. Supp. 463, 468 (W.D. Okla. 1977).

Here, plaintiff has not alleged the timely exhaustion of administrative remedies as

required.  See 28 U.S.C. § 2675.  Because plaintiff has not done so, he has failed to allege facts

that would state a claim within the jurisdiction of this Court, and his tort claims must be

dismissed.  See McNeil, 508 U.S. at 112-13 (where claimant commenced FTCA action prior to

resolution of the administrative claim but before substantial progress was made in litigation,

pursuant to Section 2675(a), Court dismissed claims as premature).  See also Altman v.

Connally, 456 F.2d 1114, 1116 (2d Cir. 1972) ("Insofar as the complaint seeks recovery from the

United States in tort, it was also deficient in that, apart from other considerations, it failed to

allege the presentation of a claim to the appropriate Federal agency and a final disposition of the

claim by that agency."); Clayton v. Pazcoquin, 529 F. Supp. 245, 247-48 (W.D. Pa. 1981)

(dismissing for lack of jurisdiction, inter alia, because "the complaint does not allege that an

administrative claim was presented to the Federal agency"); Campbell v. United States, 496 F.

Supp. 36, 38 (E.D. Tenn. 1980) ("The complaint herein is deficient, in that it fails to aver that the

required administrative procedures were timely commenced and that there has been a final

disposition of the administrative claim by the appropriate agency or agencies.").

**B. Plaintiff's Constitutional Claims Are Without Merit**

_____Plaintiff's constitutional claims against Officer Rodacker are based upon actions the

officer took while exercising her discretion as a USPP officer.  The Supreme Court has stated in

Harlow v. Fitzgerald, 457 U.S. 800, 817-18 (1982), that "government officials performing

discretionary functions generally are shielded from liability for civil damages insofar as their

conduct does not violate clearly established statutory or constitutional rights of which a

reasonable person would have known." Id., citing Procunier v. Navarette, 434 U.S. 555, 565

(1978); Wood v. Strickland, 420 U.S. 308, 322 (1975); accord, Wilson v. Layne, 526 U.S. 603,

609 (1999); Crawford-El v. Britton, 523 U.S. 574, 587-88 (1998).  "'[C]learly established' for

purposes of qualified immunity means that '[t]he contours of the right must be sufficiently clear

that a reasonable official would understand that what he is doing violates that right.'"  Id. at 615,

quoting Anderson v. Creighton, 483 U.S. 635, 640 (1987).

Here, plaintiff fails to allege specific constitutional violations.  Plaintiff claims only that

Officer Rodacker, "without actual or lawful authority, intentionally, maliciously and without

privilege assaulted, battered and imprisoned plaintiff against the laws of the . . . District and the

Constitution of the United States."  Complaint ¶2.  He also claims that Officer Rodacker

"maliciously and without probable cause complained against plaintiff and caused a criminal

prosecution to be instituted against [him]."  Complaint ¶ 3.  Defendants construe plaintiff's

claims to allege violations of the Fourth Amendment pursuant to <u>Bivens</u>.[9]  Specifically, that

Officer Rodacker did not have probable cause to arrest him and used excessive force against

him.[10]

Probable cause is established when there are "facts and circumstances sufficient to

warrant a prudent [officer to] believe that the [suspect] had committed or was committing an

offense." <u>Gerstein v. Pugh</u>, 420 U.S. 103, 111 (1975).  Here, Officer Rodacker observed plaintiff

walking two dogs without leashes in violation of 24 D.C.M.R. § 900.3.  A warrantless arrest of

an individual in a public place for a misdemeanor, even a very minor misdemeanor, committed in

the officer's presence is reasonable under the Fourth Amendment where supported by probable

cause.  <u>Atwater v. Lago Vista</u>, 532 U.S. 318, 354 (2001).  Further, D.C. Code §23-581 provides

that a law enforcement officer may arrest without a warrant any person who she has probable

cause to believe has committed or is committing an offense in her presence.  D.C. Code §23-

581(a)(1)(B).

When Officer Rodacker attempted to stop plaintiff, he repeatedly ignored her orders.

