UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Michael F. Wasserman

      vs.                                    Civil Action No. 1:06-cv-01005-RWR

Denise Rodacker.

**MOTION FOR RULING ON WHETHER DEFENDANTS' MOTION TO DISMISS (DOCKET #17) WILL BE CONVERTED TO A MOTION FOR SUMMARY JUDGMENT
AND POINTS AND AUTHORITIES IN SUPPORT**

Pursuant to Rule 12(b), Fed. R. Civ. P., plaintiff, Michael F. Wasserman, requests a ruling on whether Defendants' Motion to Dismiss (Docket #17) will be converted to a motion for summary judgment and that a schedule for briefing the motion be fixed accordingly. Under "Rule 12(b)(6), a court need not consider matters outside the pleadings at all. But once it decides to consult such matters it should so inform the parties and set a schedule for submitting additional affidavits and documents if the parties wish." *Gordon v. National Youth Work Alliance*, 675 F.2d 356, 361 (D.C. Cir. 1982). A draft order containing a proposed schedule is attached to this motion.

The Defendants' Motion to Dismiss filed in this case is in two branches. The first branch asserts that the court lacks subject-matter jurisdiction to the extent the action is deemed one against the United States under the Federal Tort Claims Act ("FTCA"),[1] on the ground that prior exhaustion of administrative remedies is jurisdictional. The second branch of the motion principally relies on matters outside the pleading to support the contention that defendant Denise Rodacker is entitled to qualified immunity.[2] Because the motion is made under Rule 12(b)(6), but

---

1  Codified as amended at 28 U.S.C. §§ 1346(b), 2402, 2671-2680.
2  Opposing counsel also contends that the action is barred by the statute of limitations and collateral estoppel. Mem. at 13-16 & n.15. Those contentions are frivolous. In support of the statute of limitations argument, opposing counsel notes that the arrest was on February 20, 2005 and the Complaint was filed on February 21, 2006. Mem. at 16 n.15. Opposing counsel has overlooked the fact that February 20, 2006, was Washington's Birthday; therefore, Rule 6(a) extended the time for filing until the following day. *See, e.g.*, *Banks v. Chesapeake & Potomac Tel. Co.*, 256 U.S. App. D.C. 22, 24, 802 F.2d 1416, 1418 (1986); *Easter Seal Society v. Berry*, 627 A.2d 482 (D.C. 1993); *Poole v. Lowe*, 615 A.2d 589, 592 n.6 (D.C. 1992). *(footnote continued next page)*

presents "matters outside the pleading," it may be converted to one for summary judgment if the outside matters are "not excluded by the court." Fed. R. Civ. P. 12(b).[1]

If the Motion to Dismiss is treated as one for summary judgment, then defendant Rodacker should be required to file a "statement of material facts as to which the moving party contends there is no genuine issue," as provided for in Local Rules 7(h) and 56.1. Accordingly, the proposed order provides for the filing of such a statement.

In this jurisdiction, a party opposing summary judgment must move to strike any materials offered in support of the motion that the party contends are not proper under Rule 56; otherwise, the party's objections are waived. *Humane Soc'y v. Babbitt*, 46 F.3d 93, 96 n.5 (D.C. Cir. 1995); *Canady v. Erbe Elektromedizin GmbH*, 384 F. Supp. 2d 176, 180 (D.D.C. 2005). In this case several of the documents attached to Defendants' Motion to Dismiss are neither in the form of affidavits, nor supported by affidavits, nor self-authenticating documents, nor matters subject to judicial notice,[2] as required by Rule 56(e). Furthermore, several of those documents present allegations that appear immaterial to the issues raised in the motion—and, indeed, to the action.[3]

---

 In support of the collateral estoppel argument, opposing counsel necessarily acknowledges that a judicial decision is requisite. Motion at 13 & 15 n.14; *see also, e.g.*, 18A CHARLES A. WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 4443 (2d ed. 2002). However, counsel does not (and cannot) point to any *judicial* decision regarding the subject matter of this action. Instead, counsel relies on the *prosecutor's* decision to enter a nolle prosequi in exchange for plaintiff's posting and forfeiting $25 security. In such cases, D.C. Code § 5-335.01(b) (2005) specifically provides the resolution is *not* a judgment: "The resolution of a criminal charge using the post-and-forfeit procedure is not a conviction of a crime *and shall not be equated to a criminal conviction*." (Emphasis added.) Moreover, rather than estopping plaintiff from litigating the merits of the underlying arrest, subsection (d)(7) of the statute explicitly recognizes that a defendant may seek to have his arrest record sealed pursuant to Rule 118 of the Superior Court Rules of Civil Procedure, by establishing that no offense was in fact committed.

 Plaintiff anticipates that those frivolous arguments will be withdrawn by opposing counsel.

1  The last sentence of Rule 56(b) provides: "If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."
2  In fact, of the 11 exhibits attached to Defendants' Motion to Dismiss, only the last three appear to conform to the requirements of Rule 56 for supporting materials.
3  Exhibits 3 through 8 to Defendants' Motion to Dismiss concern events in 2006 in which defendant Rodacker had no apparent involvement, even though the arrest and prosecution at issue in this action occurred in 2005.

Thus, plaintiff will have to file a motion to strike those documents. The motion should be resolved prior to an opposition being required, because the documents that plaintiff believes are improper and irrelevant present a multitude of allegations that plaintiff knows to be false. Should plaintiff's opposition be required before the documents are stricken, plaintiff as a precautionary matter will have to file extensive materials responding to those allegations. Therefore, to avoid needlessly burdening the record with charges and counter-charges and supporting documents, plaintiff's contemplated motion to strike should be resolved prior to plaintiff's opposition being required. Accordingly, the proposed order provides for the filing and disposition of a motion to strike preliminary to the opposition.

Dated: August 8, 2006

Respectfully submitted,

Michael F. Wasserman
Plaintiff, *pro se*
D.C. Bar No. 442898
9355 Tovito Dr.
Fairfax, VA 22031-3824
(703) 591-0807
mfwddc@gmail.com

## NOTE REGARDING FILING AND SERVICE

On July 10, 2006, the Clerk's Office issued to plaintiff, as a member of the bar of this court, a CM/ECF password. On July 31, 2006, the court granted plaintiff's motion to use the CM/ECF system in this case.[1] Therefore, this paper is being filed and served using the CM/ECF system. *See* Local Civil Rule 5.4(a): "Except as otherwise provided in this Rule 5.4, all documents to be filed with the Court must be filed by electronic means in a manner authorized by the Clerk." *Id*., Rule 5.4(e)(3): "A party appearing pro se shall file documents in paper form with the Clerk ... *unless the pro se party has obtained a CM/ECF password*." (Emphasis added.)

---

1  The court required plaintiff to complete the Clerk's CM/ECF training course. Plaintiff has registered for the August 15, 2006 course, which is the first to be offered in August.