UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Michael F. Wasserman

    vs.                        Civil Action No. 1:06-cv-01005-RWR

Denise Rodacker.

### MOTION FOR AN ENLARGEMENT OF TIME IN WHICH TO OPPOSE DEFENDANTS' MOTION TO DISMISS (DOCKET #17) AND POINTS AND AUTHORITIES IN SUPPORT

Pursuant to Rule 6(b)(1), plaintiff, Michael F. Wasserman, moves for an enlargement of time in which to file his opposition to Defendants' Motion to Dismiss (Docket #17). The Motion to Dismiss was served by mail on July 31, 2006; therefore, plaintiff's opposition is presently due on Monday, August 14. Plaintiff requests that his time for filing an opposition be enlarged to the time specified by the court in its disposition of plaintiff's pending Motion for Ruling on Whether Defendants' Motion to Dismiss Will Be Converted to a Motion for Summary Judgment (Docket #18), filed today. Doing so will save the parties and the court the trouble of collating multiple, overlapping briefs that inevitably would address many of the same issues, thereby providing for an efficient manner of resolving the preliminary issues presented by the Motion to Dismiss.

The Motion to Dismiss is affected by two pending motions. First, plaintiff has filed on this day a Motion for Ruling on Whether Defendants' Motion to Dismiss Will Be Converted to a Motion for Summary Judgment (Docket #18). In that motion, plaintiff notes that the Motion to Dismiss presents "matters outside the pleadings." *See* Rule 12(b), Fed. R. Civ. P. Accordingly, plaintiff requests a ruling on whether the motion will be converted to one for summary judgment. In the event that the court does convert the Motion to Dismiss, plaintiff proposes a schedule for (1) defendant Denise Rodacker to file a statement of facts as to which she contends there is no

genuine issue, (2) for plaintiff to file a motion to strike those materials he contends are not proper for consideration under Rule 56(e), and (3) for plaintiff to file an opposition to the main motion.

The Motion to Dismiss is also affected by plaintiff's motion to strike the scope of employment certificate and to remand the case to the Superior Court (Docket #10). The basis for that motion is plaintiff's contention that when a case is commenced in the Superior Court of the District of Columbia, the Federal Tort Claims Act ("FTCA")[1] does not authorize the substitution of the United States and removal to the district court. The government filed a timely opposition, to which plaintiff replied on July 20. Should the court rule in favor of plaintiff's contention that the FTCA does not authorize substitution of the United States in this case, the Motion to Dismiss will be moot insofar as it relates to the United States. Alternatively, should the court rule against plaintiff's contention, plaintiff contemplates arguing in opposition to the Motion to Dismiss that the common-law claims should proceed against defendant Rodacker individually because (in summary): (1) the Seventh Amendment entitles plaintiff to a jury trial on his common-law claims, (2) the waiver of sovereign immunity contained in the FTCA is inseverable from the requirement that trial in actions under the FTCA be by the court, *see* 28 U.S.C. § 2402,[2] and (3) the exclusive remedy provision of 28 U.S.C. § 2679(b)(1) is inseverable from the waiver of sovereign immunity, or, alternatively, is unconstitutional.

Therefore, plaintiff's time to respond to the Motion to Dismiss should be enlarged to the time specified by the court in its disposition of the Motion for a Ruling on Conversion.

A proposed order is attached to this motion.

---

1  Codified as amended at 28 U.S.C. §§ 1346(b), 2402, 2671-2680.
2  Section 2402 is based in part on § 410(a) of the original FTCA, which was enacted as title IV of the Legislative Reorganization Act of 1946, approved Aug. 2, 1946, ch. 753, 60 Stat. 843. *See* 28 U.S.C. § 2402, Historical and Revision Notes.

Dated: August 8, 2006

                     Respectfully submitted,

                     Michael F. Wasserman
                     Plaintiff, *pro se*
                     D.C. Bar No. 442898
                     9355 Tovito Dr.
                     Fairfax, VA 22031-3824
                     (703) 591-0807
                     mfwddc@gmail.com

**NOTE REGARDING FILING AND SERVICE**

On July 10, 2006, the Clerk's Office issued to plaintiff, as a member of the bar of this court, a CM/ECF password. On July 31, 2006, the court granted plaintiff's motion to use the CM/ECF system in this case.[1] Therefore, this paper is being filed and served using the CM/ECF system. *See* Local Civil Rule 5.4(a): "Except as otherwise provided in this Rule 5.4, all documents to be filed with the Court must be filed by electronic means in a manner authorized by the Clerk." *Id*., Rule 5.4(e)(3): "A party appearing pro se shall file documents in paper form with the Clerk ... *unless the pro se party has obtained a CM/ECF password*." (Emphasis added.)

---

1 The court required plaintiff to complete the Clerk's CM/ECF training course. Plaintiff has registered for the August 15, 2006 course, which is the first to be offered in August.