## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MICHAEL F. WASSERMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 06-1005 (RWR) |
| | ) |
| DENISE RODACKER, et al., | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM ORDER

Pro se plaintiff Michael Wasserman filed this case against United States Park Police Officer Denise Rodacker in the Superior Court of the District of Columbia on February 21, 2006, alleging that Officer Rodacker battered and imprisoned him contrary to the laws of the District of Columbia and the Constitution of the United States.  The United States Attorney's Office received the complaint on April 24, 2006, and Officer Rodacker received the complaint on May 16, 2006.  On May 31, 2006, the U.S. Attorney's Office filed in this court, pursuant to the Federal Tort Claims Act ("FTCA"), codified at 28 U.S.C. §§ 2671 et seq., a notice of removal accompanied by a certification that Rodacker was acting within the scope of her employment.  The U.S. Attorney's Office also filed a motion to amend the case caption to add the United States as a defendant[1] and a motion for an extension of time to

---

[1] Initially, the United States filed a motion to substitute itself as the defendant for Officer Rodacker.  (See Def.'s Mot.

- 2 -

respond to the complaint.  Wasserman responded to the removal

notice by filing a motion seeking to remand this case to the

Superior Court, arguing that the Superior Court is not a state

court under the FTCA, and that in any event, removal was untimely

under 28 U.S.C. § 1446(b), and that Rodacker has not filed timely

a notice of removal.  Wasserman also opposed the defendant's

motion for extension of time.

    The Superior Court is a state court for the purposes of the

FTCA and, in a case such as this one, removal may be accomplished

at any time before trial.  See Haddon v. United States, 68 F.3d

1420, 1423 (D.C. Cir. 1995) (noting that a case filed originally

in D.C. Superior Court and brought under the FTCA that later was

removed to U.S. District Court was "initially filed in state

court"); 28 U.S.C. § 2679(d)(2) ("Upon certification by the

Attorney General that the defendant employee was acting within

the scope of his office or employment at the time of the incident

out of which the claim arose, any civil action or proceeding

commenced upon such claim in a State court shall be removed

without bond *at any time before trial* by the Attorney General to

---

to Amend Case Caption at 1-2.)  Wasserman opposed this motion in
as much as it sought to remove Officer Rodacker as a defendant in
this case, explaining that his complaint alleged an action under
Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971),
against Officer Rodacker and that she was therefore a proper
defendant.  (See Pl.'s Resp. to Def.'s Mot. Amend at 1-3.)  In
light of plaintiff's response, the defendants represented that
they did not object to retaining Officer Rodacker as a party.
(See Def.'s Reply in Supp. of Mot. to Amend at 1.)

- 3 -

the district court of the United States for the district and
division embracing the place in which the action or proceeding is
pending.") (emphasis added).  Wasserman's argument that the
notice of removal was inapplicable to Rodacker because no notice
of appearance was entered properly on her behalf is hyper-
technical and if followed will result only in duplicative
litigation.  There is no need to follow such reasoning.  <u>Cf.
Thompson v. Nienaber</u>, 239 F. Supp. 2d 478, 484 (D.N.J. 2002)
(noting that a court "will avoid such a 'hypertechnical' ruling
that would inevitably lead to duplicative litigation").  The U.S.
Attorney's Office made it plain that it would be representing
Rodacker, and the removal notice will be read to apply to the
United States and Rodacker.  Finally, Wasserman alleges no
prejudice if the defendant's motion for an extension of time to
respond to the complaint were granted.  Accordingly, it is hereby

ORDERED that defendant's motion [2] to amend the case
caption be, and hereby is, GRANTED IN PART.  The United States
and Rodacker shall both be deemed as defendants.  It is further

ORDERED that defendant's motion [3] for an extension of time
to respond to the complaint be, and hereby is, GRANTED *nunc pro
tunc*.  It is further

ORDERED that Wasserman's motion [10] to remand the case back
to Superior Court be, and hereby is, DENIED.

- 4 -

SIGNED this 10th day of August, 2006.

                                    _____/s/_____
                                    RICHARD W. ROBERTS
                                    United States District Judge