UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Michael F. Wasserman

      vs.                                  Civil Action No. 1:06-cv-01005-RWR

Denise Rodacker, *et al*.

### MOTION TO STRIKE EXHIBITS NUMBERED 1 THROUGH 8 ATTACHED TO DEFENDANTS' MOTION TO DISMISS (DOCKET #17) AND POINTS AND AUTHORITIES IN SUPPORT

Plaintiff, Michael F. Wasserman, moves to strike the exhibits numbered 1 through 8 attached to Defendants' Motion to Dismiss. Those exhibits are neither sworn, nor authenticated, nor self-authenticating. None of the exhibits would be admissible at trial. Indeed, the exhibits numbered 3 through 8 concern events occurring after this action was filed. They are entirely irrelevant to this action generally and the issues raised in the Motion to Dismiss particularly. Furthermore, they unnecessarily attack the character of plaintiff. Therefore, exhibits 3 through 8 should be removed from the public record, since they serve no proper purpose in connection with this case.[1]

This action arises out of defendant Denise Rodacker's arrest, battery, and imprisonment of plaintiff on February 20, 2005, under color of her office as a private in the United States Park Police. On February 21, 2006, plaintiff commenced this action in Superior Court asserting common-law and constitutional claims. Purporting to act under the Federal Tort Claims Act, the United States substituted itself and removed the action to this court.[2] On July 31, 2006,

---

1 In *Judicial Watch, Inc. v. United States Dep't of Commerce*, 337 F. Supp. 2d 146 (D.D.C. 2004), the court struck portions of a summary judgment affidavit under Rule 12(f) because they were "impermissible attempts to place before the Court irrelevant, impugning and/or inflammatory statements." In this connection, plaintiff notes that before the 1983 amendments, Rule 11 rule expressly authorized striking scandalous matter, but that reference was deleted because the drafters believed it was covered by Rule 12(f), even though by its terms the latter rule concerns only "pleadings." *See* 5A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1336.3, at 673 (3d ed. 2004); *cf. Augustus v. Harvey*, No. 02-2545-RWR (D.D.C. Sept. 29, 2005) (denying motion to strike exhibit papers in part because Rule 12(f) applies only to pleadings).

2 Subsequently, the United States conceded that Rodacker had to be retained as a defendant to the constitutional claims. (Docket #11.) On August 10, the court ruled that the Superior Court is a "state court" for purposes of 28 U.S.C. § 2679(d)(2). (Docket #20.)

defendants filed a motion to dismiss. Their motion alleges five grounds for dismissal: (1) failure to exhaust administrative remedy, as to the United States; (2) qualified privilege, based on probable cause; (3) justification, based on resistance to the arrest; (4) *res judicata*, based on the termination of the criminal proceeding in Superior Court; (5) statute of limitations. Attached to the motion were eleven exhibits. On August 10, the court ordered that the motion be treated as one for summary judgment and required plaintiff to respond to it by September 11.

In this jurisdiction, a party opposing summary judgment must move to strike any materials offered in support of the motion that the party contends are not proper under Rule 56; otherwise, the party's objections are waived. *Humane Soc'y v. Babbitt*, 46 F.3d 93, 96 n.5 (D.C. Cir. 1995); *Canady v. Erbe Elektromedizin GmbH*, 384 F. Supp. 2d 176, 180 (D.D.C. 2005); *see also Fox v. Johnson & Wimsatt, Inc.*, 31 F. Supp. 64 (D.D.C. 1940) ("The affidavit does not meet the requirements of Rule 56(e) because it does not 'set forth such facts as would be admissible in evidence.' In such case a motion to strike is the proper remedy.").

In ruling on a motion for summary judgment, "The court may consider any material that would be admissible or usable at trial." 10A CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2721, at 361 (3d ed. 1998). "Exhibits that have been properly made a part of an affidavit may be considered. Indeed, Rule 56(e)[1] requires that sworn or certified copies of all papers referred to in an affidavit must be attached or served with that affidavit. This means that if written documents are relied upon they actually must be exhibited; affidavits that purport to describe a document's substance or an interpretation of its contents are insufficient." *Id*. § 2722, at 379-81 (footnotes omitted).

