UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Michael F. Wasserman

      vs.                          Civil Action No. 1:06-cv-01005-RWR

Denise Rodacker.

**PLAINTIFF'S MOTION FOR SANCTIONS FOR CONTENTIONS MADE IN SUPPORT
OF DEFENDANT'S MOTION TO DISMISS
AND POINTS AND AUTHORITIES IN SUPPORT**

Pursuant to Rule 11, Federal Rules of Civil Procedure, plaintiff, Michael F. Wasserman,

moves for an order sanctioning opposing counsel Marian L. Borum for five contentions made in

the Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss

(Docket #17) ("Mem."). First, opposing counsel has seen fit to spread upon the record scandalous

and prejudicial contentions regarding alleged events in 2006 that—even under her argument—

have no bearing on the subject matter of the Defendants' Motion to Dismiss, nor even on this

action. Opposing counsel has also made four contentions in support of the Motion that have no

basis in law. Therefore, sanctions are warranted under Rule 11 if opposing counsel has not

voluntarily withdrawn the offending contentions.

The requested sanctions order has four components: (1) that the Memorandum and its

attachments be removed from the public record in this case; (2) that opposing counsel be

required to prepare and file a revised version of the Memorandum complying with Rule 11;

(3) that opposing counsel be ordered to take eight hours of continuing legal education on the

researching and writing of motions to dismiss and for summary judgment, including at least two

hours on the ethical considerations involved, on her own time and at her own expense, and to

certify the manner in which she has complied within ninety days of the order of the court; (4) that

opposing counsel circulate a copy of the court's order to all attorneys in the Civil Division of the

Office of the United States Attorney for the District of Columbia, and to certify that she has done so within five days of the order of the court.

## BACKGROUND

This action arises from defendant Denise Rodacker's arrest, battery, imprisonment and prosecution of plaintiff Michael F. Wasserman. Complaint[1] ¶¶ 2, 3. The arrest and imprisonment commenced on February 20, 2005 and continued for over thirty hours. *Id*. ¶¶ 2, 5. Although plaintiff was held on the charge of Assault on Police Officer, the Office of the United States Attorney did not file a complaint. *See* Defendants' Mem. at 4-5 & n.5. The only prosecution arising from the action—dog-at-large—was terminated without a judgment when the prosecutor entered a nolle prosequi upon plaintiff posting and forfeiting $25 security. *See id*. at 5.

Following the nolle prosequi, plaintiff filed a motion to seal the arrest record, pursuant to Rule 118 of the Superior Court Rules of Criminal Procedure.[2] *See* Exhibit A. Rule 118 requires the court to order that a defendant's arrest record be sealed upon a finding by clear and convincing evidence that the defendant did not commit an offense.[3] Plaintiff served the motion on both the Office of the Attorney General of the District of Columbia ("OAG") and the Office of the United States Attorney ("OUSA"). Neither the OAG nor the OUSA filed any response.[4] On December 5, 2005, the Superior Court issued an order for the government to respond within sixty days, with

---

1  The Complaint was originally filed in the Superior Court of the District of Columbia. A copy is attached to the Defendants' Motion to Dismiss as Exhibit 11.

2  The first sentence of subsection (a) of Rule 118 provides: "Any person arrested for the commission of an offense punishable by the District of Columbia Code, whose prosecution has been terminated without conviction and before trial, may file a motion to seal the records of the person's arrest within 120 days after the charges have been dismissed."

3  Subsection (e) of Rule 118 provides, in pertinent part: "If, based upon the pleadings or following a hearing, the Court finds by clear and convincing evidence that the offense for which the movant was arrested did not occur or that the movant did not commit the offense, the Court shall order the movant's arrest records retrieved and sealed ...."

4  Subsection (b) of Rule 118 provides: "If the prosecutor does not intend to oppose the motion, the prosecutor shall so inform the Court and the movant, in writing, within 30 days after the motion has been filed. Otherwise, the prosecutor shall not be required to respond to the motion unless ordered to do so by the Court, pursuant to paragraph (c) of this Rule."

copies to both the OAG and OUSA.[1] *See* Exhibit B. The OUSA nevertheless has not filed any response. The motion has not been decided by the Superior Court.

The Rule 118 proceeding is well known to opposing counsel. Indeed, opposing counsel attached to the Defendants' Motion to Dismiss the Affidavit of Michael F. Wasserman, dated September 20, 2005, that plaintiff had used to support his Rule 118 motion.

