```
                  UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF COLUMBIA
_____
                              )
MICHAEL F. WASSERMAN,         )
                              )
        Plaintiff,            )
                              )
    v.                        )   Civil Action No. 06-1005 (RWR)
                              )
DENISE RODACKER, et al.,      )
                              )
        Defendants.           )
_____)
```

**ORDER**

Upon consideration of Plaintiff's Motion for Sanctions for Contentions Made in Support of Defendant's Motion to Dismiss [23], the points and authorities in support thereof and the opposition thereto, the Court hereby

FINDS that on July 31, 2006, Marian L. Borum, Esq., counsel for defendants, signed and filed a Memorandum in support of Defendants' Motion to Dismiss. The Court further

FINDS that five of the contentions made by Ms. Borum in support of Defendants' Motion to Dismiss were either frivolous or interposed for an improper purpose, as follows:

(1) At pages 6-7 of the Memorandum in support of the Motion to Dismiss, based on unsworn, hearsay statements attached as Exhibits 3-8, Ms. Borum makes factual contentions concerning events allegedly occurring in 2006 involving plaintiff, but not defendant Rodacker. Those contentions are entirely irrelevant to the merits of this action, which concern events on February 20

and 21, 2005. Ms. Borum made no attempt to relate the 2006 allegations to the arguments advanced in support of the Motion to Dismiss. Moreover, the allegations are highly inflammatory. It is plain that Ms. Borum inserted them in the record only for the improper purpose of harassing the plaintiff and in a misguided attempt to improperly influence the Court's decision in this matter. Therefore, the Court finds that the Ms. Borum asserted those factual contentions for an improper purpose.

(2) At pages 11-12 of her memorandum, Ms. Borum argued that there is no genuine issue of material fact concerning defendant Denise Rodacker's probable cause to arrest the plaintiff for Assault on a Police Office. That argument is frivolous because the record relied on by Ms. Borum plainly shows a genuine issue of fact regarding whether plaintiff engaged in any physical resistance. Compare Ex. 9 with Ex. 10, at ¶¶ 5, 7, 9, 10. Ms. Borum's argument that the other alleged conduct by plaintiff could have amounted to Assault on a Police Officer is foreclosed by clear, controlling authority from the District of Columbia Court of Appeals, In re C.L.D., 739 A.2d 353, 357 (D.C. 1999). Therefore, Ms. Borum's contentions in support of summary judgment on those grounds are objectively frivolous.

(3) At page 12 of her memorandum, Ms. Borum asserts that there is no genuine issue of material fact regarding the use of excessive force. However, the materials presented by Ms. Borum

clearly establish a factual dispute as to the amount of force used and whether there was any justification for defendant's use of force. Compare Ex. 9 with Ex. 10, at ¶¶ 5, 7, 9, 10. Therefore, Ms. Borum's argument in support of summary judgment on that issue is objectively frivolous.

   (4) In footnote 15 to page 16 of Ms. Borum's memorandum, she argues that the Complaint is barred by the one-year statute of limitations because it was filed a year and a day after the action accrued. That argument is objectively frivolous because the limitations period expired on Washington's Birthday and the Complaint was therefore timely filed on the following the day. Banks v. Chesapeake & Potomac Tel. Co., 256 U.S. App. D.C. 22, 24, 802 F.2d 1416, 1418 (1986); Easter Seal Society v. Berry, 627 A.2d 482 (D.C. 1993); Poole v. Lowe, 615 A.2d 589, 592 n.6 (D.C. 1992). Furthermore, the Complaint alleges, and defendants do not deny, that plaintiff was imprisoned for more than 24 hours following his arrest. Therefore, the statute of limitations was clearly tolled until the following day. D.C. Code § 12-302(a)(3) (2001); see also, e.g., District of Columbia v. Tinker, 691 A.2d 57, 64 (D.C. 1997) ("There is no dispute that the statute was tolled by § 12-302(a)(3) from the moment of [the plaintiff]'s arrest ....") (emphasis added) (citing Cannon v. District of Columbia, 569 A.2d 595, 596 (D.C. 1990)). For

those reasons, Ms. Borum's argument regarding the statute of limitations is objectively frivolous.

(5) Finally, at pages 13 through 16 of her memorandum, Ms. Borum argues that the action is barred by collateral estoppel. Ms. Borum points to a receipt from the Clerk of the Superior Court reflecting payment of $25. Ex. 2. All of the authorities on which Ms. Borum relies state that collateral estoppel requires a prior judicial decision of some kind. A receipt for payment into a court is clearly not a judicial decision. Accordingly, Ms. Borum's contention regarding collateral estoppel is objectively frivolous. The Court further

FINDS that plaintiff's Motion for Sanctions was served by hand on August 7, 2006. The Court further

FINDS that the frivolous and improper contentions impugned in plaintiff's Motion for Sanctions were not withdrawn within 21 days of service of the Motion. The Court further

FINDS that plaintiff's Motion for Sanctions was filed more than 21 days after service.

Accordingly, it is hereby

ORDERED that Plaintiff's Motion for Sanctions [23] is GRANTED. It is further

ORDERED that the Clerk shall cause the documents filed as Docket #17, "Defendants' Motion to Dismiss" with its supporting

4

memorandum and its attachments, to be made inaccessible to the public. It is further

ORDERED that Marian L. Borum, Esq. shall prepare and file a revised version of Defendants' Motion to Dismiss. The revised version shall comply with Rule 11 and exclude the contentions and materials the Court has found to be made in violation of Rule 11. It is further

ORDERED that Marian L. Borum, Esq. shall take eight hours of continuing legal education on the researching and writing of motions to dismiss and for summary judgment, including at least two hours on the ethical considerations involved, on her own time and at her own expense, and shall certify the manner in which she has complied within ninety days of the filing of this Order. It is further

ORDERED that Marian L. Borum, Esq. shall circulate a copy of this Order to all attorneys in the Civil Division of the Office of the United States Attorney for the District of Columbia, and shall certify that she has done so within five days of the filing of this Order.

SIGNED this ____ day of _____, 2006.

_____
RICHARD W. ROBERTS
United States District Judge

copies to:

Michael F. Wasserman
9355 Tovito Dr.
Fairfax, VA 22031-3824

Marian L. Borum
Assistant United States Attorney
Judiciary Center Building - Civil Division
555 4th St., NW
Washington, DC 20530