UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Michael F. Wasserman

    vs.                Civil Action No. 1:06-cv-01005-RWR

Denise Rodacker, *et al*.

**MOTION TO STRIKE THE DECLARATION OF PETER GENTILE ATTACHED TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE EXHIBITS (DOCKET #24) AND POINTS AND AUTHORITIES IN SUPPORT**

Plaintiff, Michael F. Wasserman, moves to strike the Declaration of Peter Gentile, attached to "Defendants' Opposition to Plaintiff's Motion to Strike Exhibits" [24] (filed Aug. 31, 2006). Defendants proffer Mr. Gentile's declaration in an attempt to authenticate defendants' Exhibits 1 and 3 through 8 submitted with their Motion to Dismiss.[1] *See* Defendants' Opposition at 2. The Gentile Declaration should be stricken because (1) it is made on "information and belief" rather than personal knowledge, as required by Fed. R. Civ. P. 56(e) and (2) Mr. Gentile does not purport to be the custodian of the records or, indeed, to have any knowledge that the Exhibits are *in fact* to be found among records of United States Park Police. Therefore, the declaration fails to satisfy the requirements of Fed. R. Evid. 901, 902, and 803(8). It should be stricken.

In this jurisdiction, a party opposing summary judgment must move to strike any materials offered in support of the motion that the party contends are not proper under Rule 56; otherwise, the party's objections are waived. *Humane Soc'y v. Babbitt*, 46 F.3d 93, 96 n.5 (D.C. Cir. 1995); *Canady v. Erbe Elektromedizin GmbH*, 384 F. Supp. 2d 176, 180 (D.D.C. 2005); *see also Fox v. Johnson & Wimsatt, Inc.*, 31 F. Supp. 64 (D.D.C. 1940) ("The affidavit does not meet the requirements of Rule 56(e) because it does not 'set forth such facts as would be admissible in evidence.' In such case a motion to strike is the proper remedy.").

---

1  On August 10, 2006, the court entered an Order [21] ruling that the Motion to Dismiss may be treated as one for summary judgment.

It appears from Mr. Gentile's declaration that he is presently a claims investigator for the National Park Service. (Declaration ¶¶ 1, 2.) He states before becoming a claims investigator on March 12, 2001, he was a law enforcement officer, and, as part of his duties, he used to be "responsible for maintaining criminal investigative files and reports," and consequently is "intimately familiar with reports and records ... maintained by the U.S. Park Police." *Id*. ¶¶ 3, 4. Mr. Gentile then avers that he has "examined ... Exhibits 1, 3, 4, 5, 6, 7, and 8 in support [sic] Defendant's [sic] Motion to Dismiss, filed July 31, 2006." *Id*. ¶ 5. He concludes that the exhibits "are official law enforcement documents, and are maintained by the U.S. Park Police in the ordinary course of business." *Id*. He finally qualifies his declaration by stating that it is "based upon my knowledge, information, belief, and based upon information provided by employees of the United States Department of the Interior, and records maintained by that agency."

Mr. Gentile does not purport to be the source of the exhibits. He does not purport to be the custodian of the records exemplified by the exhibits. He does not claim to have compared the exhibits with the records of the United States Park Police. He does not supply any basis for having personal knowledge that the exhibits are in fact among the records of the United States Park Police. Indeed, all he seems to be saying is that he looked at the exhibits and they look to him like government records. At best, his conclusion is based on the information of others who do have personal knowledge. That will not do.

"A principal command of Rule 56(e) is straightforward: 'Supporting and opposing affidavits' on summary-judgment motions 'shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.' Although the rule's directive with respect to admissibility of an affidavit's contents on summary judgment has been liberally construed, *its requirement of*

2

*personal knowledge by the affiant is unequivocal, and cannot be circumvented.* An affidavit based merely on information and belief is unacceptable." *Londrigan v. FBI*, 670 F.2d 1164, 1174 (D.C. Cir. 1981) (footnotes omitted) (emphasis added); *see also, e.g.*, *Price v. Rochford*, 947 F.2d 829, 832 (7th Cir. 1991) (affidavits stating that matters contained therein "are true on information and belief" held insufficient for purposes of opposing summary judgment, despite initial representations that the statements are made "under oath" and "under penalty of perjury").

Furthermore, the Gentile Declaration clearly fails to satisfy the requirements of Fed. R. Evid. 901(b)(7) or 902. Mr. Gentile does not claim to be a custodian records; indeed, he has not asserted any personal knowledge concerning whether the exhibits are among the records of United States Park Police. His testimony is purely speculative. Therefore, Mr. Gentile's declaration is insufficient to authenticate the exhibits. *See United States v. Dockins*, 986 F.2d 888, 895 (5th Cir.) (holding that testimony by government agent based on appearance of police document insufficient to authenticate it as public record), *cert. denied*, 510 U.S. 850 (1993); Fed. R. Evid. 901 note. ("Example (7). Public records are regularly authenticated *by proof of custody*, without more.") (emphasis added); c*f. United States v. Weiland*, 420 F.3d 1062, 1072-73 (9th Cir. 2005) (finding sufficient under Fed. R. Evid. 902(4) the certificate of a records custodian who certified that he had compared the copies with the originals found among the records of his agency).

This is not a technical objection. The Gentile Declaration simply gives no assurance that Exhibits 1 and 3 through 8 are actually to be found among the records of the United States Park Police. Mr. Gentile may be speaking truthfully in every particular, and yet none of the exhibits be in fact government records admissible under Fed. R. Evid. 803(8)(B). That such should be shown

positively is especially critical in regard to Exhibits 1, 3 through 6, and 8, all of which contain unsworn, hearsay statements that defendants offer for the truth of the matters asserted therein.

A proposed order is attached to this motion.

Dated: September 11, 2006

                                      Respectfully submitted,

                                      /s/ Michael F. Wasserman
                                      Plaintiff, *pro se*
                                      D.C. Bar No. 442898
                                      9355 Tovito Dr.
                                      Fairfax, VA 22031-3824
                                      (703) 591-0807
                                      mfwddc@gmail.com