UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Michael F. Wasserman

    vs.                        Civil Action No. 1:06-cv-01005-RWR

Denise Rodacker, *et al*.

**REPLY IN SUPPORT OF MOTION TO STRIKE EXHIBITS NUMBERED 1 THROUGH 8 ATTACHED TO DEFENDANTS' MOTION TO DISMISS (DOCKET #17) AND POINTS AND AUTHORITIES IN SUPPORT**

    Plaintiff, Michael F. Wasserman, moved to strike the exhibits numbered 1 through 8 attached to Defendants' Motion to Dismiss. The motion was based on three grounds. First, none of the exhibits are neither sworn, nor authenticated, nor self-authenticating; consequently, none of the exhibits would be admissible at trial. Second, Exhibit 2, a receipt for $25 issued by the Superior Court of the District of Columbia, is not evidence of any fact relevant to the action. Third, Exhibits 3 through 8 concern events occurring after this action was filed, are entirely irrelevant to this action generally and the issues raised in the Motion to Dismiss particularly, and unnecessarily attack the character of plaintiff. Therefore, plaintiff asked that the Exhibits 1 through 8 be stricken and that Exhibits 3 through 8 be removed from the public record.

    Defendants' Opposition addresses only the first ground for the motion. Defendants offer no argument that Exhibits 2 through 8 are in any way relevant to their motion or this action. Therefore, defendants have conceded that Exhibits 2 through 8 should be stricken on the ground that they are irrelevant and therefore would not be admissible at trial. *See* Fed. R. Civ. P. 56(e); *Fox v. Johnson & Wimsatt, Inc.*, 31 F. Supp. 64 (D.D.C. 1940).

    Defendants also tacitly concede that Exhibits 1 and 3 through 8 were not authenticated. In an attempt to cure that defect, they attached to their opposition the declaration of a National Park Service claims investigator which they contend was adequate to authenticate the records. For the

reasons given in support of plaintiff's Motion to Strike the Declaration of Peter Gentile Attached to Defendants' Opposition to Plaintiff's Motion to Strike Exhibits (Sept. 11, 2006) [25], the proffered declaration is not sufficient to authenticate Exhibits 1 and 3 through 8. Therefore, they should be stricken for that reason as well.

Regarding the authentication of Exhibit 2, the $25 receipt, defendants' counsel simply notes that it was sent to her by plaintiff. That does not constitute authentication. Authentication is "evidence sufficient to support a finding that the matter in question is *what its proponent claims*." Fed. R. Evid. 901(a) (emphasis added). In the Motion to Dismiss, defendants explicitly claim that the $25 receipt is an "agreement with the District of Columbia Attorney General's Office in which plaintiff posted a security and forfeited his right to seek adjudication on the Dog Off Leash charges." *See* Motion to Dismiss at 5. In their argument in support of the Motion, defendants then implicitly claimed that the receipt is a judgment of the Superior Court that should collaterally estop plaintiff in this action. (Motion to Dismiss at 13-15 & n.14.) The fact that the receipt was sent to defendants' counsel by plaintiff certainly cannot be construed as evidence that it is either an agreement or a judgment. Therefore, Exhibit 2 is not authenticated and should be stricken.[1]

Finally, defendants have not given any reason to deny plaintiff's request that Exhibits 3 through 8 be removed from the public record. In light of their clear and conceded irrelevance to this case and the fact that the allegations contained in them are properly matters for resolution in another forum, those exhibits should be removed from the public record.

---

1 Plaintiff nevertheless stands by his offer to stipulate that "on May 23, 2005, the Office of the Attorney General of the District of Columbia, pursuant to an agreement made that day, entered a *nolle prosequi* in exchange for plaintiff's posting and forfeiting $25 security, whereupon the criminal proceedings against plaintiff arising out of the events of February 20, 2005, finally terminated without any decision or intervention by the court." (Motion to Strike at 3 n.1.)

Dated: September 11, 2006

                                            Respectfully submitted,

                                            /s/ Michael F. Wasserman
                                            Plaintiff, *pro se*
                                            D.C. Bar No. 442898
                                            9355 Tovito Dr.
                                            Fairfax, VA 22031-3824
                                            (703) 591-0807
                                            mfwddc@gmail.com