UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Michael F. Wasserman

    vs.                           Civil Action No. 1:06-cv-01005-RWR

Denise Rodacker.

**MOTION FOR A FURTHER EXTENSION OF TIME IN WHICH TO OPPOSE
DEFENDANTS' MOTION TO DISMISS (DOCKET #17)
AND POINTS AND AUTHORITIES IN SUPPORT**

Pursuant to Rule 6(b)(1), plaintiff, Michael F. Wasserman, moves for a brief further extension of time in which to file his opposition to Defendants' Motion to Dismiss (docket #17), from today to September 18, 2006. The grounds for this motion are that notwithstanding diligent efforts, plaintiff has not been able to complete his opposition and that defendants have served an additional affidavit in support of their motion to dismiss on August 31.

Plaintiff has diligently prosecuted this action. Defendants' Motion to Dismiss was filed on July 31, 2006. In response, plaintiff promptly moved for a ruling on whether the motion would be treated as one for summary judgment. On August 10, the court ruled that the motion to dismiss may be treated as one for summary judgment and gave plaintiff until Monday, September 11 to respond. On August 17, plaintiff moved to strike eight of the exhibits attached to the motion to dismiss. On Thursday, August 31, defendants filed an opposition to the motion to strike, to which they attached an additional declaration in support of the motion to dismiss, as well as a belated Local Rule 7(h) statement. Most recently, today, Monday, September 11, plaintiff has filed a motion to strike defendants' additional declaration (docket #25) and a reply to defendants' opposition to the motion to strike (docket #26).

Preparation of plaintiff's opposition has involved extensive and detailed research into two complicated issues: (1) the right to a jury trial in actions under the Federal Tort Claims Act, *see,*

*e.g.*, Roger W. Kirst, *Jury Trial and the Federal Tort Claims Act: Time to Recognize the Seventh Amendment Right*, 58 TEX. L. REV. 549 (1980), and whether the FTCA's provision for trial without a jury, codified at 28 U.S.C. § 2402, is severable from the exclusive remedy provision of the Westfall Act, 28 U.S.C. § 2679(b), and (2) defendant Rodacker's assertion of qualified immunity for a warrantless arrest under a District of Columbia police regulation adopted in 1961 without congressional authority. *See* Motion to Dismiss 10-13 (citing a few of the relevant cases); Exhibit A to Plaintiff's Motion for Sanctions (docket #23).

An extension until September 18 would comport with the requirements of Rule 56. Rule 56(c) provides that a motion for summary judgment be served at least ten days before the time fixed for a hearing. Rule 6(d) provides that "[w]hen a motion is supported by affidavit, the affidavit shall be served with the motion." Because defendants submitted a further affidavit in support of their motion on August 31—a month after they served their motion to dismiss—the ten days provided by Rule 56(c) should be calculated from that day. Excluding intervening weekends and Labor Day and adding three days for service by means other than personal delivery, ten days from August 31 is September 18. *See* Rule 6(a), (e).

A proposed order is attached to this motion.

Dated: September 11, 2006

                                                Respectfully submitted,

                                                Michael F. Wasserman
                                                Plaintiff, *pro se*
                                                D.C. Bar No. 442898
                                                9355 Tovito Dr.
                                                Fairfax, VA 22031-3824
                                                (703) 591-0807
                                                mfwddc@gmail.com