UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL F. WASSERMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-1005 (RWR) |
| | ) |
| DENISE RODACKER, et al. | ) |
| | ) |
| Defendants. | ) |
| | ) |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE
DECLARATION OF PETER GENTILE**

In this action, plaintiff claims that United States Park Police Officer Denise Rodacker, while acting under color of law, "assaulted, battered and imprisoned [him] against the laws of the . . . District [of Columbia] and the Constitution of the United States." Complaint, ¶ 2. Plaintiff's claims are without merit. Plaintiff did not allege the timely exhaustion of administrative remedies in order to pursue a claim under the Federal Tort Claims Act thereby depriving the Court of jurisdiction over the common law claims. Further, with respect to the constitutional claims, Officer Rodacker is entitled to qualified immunity for actions taken in her individual capacity. See Defendant's Motion to Dismiss, Docket Entry No. 17.

In his recent motion, plaintiff argues that the declaration of Peter Gentile attached to Defendant's Opposition to Plaintiff's Motion to Strike Exhibits should be stricken. Plaintiff states that the declaration should be stricken "because (1) it is made on 'information and belief' rather than personal knowledge, as required by Fed.R.Civ. P. 56(e), and (2) Mr. Gentile does not purport to be the custodian of the records . . or have any knowledge that the Exhibits are . . . to

be found among records of the United States Park Police."[1]  Plaintiff's Motion to Strike Declaration at p. 1.

In his declaration, Peter Gentile indicated that he is an Investigator-Claims Specialist with the National Park Service, National Capital Region and U.S. Park Police, United States Department of the Interior."  Defendant's Opposition to Plaintiff's Motion to Strike Exhibits, Gentile Declaration ("Gentile Decl.") ¶ 1.  Investigator Gentile has held that position for over five years.  Id.  In connection with his position, Investigator Gentile has "access to, and routinely utilize[s the] . . . United States Park Police Records database."  Id. ¶ 2.  Prior to holding the position of Investigator-Claims Specialist, Investigator Gentile was a commissioned law enforcement officer and a Lieutenant with the United States Park Police Criminal Investigations Branch.  Id. ¶ 3.  In connection with that position, Investigator Gentile "was responsible for maintaining criminal investigation files and reports."  Id. ¶ 4.

In his motion, plaintiff claims that Investigator Gentile has no knowledge that "the exhibits are among records of the United States Park Police."  Plaintiff's Motion to Strike Declaration p. 3.  However, plaintiff is wrong.  In his declaration, Investigator Gentile indicated that he examined Exhibits 1, 3, 4, 5, 6, 7, and 8, and determined that they were "official law enforcement documents [which] are maintained by the U.S. Park Police in the ordinary course of business."  Id. ¶ 5.  Moreover, Investigator Gentile not only indicated that he "routinely utilize[d] the United States Park Police Records database[,]" but he also stated that he was

---

[1]Federal Rule of Civil Procedure 56(e) states that:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.

"intimately familiar with reports and records pertaining to criminal arrest . . . maintained by the U.S. Park Police." Id.  In addition, Investigator Gentile's experience as a Lieutenant with the United States Park Police provided him with personal knowledge of United States Park Police documentation.

While plaintiff complains that Investigator Gentile is not the custodian of records, it is permissible for Investigator Gentile "to testify to his own observations upon review of the documents."  See Londrigan v. Federal Bureau of Investigation, 670 F.2d 1164, 1174 (D.C. Cir. 1981).  Moreover, Investigator Gentile is permitted to testify regarding "his personal experiences as a [lieutenant] to the extent that they bore relevance to the case."  Id.

Plaintiff also argues that Investigator Gentile's declaration was "made on 'information and belief' rather than personal knowledge."  Plaintiff's Motion to Strike Declaration at p. 1. Again, plaintiff is wrong.  In his declaration, Investigator Gentile "declared under penalty of perjury" that the information he provided was true and correct based upon his own knowledge, upon information and belief, upon records maintained by the United States Department of Interior, and upon information provided by employees of the Department.  Gentile Decl. p. 2.

Plaintiff cites the Londrigan case to support his position.  However, that case fails to do so.  In Londrigan, plaintiff brought an action to reveal the identities of individuals who provided the Federal Bureau of Investigation ("FBI") with information during the investigation of his qualifications for employment as a Peace Corps Volunteer.  Id. at 1166, 1168.  The FBI attempted to withhold all of the identities of persons interviewed.  See id. at 1168.  Plaintiff filed suit.  At issue was whether the individuals interviewed were given an implied promise of

confidentiality so as to fall within a Privacy Act exemption.[2]  Id. at 1164.

The motion for summary judgment submitted by the FBI attached an affidavit of Special Agent Wroblewski.  Id. at 1167.  The affidavit was "based upon [the agent's] knowledge, upon information available to him in his official capacity, and upon decisions reached in accordance therewith."  Id.  Agent Wroblewski did not contact the agents who had conducted the interviews, but stated that the individuals interviewed were all impliedly assured of confidentiality.  Id. at 1167, 1171.  Londrigan moved to strike the affidavit "on the grounds that it was not based upon personal knowledge."  Id. at 1168.  The Court determined that, within the affidavit, the agent was competent to testify to his own observations upon review of the documents.  Id. at 1174.  The court also held that the agent was competent to testify about "agency[] procedures with respect to investigations during his own tenure therewith and earlier practices of which he possesse[d] personal knowledge."  Id.  Moreover, the Court determined that the agent was competent to testify about his personal experiences as an agent to the extent that they bore relevance to the case.  Id.  The court concluded that all of these parts of the affidavit rose to the level of Rule 56(e)'s demands.  Id. What the court disapproved of were the statements in the affidavit regarding whether the individuals interviewed by other FBI agents assumed that they were given confidentiality regarding the statements they made.  Id.  As information regarding confidentiality was not contained in the documents reviewed, Agent Wroblewski could not have known "exactly what kind of assurances, if any, were given to [the] providers of the information."  Id. at 1173.

---

[2] The information was provided by the individuals in 1961, well prior to the enactment of the Privacy Act.  However, the court sought to determine whether the information fell within the Privacy Act exemption for investigatory materials compiled prior to its enactment.  See id. at 1171-72.

Here, Investigator Gentile's declaration was based upon personal knowledge. The investigator was competent to testify regarding his review of the Exhibits 1 and 3 through 8, which are all United States Park Police Reports. He also was competent to testify about agency procedures with respect to the documents as well as his personal experiences as they related to such documents. Investigator Gentile did not make any assumptions in his declaration. He merely described his employment, duties and knowledge regarding the documents.

Therefore, the Gentile Declaration meets Rule 56's liberally construed directives regarding the contents of affidavits submitted on summary judgment, and should not be stricken.

Respectfully submitted,

/s/
KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney


/s/
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney


/s/
MARIAN L. BORUM,  D.C. Bar #435409
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C.  20530
(202) 514-6531

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 12th day of September, 2006, service of the foregoing was made by mailing copies thereof to:

Michael F. Wasserman<br>
9355 Tovito Drive<br>
Fairfax, Virginia 22031-3824

/s/
MARIAN L. BORUM
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C.  20530