UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Michael F. Wasserman

      vs.                        Civil Action No. 06-1005 (RWR)

Denise Rodacker, *et al*.

**SECOND AMENDED[1] MOTION FOR A FURTHER EXTENSION OF TIME IN WHICH TO OPPOSE DEFENDANTS' MOTION TO DISMISS (DOCKET #17) AND POINTS AND AUTHORITIES IN SUPPORT**

Pursuant to Rule 6(b)(1), plaintiff, Michael F. Wasserman, moves for a brief further extension of time in which to file his opposition to Defendants' Motion to Dismiss (docket #17), from September 11 to September 27, 2006. The grounds for this motion are that notwithstanding diligent efforts, plaintiff has not been able to complete his opposition and that defendants have served an additional affidavit in support of their motion to dismiss on August 31.

Plaintiff has diligently prosecuted this action. Defendants' Motion to Dismiss was filed on July 31, 2006. In response, plaintiff promptly moved for a ruling on whether the motion would be treated as one for summary judgment. On August 10, the court ruled that the motion to dismiss may be treated as one for summary judgment and gave plaintiff until Monday, September 11 to respond. On August 17, plaintiff moved to strike eight of the exhibits attached to the motion to dismiss. On Thursday, August 31, defendants filed an opposition to the motion to strike, to which they attached an additional declaration in support of the motion to dismiss, as well as a belated Local Rule 7(h) statement. On Monday, September 11, plaintiff filed a motion to strike defendants' additional declaration (docket #25) and a reply to defendants' opposition to the motion to strike (docket #26). Most recently, plaintiff has filed a reply to defendants' opposition

---

[1] On Monday, September 11, plaintiff filed a motion for extension of time until September 18, 2006. On that day, plaintiff filed an amended motion for an extension of time until today, September 25, 2006. No response to the motion has been filed and it is still pending decision of the court.

to his motion to strike defendants' additional declaration (docket #30). Both motions to strike are still pending decision of the court.

Preparation of plaintiff's opposition has involved extensive and detailed research into two complicated issues: (1) the right to a jury trial in actions under the Federal Tort Claims Act, *see, e.g.*, Roger W. Kirst, *Jury Trial and the Federal Tort Claims Act: Time to Recognize the Seventh Amendment Right*, 58 TEX. L. REV. 549 (1980), and whether the FTCA's provision for trial without a jury, codified at 28 U.S.C. § 2402, is severable from the exclusive remedy provision of the Westfall Act, 28 U.S.C. § 2679(b), and (2) defendant Rodacker's assertion of qualified immunity for a warrantless arrest under a District of Columbia police regulation adopted in 1961 without congressional authority. *See* Motion to Dismiss 10-13 (citing a few of the relevant cases); Exhibit A to Plaintiff's Motion for Sanctions (docket #23).

As of September 25, research into those matters has been substantially completed. Plaintiff has substantially completed a twenty-five page appendix containing transcripts of the pre-1800 printed materials supporting the argument that where the King had waived sovereign immunity, such suits were considered to arise at common law and issues of fact were invariably tried by jury. (*See* Attachment #1.) In addition, plaintiff has obtained opposing declarations (*see* Attachments #2, #3 and #4) and prepared a statement of material facts as to which there exists a genuine issue. (*See* Attachment #5.) However, as of this date plaintiff has not been able to complete work on the memorandum in opposition.

An extension until September 27 would also be consistent with the requirements of Rule 56. Rule 56(c) provides that a motion for summary judgment be served at least ten days before the time fixed for a hearing. Rule 6(d) provides that "[w]hen a motion is supported by affidavit, the affidavit shall be served with the motion." Because defendants submitted a further affidavit in

support of their motion on August 31—a month after they served their motion to dismiss—the ten days provided by Rule 56(c) should be calculated from that day. Excluding intervening weekends and Labor Day and adding three days for service by means other than personal delivery, ten days from August 31 was September 18. *See* Rule 6(a), (e).

In addition, plaintiff notes that defendants availed themselves of a two-week extension of time in which to file their motion to dismiss—and that was in addition to the sixty days they had from the date of service of the Complaint.

A proposed order is attached to this motion.

Dated: September 25, 2006

                                            Respectfully submitted,

                                            Michael F. Wasserman
                                            Plaintiff, *pro se*
                                            D.C. Bar No. 442898
                                            9355 Tovito Dr.
                                            Fairfax, VA 22031-3824
                                            (703) 591-0807
                                            mfwddc@gmail.com