UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Michael F. Wasserman

    vs.                        Civil Action No. 06-1005 (RWR)

Denise Rodacker, *et al.*

### STATEMENT OF MATERIAL FACTS AS TO WHICH THERE EXISTS A GENUINE ISSUE

Pursuant to Local Civil Rules 7(h) and 56.1 and the court's Order [21] of August 10, 2006, plaintiff, Michael F. Wasserman, submits this "separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, ... includ[ing] references to the parts of the record relied on to support the statement."

1. Plaintiff stopped completely and stood perfectly still when defendant Rodacker first touched him on the left shoulder. Wasserman Affidavit, Motion Ex. 10,[1] ¶ 5; Wasserman Declaration, Opp. Ex. A, ¶ 6.

2. Plaintiff at no time offered any violence or physical resistance to defendant Rodacker or to any other person. Wasserman Affidavit, Motion Ex. 10, ¶¶ 5, 9, 10; Wasserman Declaration, Opp. Ex. A, ¶ 6.

3. Defendant Rodacker never expressed an intent to cite plaintiff for failing to have his dogs on a leash. Wasserman Affidavit, Motion Ex. 10, ¶¶ 3, 4, 7; Wasserman Declaration, Opp. Ex. A, ¶ 5.

4. Defendant Rodacker never told plaintiff that he was under arrest for having his dogs off leash. Wasserman Affidavit, Motion Ex. 10, ¶ 7; Wasserman Declaration, Opp. Ex. A, ¶ 7.

---

1  *I.e.*, Exhibit 10 attached to the Memorandum in Support of Defendants' Motion to Dismiss (docket #17).

5. Defendant Rodacker arrested plaintiff not because he had dogs off leash, but solely because he had declined her request to speak with her and had walked away from her. Wasserman Affidavit, Motion Ex. 10, ¶¶ 2-4, 7, 11; Wasserman Declaration, Opp. Ex. A, ¶¶ 5, 7; Fletcher Declaration, Opp. Ex. B, ¶¶ 3-9; Defendants' Statement of Material Facts Not in Genuine Dispute[1] ¶¶ 8, 9.

6. Defendant Rodacker used unnecessary force against plaintiff after he was under arrest by twisting his arm behind his back and pushing it upward and by handcuffing him while he was being transported in her squad car. Wasserman Affidavit, Motion Ex. 10, ¶¶ 5, 7, 9, 10; Wasserman Declaration, Opp. Ex. A, ¶¶ 6, 8.

7. Plaintiff would have been released from the Rock Creek Station after booking on the morning of Sunday, February 20, 2005, had defendant Rodacker not charged him with Assault on a Police Officer, under D.C. Code § 22-405. Wasserman Affidavit, Motion Ex. 10, ¶ 7; Wasserman Declaration, Opp. Ex. A, ¶ 10.

8. Plaintiff was continuously imprisoned from the time defendant Rodacker placed him under arrest until he was released on Monday, February 21, 2005, at 3:00 p.m., on personal recognisance after initial appearance in the Superior Court of the District of Columbia. Wasserman Declaration, Opp. Ex. A, ¶ 13.

9. The Office of the United States Attorney for the District of Columbia never filed any charge against plaintiff. Mem. in Support of Defendants' Motion to Dismiss [17] at 5 n.5; Wasserman Declaration, Opp. Ex. A, ¶ 14.

---

[1] Attached to Defendants' Memorandum in Opposition to Motion to Strike (docket #24).

10. The Office of the Attorney General for the District of Columbia filed a one count information charging plaintiff with a single violation of 24 D.C.M.R. § 900.3 for having a dog off leash. Wasserman Declaration, Opp. Ex. A, ¶ 15 & attachment.

11. On March 16, 2005, at his arraignment, plaintiff pleaded not guilty to the information. Wasserman Declaration, Opp. Ex. A, ¶ 16.

12. On May 23, 2005, the Office of the Attorney General for the District of Columbia agreed to enter a nolle prosequi upon plaintiff's posting and forfeiting $25 security. There were no other terms to the agreement. In particular, plaintiff did not agree to forego any civil remedy that he might have arising from the arrest, battery and imprisonment. Wasserman Declaration, Opp. Ex. A, ¶ 17.

13. After defendant posted and forfeited the $25 security, the prosecution entered a nolle prosequi. No judge approved of or otherwise acted upon either the agreement or the nolle prosequi. Wasserman Declaration, Opp. Ex. A, ¶ 18.

Dated: September 18, 2006

Respectfully submitted,

/s/ Michael F. Wasserman
Plaintiff, *pro se*
D.C. Bar No. 442898
9355 Tovito Dr.
Fairfax, VA 22031-3824
(703) 591-0807
mfwddc@gmail.com