UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Michael F. Wasserman

    vs.                                  Civil Action No. 06-1005 (RWR)

Denise Rodacker, *et al.*

### FINAL AMENDED[1] MOTION FOR A FURTHER EXTENSION OF TIME IN WHICH TO OPPOSE DEFENDANTS' MOTION [17] TO DISMISS AND POINTS AND AUTHORITIES IN SUPPORT

Pursuant to Rule 6(b)(1), plaintiff, Michael F. Wasserman, moves for a further extension of time in which to file his opposition to Defendants' Motion [17] to Dismiss, from September 11 to September 30, 2006. The grounds for this motion are that notwithstanding diligent efforts, plaintiff has not been able to complete his opposition, that defendants served an additional affidavit in support of their motion on August 31, that the opposition involves complex issues requiring detailed historical research, and plaintiff needs a final, full day in a law library to finalize his memorandum, because he does not have access to either Lexis or Westlaw.

Plaintiff has diligently prosecuted this action. Defendants' Motion to Dismiss was filed on July 31, 2006. In response, plaintiff promptly moved for a ruling on whether the motion would be treated as one for summary judgment. On August 10, the court ruled that the motion to dismiss may be treated as one for summary judgment and gave plaintiff until Monday, September 11 to respond. On August 17, plaintiff moved [22] to strike eight of the exhibits attached to the motion to dismiss. On August 29, plaintiff filed a motion [23] for sanctions for some of the contentions made in support of the Motion to Dismiss.[2] On August 31, defendants filed an opposition [24] to

---

[1] On Monday, September 11, plaintiff filed a motion [27] for extension of time until September 18, 2006. On that day, plaintiff filed an amended motion [28] for an extension of time until September 25, 2006. On that day, plaintiff filed a second amended motion [31] for an extension of time until today, September 27, 2006. On that day, plaintiff filed a third amended motion [32] for an extension of time until today, September 29, 2006. No response to the motion has been filed and it is still pending decision of the court.

[2] Plaintiff had served the motion by hand on Monday, August 7. Defendants have not responded and the motion is still pending decision.

the motion to strike, to which they attached an additional declaration in support of the motion to dismiss, as well as a belated Local Rule 7(h) statement. On September 11, plaintiff filed a motion [25] to strike defendants' additional declaration and a reply [26] to defendants' opposition to the motion to strike. Most recently, plaintiff has filed a reply [30] to defendants' opposition [29] to his motion to strike defendants' additional declaration. Both motions to strike are now ripe for decision.

Preparation of plaintiff's opposition has involved extensive and detailed research into two complicated issues: (1) the right to a jury trial in actions under the Federal Tort Claims Act, *see, e.g.*, Roger W. Kirst, *Jury Trial and the Federal Tort Claims Act: Time to Recognize the Seventh Amendment Right*, 58 TEX. L. REV. 549 (1980), and whether the FTCA's provision for trial without a jury, codified at 28 U.S.C. § 2402, is severable from the exclusive remedy provision of the Westfall Act, 28 U.S.C. § 2679(b), and (2) defendant Rodacker's assertion of qualified immunity for a warrantless arrest under a District of Columbia police regulation adopted in 1961 without congressional authority. *See* Motion to Dismiss 10-13 (citing a few of the relevant cases); Exhibit A to Plaintiff's Motion [23] for Sanctions.

As of September 25, research into those matters had been substantially completed. Plaintiff has substantially completed a twenty-five[1] page appendix containing transcripts of the pre-1800 printed materials supporting the argument that where the King had waived sovereign immunity, such suits were considered to arise at common law and issues of fact were invariably tried by jury. (*See* Attachment #1 to [31].) In addition, plaintiff has obtained opposing declarations (*see* Attachments #2, #3 and #4 to [31]) and prepared a statement of material facts as to which there exists a genuine issue. (*See* Attachment #5 to [31].) However, as of this date plaintiff has not

---

1  As of September 29, the appendix has reached 43 pages, including statutes and cases from the year books.

been able to complete work on the memorandum in opposition. In particular, an extension of time until September 30, 2006, will permit the addition to the appendix of year book cases that are not readily available, parallel citations to the Full English Reprint for cases cited from the nominative reports, and pinpoint citations to modern reports.

An extension until September 29 would also be consistent with the requirements of Rule 56. Rule 56(c) provides that a motion for summary judgment be served at least ten days before the time fixed for a hearing. Rule 6(d) provides that "[w]hen a motion is supported by affidavit, the affidavit shall be served with the motion." Because defendants submitted a further affidavit in support of their motion on August 31—a month after they served their motion to dismiss—the ten days provided by Rule 56(c) should be calculated from that day. Excluding intervening weekends and Labor Day and adding three days for service by means other than personal delivery, ten days from August 31 was September 18. *See* Rule 6(a), (e).

In addition, plaintiff notes that defendants availed themselves of a two-week extension of time in which to file their motion to dismiss—and that was in addition to the sixty days they had from the date of service of the Complaint on the individual defendant, which itself was completed over two weeks after service on the Attorney General.

A proposed order is attached to this motion.

Dated: September 29, 2006

                                                  Respectfully submitted,


                                                  Michael F. Wasserman
                                                  Plaintiff, *pro se*
                                                  D.C. Bar No. 442898
                                                  9355 Tovito Dr.
                                                  Fairfax, VA 22031-3824
                                                  (703) 591-0807
                                                  mfwddc@gmail.com