UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Michael F. Wasserman

    vs.                              Civil Action No. 06-1005 (RWR)

Denise Rodacker, *et al.*

**STATEMENT OF MATERIAL FACTS AS TO
WHICH THERE EXISTS A GENUINE ISSUE**

    Pursuant to Local Civil Rules 7(h) and 56.1 and the court's Order [21] of August 10, 2006, plaintiff, Michael F. Wasserman, submits this "separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, ... includ[ing] references to the parts of the record relied on to support the statement."

1. On Sunday morning, Feburary 20, 2005, plaintiff Michael Wasserman was walking his dogs in Montrose Park. Wasserman Affidavit Motion Ex. 10[1] ¶¶ 1.

2. Defendant Denise Rodacker called out from behind plaintiff to ask whether he would answer some questions, without specifying the nature or reason for the questions. Wasserman Affidavit, Motion Ex. 10, ¶ 2-3. *Contra* Defendants' Statement of Material Facts Not in Genuine Dispute[2] ("DSOM") ¶ 3.

3. Plaintiff asserted to defendant Rodacker that he was not obliged to answer her questions and continued on his walk in a direction away from defendant Rodacker. Wasserman Affidavit, Motion Ex. 10, ¶ 3.

4. While plaintiff continued walking, defendant Rodacker ran to catch up to him, during which time they debated whether plaintiff was obliged to answer defendant's questions. Wasserman Affidavit, Motion Ex. 10, ¶ 4.

---

1  *I.e.*, Exhibit 10 attached to the Memorandum in Support of Defendants' [17] Motion to Dismiss.
2  Attached to Defendants' [24] Memorandum in Opposition to Motion to Strike.

5. After catching up to him, defendant Rodacker arrested plaintiff by placing her hand on his left shoulder. Wasserman Affidavit, Motion Ex. 10, ¶ 5.

6. As soon as defendant Rodacker arrested him, plaintiff stopped completely and stood perfectly still, facing in the direction of his former travel and away from defendant Rodacker. Wasserman Affidavit, Motion Ex. 10, ¶ 5; Wasserman Declaration, Opp. Ex. A, ¶ 6.

7. After defendant Rodacker arrested him, she told plaintiff, in response to his inquiry, that he was under arrest for "resisting arrest." Wasserman Affidavit, Motion Ex. 10, ¶ 7.

8. Neither plaintiff nor any person or animal at any time offered any violence or physical resistance to defendant Rodacker or to any other person. Wasserman Affidavit, Motion Ex. 10, ¶¶ 5, 9, 10; Wasserman Declaration, Opp. Ex. A, ¶ 6. *Contra* Defendants' SOM, ¶ 3.

9. Defendant Rodacker at no time expressed an intent to issue a citation to plaintiff for failing to have his dogs on a leash. Wasserman Affidavit, Motion Ex. 10, ¶¶ 3, 4, 7; Wasserman Declaration, Opp. Ex. A, ¶ 5.

10. Defendant Rodacker never told plaintiff that he was under arrest for having his dogs off leash. Wasserman Affidavit, Motion Ex. 10, ¶ 7; Wasserman Declaration, Opp. Ex. A, ¶ 7. *Contra* Defendants' SOM, ¶ 4.

11. After arresting him, defendant Rodacker's only questions to plaintiff before arriving at the station for booking were (1) whether he was carrying any weapons and (2) whether he wanted his friends to take custody of his dogs. Wasserman Affidavit, Motion Ex. 10, ¶ 11.

12. The United States Park Police, including defendant Rodacker, do not effect arrests for the purpose of charging violations of the leash laws. Fletcher Declaration, Opp. Ex. B, ¶¶ 4-12; Ihnat Declaration, Opp. Ex. C, ¶¶ 2-4 & attachment; DSOM, ¶¶ 8, 9.

13. Defendant Rodacker arrested plaintiff not because he had dogs off leash, but solely because plaintiff had declined her request to speak with her, said that he was not obliged to speak with her, and walked away from her. *Id.*; Wasserman Affidavit, Motion Ex. 10, ¶¶ 2-4, 7, 11; Wasserman Declaration, Opp. Ex. A, ¶¶ 5, 7. *Contra* Defendants' SOM, ¶ 4.

14. Defendant Rodacker used unnecessary force against plaintiff after he was under arrest by twisting his arm behind his back and pushing it upward and by handcuffing him behind his back while he was being transported in her squad car. Wasserman Affidavit, Motion Ex. 10, ¶¶ 5, 7, 9, 10; Wasserman Declaration, Opp. Ex. A, ¶¶ 6, 8.

15. Plaintiff would have been released from the Rock Creek Station after booking on the morning of Sunday, February 20, 2005, had defendant Rodacker not charged him with the felony offense of Assault on a Police Officer, under D.C. Code § 22-405. Wasserman Affidavit, Motion Ex. 10, ¶ 7; Wasserman Declaration, Opp. Ex. A, ¶ 10.

16. Plaintiff was continuously imprisoned from the time defendant Rodacker placed him under arrest until he was released on Monday, February 21, 2005, at 3:00 p.m., on personal recognizance after initial appearance in the Superior Court of the District of Columbia. Wasserman Declaration, Opp. Ex. A, ¶ 13. *Cf.* Defendants' SOM, ¶ 5.

17. The Office of the United States Attorney for the District of Columbia never filed any charge against plaintiff. Mem. in Support of [17] Defendants' Motion to Dismiss at 5 n.5; Wasserman Declaration, Opp. Ex. A, ¶ 14.

18. The Office of the Attorney General for the District of Columbia filed a one count information charging plaintiff with a single violation of 24 D.C.M.R. § 900.3 (1996) for having a dog off leash on public space. Wasserman Declaration, Opp. Ex. A, ¶ 15 & attachment. *Contra* Defendants' SOM, ¶ 5.

19. At his arraignment on March 16, 2005, plaintiff pleaded not guilty to the information filed on behalf of the District of Columbia. Wasserman Declaration, Opp. Ex. A, ¶ 16.

20. On May 23, 2005, the Office of the Attorney General for the District of Columbia agreed to enter a nolle prosequi upon plaintiff's posting and forfeiting $25 security. There were no other terms to the agreement. In particular, plaintiff did not agree to forego any civil remedy that he might have arising from the arrest, battery and imprisonment. Wasserman Declaration, Opp. Ex. A, ¶ 17. *Cf.* Defendants' SOM ¶ 6.

21. After defendant posted and forfeited $25 security, the prosecution entered a nolle prosequi. Wasserman Declaration, Opp. Ex. A, ¶ 18.

22. No judge approved of or otherwise acted upon either the agreement or the nolle prosequi. Wasserman Declaration, Opp. Ex. A, ¶ 18.

Dated: October 11, 2006

Respectfully submitted,

/s/ Michael F. Wasserman
Plaintiff, *pro se*
D.C. Bar No. 442898
9355 Tovito Dr.
Fairfax, VA 22031-3824
(703) 591-0807
mfwddc@gmail.com