When Officer Rodacker caught up to plaintiff, she took hold of his arm.  Plaintiff then attempted

to pull his arm away from her grasp.  By doing so, plaintiff resisted her in violation of 22 D.C.

Code § 405(a).  The District of Columbia Circuit has held that citizens have an affirmative

obligation to comply with the lawful orders of law enforcement, and any refusal to cooperate or

---

[9]<u>See</u> <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S.
388 (1971).

[10]Such claims should be analyzed under the Fourth Amendment.  <u>See</u> <u>Maryland v.
Pringle</u>, 540 U.S. 366, 371 (2003); <u>Graham v. Connor</u>, 49 U.S. 386, 394 (1989).

obey an order constitutes interference with the performance of the officer's official duties and is

an arrestable offense.  Rogala v. District of Columbia, 161 F.3d 44, 53-54 (D.C. Cir. 1998).

Therefore, Officer Rodacker clearly had probably cause to arrest plaintiff for violations of the

law.

In addition, Officer Rodacker did not use excessive force against plaintiff.  Fourth

Amendment jurisprudence has "long recognized that the right to make an arrest . . . necessarily

carries with it the right to use some degree of physical coercion or threat thereof to effect it."

Graham v. Connor, 490 U.S. 386, 396 (1989).  "Not every push or shove, even if it may later

seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment."  Id.  The

use of force in effectuating an arrest is to be judged "from the perspective of a reasonable officer

on the scene . . . [with] allowance for the fact that police officers are often forced to make split-

second judgments . . . about the amount of force that is necessary in a particular situation."  Id. at

396-397.  An action will only be judged unreasonable if the force used was so excessive that no

reasonable officer could have believed in the lawfulness of his actions.  Wardlaw v. Pickett, 1

F.3d 1297, 1303-04 (D.C. Cir 1993).

Based on plaintiff's resistant behavior, Officer Rodacker's use of minimal force was not

so excessive that no reasonable officer would have believed it unlawful.  See Pickett, 1 F.3d at

1304 (no unreasonable force where U.S. Marshal punched man in jaw and chest who interfered

with an arrest.).  Therefore, Officer Rodacker did not use excessive force upon plaintiff, and did

not violate his Fourth Amendment rights.

Clearly, Officer Rodacker's actions were taken within the discretion of her position, and

were fully consistent with the Constitution.  Consequently, Officer Rodacker could not have

violated any clearly-established constitutional right of the plaintiff of which a reasonable person would have known. Because Plaintiff has failed to show that Officer Rodacker's actions violated any of plaintiff's clearly established constitutional rights, Officer Rodacker is entitled to immunity from suit. See Harlow, 457 U.S. at 818; see also Crawford-El, 523 U.S. at 574 (1998); McSurley v. McClellan, 697 F.2d 309, 316 (D.C. Cir. 1982); 28 U.S.C. § 1915A (calling for the Courts to screen prisoner complaints and dismiss those which fail to state a claim for relief or which seek monetary relief from a defendant who is immune from such relief). Therefore, plaintiff has failed to state a claim upon which relief could be granted, and his constitutional claims against Officer Rodacker must be dismissed.

### C.  **Plaintiff's Claims Should Be Barred by the Doctrine of Collateral Estoppel**

The doctrine of collateral estoppel provides that "'once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation.'" Thomas v. Powell, 247 F.3d 260, 262-263 (D.C. Cir.), quoting  Montana v. United States, 440 U.S. 147, 153 (1979), cert. denied, 534 U.S. 951 (2001); see also McLaughlin v. Bradlee, 803 F.2d 1197, 1201-02 & n. 1 (D.C. Cir.1986).   The purpose of the doctrine of collateral estoppel is to promote judicial economy by preventing needless litigation.  Consolidated Edison of NY, Inc. v. Bodman, 449 F.3d 1254, 1258 (D.C. Cir. 2006).  It mitigates the danger of surprise by precluding issues that have received the attention of the litigants.  Friedenthal, Kane & Miller,  Civil Procedure § 14.2 (1985).