---

1   The first two sentences of Rule 56(e) provide: "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith."

Applying those standards, the exhibits to Defendants' Motion to Dismiss, numbered 1 through 8, should be stricken from the record.

Exhibit 1 purports to be a report completed by defendant Denise Rodacker, dated February 20, 2005, giving her version of the incident at issue in this case. It is not sworn, nor referred to in any affidavit, nor is it self-authenticating. *See* Fed. R. Evid. 902. This is not a technical objection. Neither plaintiff nor the court has any way to know whether the report is what it purports to be. Without an affidavit or declaration authenticating the report, no person is criminally liable if the document should turn out not to be what it purports to be. Unauthenticated by any statement under penalty of perjury, the report stands in exactly the same position as the allegations of plaintiff's Complaint, which no one would accept as being sufficient to withstand summary judgment. Therefore, the court should strike Exhibit 1.

Exhibit 2 is a copy of a receipt for $25 issued by the Superior Court of the District of Columbia. It is not referred to in any affidavit, nor is it self-authenticating. *See* Fed. R. Evid. 902. Furthermore, it is not evidence of any *decision* of the Superior Court; consequently, it is irrelevant to the issue of *res judicata*. *See* Fed. R. Evid. 401, 402, 403; Defendants' Motion to Dismiss, at 14-15 & n.14. Therefore, the court should strike Exhibit 2.[1]

Exhibits 3, 4, 5, 6 and 8 purport to be reports completed by various officers of the United States Park Police between April 15 and July 1, 2006, describing events supposed to have occurred between April 14 and May 29, 2006—in other words, after this action was filed and over a year after the arrest, battery and imprisonment out of which the action arises. The facts

---

1 Plaintiff will stipulate that on May 23, 2005, the Office of the Attorney General of the District of Columbia, pursuant to an agreement made that day, entered a *nolle prosequi* in exchange for plaintiff's posting and forfeiting $25 security, whereupon the criminal proceedings against plaintiff arising out of the events of February 20, 2005, finally terminated without any decision or intervention by the court. If defendants contend that anything other than that sequence of events occurred, plaintiff demands that they prove it by producing properly authenticated records of the Superior Court.

they allege are not even mentioned in the argument in support of Defendants' Motion to Dismiss. Therefore, they are irrelevant and unduly prejudicial. *See* Fed. R. Evid. 401, 402, 403. Furthermore, the reports are not sworn, are not referred to in any affidavit, and are not self-authenticating. *See* Fed. R. Evid. 902. Therefore, the court should strike Exhibits 3, 4, 5, 6 and 8.

Exhibit 7 is a copy of a "Citation to Appear" in the Superior Court of the District of Columbia on July 6, 2006, issued by the United States Park Police on April 29, 2006—after this action was filed and over a year after the events underlying this action. Exhibit 7 is not even mentioned in the argument in support of Defendants' Motion to Dismiss. It is therefore irrelevant and unduly prejudicial. *See* Fed. R. Evid. 401, 402, 403. Furthermore, it is not referred to in any affidavit, nor is it self-authenticating. *See* Fed. R. Evid. 902. Therefore, the court should strike Exhibit 7.

A proposed order is attached to this motion.

Dated: August 17, 2006

>Respectfully submitted,
>
>/s/ Michael F. Wasserman
>Plaintiff, *pro se*
>D.C. Bar No. 442898
>9355 Tovito Dr.
>Fairfax, VA 22031-3824
>(703) 591-0807
>mfwddc@gmail.com

**NOTE REGARDING FILING AND SERVICE**

On July 31, 2006, the court granted plaintiff's motion to use the CM/ECF system in this case. The court required plaintiff to complete the Clerk's CM/ECF training course. Plaintiff did so on August 15, 2006.