## ARGUMENT

Rule 11, of course, establishes an objective standard of conduct for parties and their counsel. *Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.*, 498 U.S. 533, 549 (1991); *accord, e.g.*, *Ali v. Mid-Atlantic Settlement Services, Inc.*, No. 02-2271-RWR, slip op. (D.D.C. Jan. 6, 2006) (imposing sanctions for counsel's failure to adequately investigate legal contentions concerning sufficiency of service of process). Opposing counsel has fallen short of that standard in two respects. First, she has made factual contentions for the improper purpose of harassing plaintiff and spreading on the record scandalous and immaterial allegations that are subject to ongoing proceedings elsewhere. Second, she has made legal assertions that are contrary to controlling legal authority and are inconsistent with the record she has placed before the court.

This motion is based on five contentions made by opposing counsel in support of the Motion to Dismiss:

(1) Factual contentions regarding alleged events in 2006, long after the arrest, imprisonment and prosecution at issue in this case had been completed (Mem. at 6-7, and Exs. 3-8): Those contentions—which plaintiff disputes in many respects and which are the subject of judicial

---

1    Subsection (c) of Rule 118 provides, in pertinent part: "If it plainly appears from the face of the motion, any accompanying exhibits and documents, the record of any prior proceedings in the case, and any response which the prosecutor may have filed, that the movant is not entitled to relief, the Court, stating reasons therefore on the record or in writing, shall deny the motion and send notice thereof to all parties. In the event the motion is not denied, the Court shall order the prosecutor to file a response to the motion, if the prosecutor has not already done so. Such response shall be filed and served within 60 after entry of the Court's order."

consideration in other appropriate proceedings—are entirely irrelevant to the subject matter of the Motion to Dismiss and this action. Indeed, opposing counsel made not the slightest reference to them in the argument section of the Memorandum. Because the 2006 allegations have no bearing on the merits of the Motion to Dismiss or, indeed, this action, plaintiff has no appropriate means of addressing them.

Thus, opposing counsel could have had no objectively proper purpose for making the contentions about events in 2006. Rather, it is evident that opposing counsel has interposed the irrelevant factual contentions at pages 6 through 7 of the Memorandum, and in Exhibits 3 through 8 thereto, solely for the improper purpose of spreading upon the record scandalous and prejudicial allegations and documents and creating a distraction from the matters genuinely at issue in the case.[1]

The injection of irrelevant and unfairly prejudicial factual contentions into a proceeding is not a trivial matter. Such contentions invite—almost compel—a response by the opposing party, creating the danger that the proceeding will be bogged down in confusing, immaterial and ultimately unresolvable charges and counter-charges that impede accurate resolution of genuine issues while wasting the time of the parties and the court.

This not the first time in this case opposing counsel has sought to inject irrelevant and prejudicial factual contentions into the proceedings. In response to plaintiff's motion to remand (Docket #10), which presents a legal question that turns strictly on the pleadings and papers theretofore filed, opposing counsel filed an Opposition (Docket #13) to which she gratuitously attached defendant's unsworn incident report and made reference to subsequent events having no

---

1  Plaintiff finds it ironic that, in his ten years' experience as a litigation attorney, including work for the government and as a judicial law clerk, it was generally the *pro se* litigant—not government counsel—who tried to inject a multitude of immaterial matters and grievances into every motion and proceeding.

4

bearing on the merits of this action. Opp. at 1 n.2 & Exhibit 1. Therefore, those factual

contentions concerning alleged events in 2006 are improper under Rule 11(b)(1)[1] and sanctions

are warranted.[2]

(2) <u>The legal contention that there is no genuine issue of material fact regarding probable</u>

<u>cause for plaintiff's arrest by defendant Denise Rodacker on the charge of Assault on Police</u>

<u>Officer (Mem. at 11-12)</u>: The February 21, 2005 affidavit of defendant Denise Rodacker and the

September 20, 2005, affidavit of plaintiff—both of which are attached to opposing counsel's

Memorandum—manifestly show under clearly-established law a factual dispute as to whether

there was probable cause for an arrest based on Assault on Police Officer, D.C. Code § 22-405

(2001) ("APO"). Therefore, the contention of opposing counsel that there is no genuine issue of

material fact with respect to the charge of APO is objectively frivolous under Rule 11(b)(2).

Opposing counsel's argument that there is no genuine issue of material fact regarding

probable cause to arrest on the APO charge has two branches. Both are objectively frivolous.