Upon appearing in court, plaintiff elected to "Post-and-Forfeit," pursuant to 5 D.C. Code § 335.01, on the two charges of Dog Off Leash, 24 D.C.M.R. § 900.3.[11]  Therefore, plaintiff paid $25.00 in lieu of being criminally prosecuted for the charges.  In his complaint, plaintiff states that "[t]he criminal prosecution instituted against [him] was resolved favorably to plaintiff without an adjudication of guilt."  Complaint ¶ 4.  However, this statement is quite misleading. While the resolution of a criminal charge using the post-and-forfeit procedure is not a conviction of a crime, see 5 D.C. Code § 335.01(b), it is not an exoneration of guilt.  According to the terms of the statute, it is "a full and final resolution of the criminal charge."  5 D.C. Code § 335.01(a). The statute prevents a court of the District of Columbia from relying upon it "to impose any sanction, penalty, enhanced sentence, or civil disability," 5 D.C. Code § 335.01(b).  However, the defendants here are not seeking to rely upon the statute do so.  Rather, the defendants are merely seeking to prevent plaintiff from using the fact that he "posted and forfeited" as both a shield and a sword.  As a shield, plaintiff benefits from the use of the procedure to preclude a finding of guilt in a case in which there was a finding of probable cause, see Gerstein Proffer ("Exhibit 9")[12], and would likely have resulted in a finding of guilt.[13]  As a sword, plaintiff uses the

---

[11]The "Post-and-Forfeit" procedure allows "a person charged with certain misdemeanors [to] simultaneously post and forfeit an amount as collateral . . . and thereby obtain a full and final resolution of the criminal charge."  5 D.C. Code § 335.01(a).

[12]A Gerstein proffer is "a document used by prosecutors to establish probable cause at the defendant's initial appearance before the court following his arrest."  Littlejohn v. United States, 705 A.2d 1077, 1080 (D.C 1997).  See Gerstein v. Pugh, 420 U.S. 103 (1975).

[13]In an affidavit prepared by plaintiff dated September 20, 2005 , plaintiff did not contest that he was walking his dogs in the park, that he walked away from Officer Rodacker, or that the dogs were unleashed.  See Affidavit of Michael Wasserman ("Exhibit 10") p. 1.  Rather, plaintiff indicated that the officer had to run to catch up with him, and that the dogs were "under [his] immediate control."  Id.

procedure to claim that "the case was resolved favorably," and then file a complaint demanding $10,000 from the arresting officer.

Upon appearing in court, plaintiff had a full and fair opportunity to litigate the matter, but instead chose to forfeit that right. Permitting plaintiff to now claim that the matter was "resolved favorably" would allow plaintiff to subvert the purpose of the doctrine of collateral estoppel, and work a basic unfairness to Officer Rodacker. In addition, an undesirable precedent would be created if all individuals arrested for misdemeanors were permitted to post-and-forfeit and then bring civil suit against the officers who arrested them.[14]

Plaintiff's complaint is based upon his arrest for violating the Dog Off Leash Law. The complaint concerns the same issues, parties and facts as those addressed when plaintiff appeared before court and posted-and-forfeited on the charges. Under the post-and-forfeit statute, there was "a full and final determination of the criminal charge." 5 D.C. Code § 335.01(a). Therefore, according to the doctrine of collateral estoppel, the issues already were determined by a court, and that determination should be conclusive in this subsequent suit. See Thomas v. Powell, 247

---

[14]An argument could be made that plaintiff's prior case was not a judgment on the merits. However, in certain circumstances, a court's decision may be given preclusive effect independent of the merits of the underlying claim. See Freidenthal, Civil Procedure at § 14.7. For instance, a court's decision to dismiss a matter for lack of jurisdiction, see Fed.R.Civ. P. 12(b)(1), is given preclusive effect independent of the merits of the underlying claim. Id. Further, in actions which result in involuntary dismissals under Fed.R.Civ.P. 41(b), the dismissals are deemed to be on the merits unless the trial court specifies otherwise. Id. citing Castro v. Arkansas-Louisiana Gas Co., 597 F.2d 1323 (10th Cir. 1979). Similarly, a consent judgment, which is issued based upon an agreement between the parties to settle a matter, is deemed a judgment on the merits. Id. "It is aimed at ending the litigation with a judgment that is enforceable." Id.