(2)(a) <u>The contention that there was probable cause for an arrest on APO because when</u>

<u>defendant first physically apprehended plaintiff, he "attempted to pull his arm away from her</u>

<u>grasp." (Mem. at 11)</u>: This branch is frivolous because the record on which opposing counsel

relies clearly establishes a factual dispute. Indeed, defendant's *Gerstein* affidavit does state, "The

subject attempted to wrench himself away from me." Mem. Ex. 9. However, plaintiff's Rule 118

affidavit directly contradicts that contention, in detail. Plaintiff's affidavit positively states that

once he "felt [defendant's] hand on my shoulder, I stopped walking and stood still [and] made no

---

1   Injecting extensive and irrelevant factual contentions in motions papers also contravenes Local Rule 7(a), which
    in pertinent part calls for, "where appropriate, a concise statement of facts" to be included in a memorandum of
    points and authorities.

2   Plaintiff anticipates that opposing counsel may take the opportunity afforded by an opposition to this motion to
    unnecessarily and gratuitously reiterate those contentions. If so, then the court should order that opposing
    counsel's opposition be similarly removed from the public record.

other motion"; that he never "offer[ed] any violence or physical resistance"; that the defendant herself at the time of booking did not rely on any supposed physical resistance; and that defendant was well-acquainted with the APO statute, including its prohibition on resisting even an unlawful arrest. Mem. Ex. 10, at ¶¶ 5, 7, 9, 10. Thus, on the face of the record as adduced by opposing counsel, there is a clear factual dispute regarding physical resistance that cannot be resolved without a trial.

(2)(b) The contention that plaintiff's refusal to stop in response to defendant's order to do so constituted APO because "any refusal to cooperate or obey an order constitutes interference with the performance of the officer's official duties and is an arrestable offense. *Rogala v. District of Columbia*, 161 F.3d 44, 53-54 (D.C. Cir. 1998)." (Mem. at 11-12): The second branch of opposing counsel's argument on probable cause is frivolous because it is foreclosed by clearly-established, controlling law. The District of Columbia Court of Appeals held in 1999 that the APO statute is *not* violated when, before an arrest, a person ignores a command to stop, uses abusive language, and walks away from the officer. *In re C.L.D.*, 739 A.2d 353, 357 (D.C. 1999). Not only is *C.L.D.* controlling authority exactly in point (although ignored by opposing counsel) but it was relied on in plaintiff's Rule 118 motion, *see* Exhibit A, at 2-3—which motion was plainly known to opposing counsel. Opposing counsel's reliance on the 1998 decision of *Rogala* is simply wrong, not only because *Rogala* predates *C.L.D.* and is not controlling authority on the meaning of the APO statute, but also because *Rogala* involved traffic stop in which the arrestee was a passenger who was arrested for interfering with the officer's conduct of a field sobriety test on the driver, not simply because the plaintiff in that case disobeyed an order.[1]

---

1  Opposing counsel's "disobeying an order" theory is frivolous for another reason. Were opposing counsel's theory adopted, then a Fourth Amendment seizure would have been effected as soon as Officer Rodacker said, "Stop!" Clearly, under opposing counsel's theory, plaintiff would at that point *not* have been free to leave. That interpretation would, however, overturn centuries of accepted law concerning when and how an arrest is effected.

Therefore, opposing counsel's contentions regarding the absence of a genuine issue of material fact regarding probable cause for arrest on the charge of APO are objectively frivolous under Rule 11(b)(2) and sanctions are warranted.[1]

(3) <u>The legal contention that there is no genuine issue of material fact regarding the use of excessive force (Mem. at 12)</u>: As was discussed in connection with the "wrenching" contention, there is a clear factual dispute on the record adduced by opposing counsel herself regarding whether excessive force was used in connection with the arrest. Both defendant's *Gerstein* affidavit and plaintiff's Rule 118 affidavit aver that defendant used force on plaintiff after she had effected the arrest. Defendant states she "forced [plaintiff's] left arm behind his back in a compliance hold." Mem. Ex. 9. Plaintiff states defendant "took hold of one of my arms, twisted it behind my back, and pushed it upward to the point where I felt pain in my shoulder." Mem. Ex. 10, at ¶ 7. Where the affidavits differ—as shown above—is whether there had been any resistance on the part of plaintiff that would justify the use of that force. That factual dispute, apparent on the record adduced by opposing counsel, yet completely unacknowledged by her, makes opposing counsel's contention that there is no genuine issue of material fact objectively frivolous under Rule 11(b)(2); sanctions are therefore warranted.