F.3d at 262-263.  Therefore, plaintiff's monetary claim against Officer Rodacker should be

barred.[15]

---

[15]Plaintiff's claim should also be barred by the one-year statute of limitations which governs Bivens claims.  See Bivens, 403 U.S. at 388.  When a federal action contains no statute of limitations, courts will ordinarily look to analogous provisions in state law as a source of a federal limitations period.  See, e.g., Burnett v. Grattan, 468 U.S. 42 (1984);  Johnson v. Railway Express Agency, Inc., 421 U.S. 454, 464 (1975); Brown v. United States, 742 F.2d 1498, 1503 (D.C. Cir. 1984) (en banc).  In Doe v. DOJ, the District of Columbia Circuit Court applied the District of Columbia's one-year statute of limitations governing defamation actions in plaintiff's Bivens suit.  753 F.2d 1092, 1114 & n.28 (D.C. Cir. 1985).  See D.C. Code § 12-301(4).  The District of Columbia statute of limitations provision reads, in relevant part: "[e]xcept as otherwise specifically provided by law, actions for the following  purposes may not be brought after the expiration of the period specified below from the time the right to maintain the action accrues: . . . for . . .  slander, assault, battery, . . . malicious prosecution, false arrest or false imprisonment -- 1 year . . . .  See D.C. Code § 12-301(4). Consistent with the Court's ruling in Doe, the one-year limitations period should be applied here.  The action which plaintiff challenges occurred on February 20, 2005.  However, plaintiff did not file his complaint until February 21, 2006, see Complaint, p. 1, District of Columbia Superior Court Civil Clerk's Office Date Stamp ("Exhibit 11").  Therefore, plaintiff is beyond the one year limitations period and his claim is subject to dismissal as untimely.

Defendants recognize that the Supreme Court has reached a different conclusion in addressing Section 1983 actions.  See Wilson v. Garcia, 471 U.S. 261, 271-72 (1985) (applying statutory construction principles to Section 1983 and concluding that the personal injury limitations period would presumably apply).  A Bivens action, however, is not created by statute and plaintiffs' claims are most like those described in D.C. Code § 12-301(4). See Banks v. Chesapeake and Potomac Telephone Co., 802 F.2d 1416, 1429,  (D.C. Cir. 1986).  Defendant submits that the one-year statute of limitations period should be applied until the District of Columbia adopts a separate limitations period for Bivens claims.  See Banks, 802 F.2d at 1429.

___

## V. __CONCLUSION__

For the foregoing reasons, the Defendants' Motion to Dismiss should be granted.

Respectfully submitted,


/s/_____
KENNETH L. WAINSTEIN, DC Bar #451058
United States Attorney


/s/_____
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney


/s/_____
MARIAN L. BORUM, DC Bar #435409
Assistant United States Attorney
555 Fourth Street, N.W. - Civil Division
Washington, DC  20530
(202) 514-6531
Counsel for Defendant

17

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that, on this 31st day of July, 2006,  service of the foregoing

Defendants' Motion to Dismiss and Memorandum of Points and Authorities in support thereof

has been made by the U.S. District Court Electronic Filing System and by mailing copies thereof

to:

    Michael Wasserman
    9355 Tovito Drive
    Fairfax, Virginia 22031-3824


                /s/_____
                MARIAN L. BORUM
                Assistant United States Attorney

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **MICHAEL F. WASSERMAN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) Civil Action No. 06-1005   (RWR) |
| | ) |
| **UNITED STATES OF AMERICA, <u>et</u> <u>al.</u>,** | ) |
| | ) |
| **Defendants.** | ) |
| _____ | ) |

<u>**ORDER**</u>

This matter is before the Court on defendants' Motion to Dismiss.  Upon consideration of this

Motion and the entire record of this case, it is this _____ day of _____, 2006,

**ORDERED** that Defendants' Motion to Dismiss should be and hereby is GRANTED.

_____
UNITED STATES DISTRICT JUDGE

Copies to:

    Marian L. Borum
    Assistant United States Attorney
    Judiciary Center Building
    555 Fourth Street, N.W. - Civil Division
    Washington, DC  20530

    Michael Wasserman
    9355 Tovito Drive
    Fairfax, Virginia 22031-3824