(4) <u>The legal contention that the claim is barred by the statute of limitations (Mem. at 16 n.15)</u>: As pleaded in the Complaint, this action arises from defendant's arrest of plaintiff on February 20, 2005, after which plaintiff continued imprisoned for over thirty hours. Complaint[2] ¶¶ 2, 5. This action was commenced in the Superior Court of the District of Columbia on

---

*See, e.g., California v. Hodari D.*, 499 U.S. 621, 624-25 (1991). Opposing counsel's theory is on every level ridiculous and frivolous.

1  It may also be observed that although opposing counsel is well aware of plaintiff's Rule 118 motion, she elected not to address plaintiff's argument in support of it that the criminal dog-leash regulation, 24 D.C.M.R. § 900.3, is not in effect. *See* Exhibit A. Such "sandbagging", however, does not appear to be a violation of Rule 11.

2  The Complaint was originally filed in the Superior Court of the District of Columbia. A copy is attached to the Defendants' Motion to Dismiss as Exhibit 11.

Tuesday, February 21, 2006. *See id.* (clerk's date stamp). That was the day after Washington's

Birthday,[1] a day on which the court was closed.[2] It is well established that under Rule 6(a) of the

Superior Court Rules of Civil Procedure, when the last day of a limitations period falls on a

Saturday, Sunday, or holiday, a complaint is timely if filed on the next day the court is open.[3]

Opposing counsel's argument that dismissal is appropriate on statute of limitations grounds is

frivolous for another reason. It is clearly established under District of Columbia law that when a

plaintiff's cause of action arises from his arrest and imprisonment, the time for bringing the

action does not begin to run until the disability is removed by his release. D.C. Code

§ 12-302(a)(3) (2001); *see also, e.g.*, *District of Columbia v. Tinker*, 691 A.2d 57, 64 (D.C.

1997) ("There is no dispute that the statute was tolled by § 12-302(a)(3) *from the moment of [the*

*plaintiff]'s arrest* ....") (emphasis added) (citing *Cannon v. District of Columbia*, 569 A.2d 595,

596 (D.C. 1990)). Because, as alleged in the Complaint, plaintiff was released more than twenty-

four hours after his arrest on February 20, the limitations period did not start on that day.

For those two reasons, the contention of opposing counsel regarding the statute of limitations

is objectively frivolous under Rule 11(b)(2) and sanctions are warranted.

(5) The legal contention that the claim is barred by collateral estoppel (Mem. at 13-16): It is

clearly established that collateral estoppel, or issue preclusion, arises only from a judicial

decision. That is manifest from the authorities cited by opposing counsel, Mem. at 13 & 15 n.14,[4]

---

1 *See* 5 U.S.C. § 6103(a) ("The following are legal public holidays: ... Washington's Birthday, the third Monday in February."); Office of Personnel Management, "2006 Federal Holidays," http://www.opm.gov/fedhol/2006.asp (visited Aug. 6, 2006).

2 Rule 6(a), Superior Court Rules of Civil Procedure.

3 *E.g.*, *Banks v. Chesapeake & Potomac Tel. Co.*, 256 U.S. App. D.C. 22, 24, 802 F.2d 1416, 1418 (1986); *Easter Seal Society v. Berry*, 627 A.2d 482 (D.C. 1993); *Poole v. Lowe*, 615 A.2d 589, 592 n.6 (D.C. 1992).

4 Each of the examples of adjudication on other than the merits given by opposing counsel in footnote 14 presuppose a decision by the court (citations omitted; emphasis added):

  [I]n certain circumstances, a *court's decision* may be given preclusive effect independent of the merits of the underlying claim. For instance, a *court's decision* to dismiss a matter for lack of jurisdiction is given preclusive effect independent of the merits of the underlying claim. Further, in actions which in

8

as well as other recognized authorities. *See, e.g.*, 18A CHARLES A. WRIGHT, ARTHUR R. MILLER &

EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 4443 (2d ed. 2002). Yet opposing counsel

points to no judicial decision of any kind in her Memorandum. That is no doubt because there

has in fact *not* been any judicial decision regarding the subject matter of this action. Therefore,

opposing counsel's contention regarding collateral estoppel is objectively frivolous.

Opposing counsel is not saved by her reliance on the prosecutor's decision to enter a nolle

prosequi in exchange for plaintiff's posting and forfeiting $25 security. In this regard, it

particularly bears notice that, unlike Rule 48(a) of the Federal Rules of Criminal Procedure,[1]

Rule 48(a)(1) of the Superior Court Rules of Civil Procedure[2] provides no role for the court in

approving a dismissal of an information by the prosecution. Indeed, no rule of the Superior Court

addresses post-and-forfeiture agreements, much less authorizes any sort of judicial decision

concerning them. Thus, there is literally not even an opportunity for a judicial decision to be

rendered in cases such as this.

Finally, D.C. Code § 5-335.01(b) (2005) (cited in opposing counsel's Memorandum)

specifically provides that resolution of a charge by posting-and-forfeiting *cannot* be treated as a

judgment. "The resolution of a criminal charge using the post-and-forfeit procedure is not a

conviction of a crime *and shall not be equated to a criminal conviction*." *Id.* (emphasis added).

So far from estopping plaintiff from litigating the merits of the underlying arrest, paragraph

(d)(7) of that statute explicitly recognizes that a defendant may have his arrest record sealed,

---

*involuntary* dismissals, the dismissals are deemed to be on the merits unless the trial court specifies otherwise. Similar a consent *judgment*, which issued based upon an agreement between the parties to settle a matter, is deemed a *judgment* on the merits. "It is aimed at ending the litigation with a *judgment* that is enforceable."

[1] The first sentence of Fed. R. Crim. P. 48(a) provides (emphasis added): "The government may, *with leave of court*, dismiss an indictment, information, or complaint."

[2] The first sentence of Super. Ct. R. Cr. P. 48(a)(1) provides (emphasis added): "The Attorney General or the United States attorney or the Corporation Counsel may file a dismissal or nolle prosequi of an information or complaint *and the prosecution shall thereupon terminate*."

pursuant to Rule 118, Superior Court Rules of Criminal Procedure, by establishing that no

offense was in fact committed. Opposing counsel simply has not and cannot point to any judicial

decision concerning the subject matter of this action, much less one that would estop plaintiff.

Therefore, the contention of opposing counsel that collateral estoppel applies is objectively

frivolous under Rule 11(b)(2).

## REMEDY

This court recently observed that a "district court is accorded broad discretion to determine ...

what form [sanctions] should take to 'balance between equity, deterrence, and compensation.'"

*Ali v. Mid-Atlantic Settlement Services, Inc.*, No. 02-2271-RWR, slip op. at 16 (D.D.C. Jan. 6,

2006) (quoting *Reynolds v. The U.S. Capitol Police Board*, 357 F. Supp. 2d 19, 26 (D.D.C. 2004)

(quoting *Hilton Hotels Corp. v. Banov*, 899 F.2d 40, 46 (D.C. Cir. 1990))). "The court has

available a variety of possible sanctions to impose for violations, such as *striking the offending*

*paper*; issuing an admonition, reprimand, or censure; *requiring participation in seminars or*

*other educational programs*; ...." Rule 11, Fed. R. Civ. P., 1993 Advisory Committee note

(emphasis added), *quoted in part in Ali*, *supra*, slip op. at 16-17.

In this case, the sanctions plaintiff proposes do not involve any gain to himself, other than

prospect of being freed from vexatious conduct by opposing counsel in the future. Rather, the

proposed sanctions are calculated to impress upon opposing counsel the importance of adherence

to the standards prescribed by Rule 11. The remedy of removing the offending Memorandum and

attachments and requiring it to be replaced with one complying with Rule 11 is appropriate

because it removes any benefit opposing counsel might have imagined would be had by

including the scandalous and prejudicial contentions regarding the events of 2006 in the original

10

Memorandum.[1] The remedy of removal from the public record is entirely consistent with the

safe-harbor provision of the present Rule 11, which contemplates that offending contentions will

in most cases be "withdrawn" by the non-moving party, without action of the court, as well as the

1993 Advisory Committee notes, quoted above. Requiring the court's order to be circulated

within opposing counsel's office is in the nature of a reprimand or censure.

Dated: August 7, 2006

Respectfully submitted,


Michael F. Wasserman
Plaintiff, *pro se*
D.C. Bar No. 442898
9355 Tovito Dr.
Fairfax, VA 22031-3824
(703) 591-0807
mfwddc@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2006, I delivered by hand and sent by email a copy of

this paper and exhibits, as follows:

Marian L. Borum, Esq.
Office of the US Attorney
555 4th St. NW
Washington, DC 20001-2733
Marian.L.Borum@usdoj.gov


Michael F. Wasserman

---

1    In this connection, plaintiff notes that before the 1983 amendments to Rule 11, the rule expressly referenced striking scandalous matter, but that reference was deleted because the drafters believed it was covered by Rule 12(f), even though that rule, of course, addresses only "pleadings." *See* 5A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1336.3, at 673 (3d ed. 2004); *see also Augustus v. Harvey*, No. 02-2545-RWR (D.D.C. Sept. 29, 2005) (denying motion to strike exhibit papers in part because Rule 12(f) only applies to pleadings).