UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Michael F. Wasserman

    vs.                        Civil Action No. 06-1005 (RWR)

Denise Rodacker, *et al.*

### AMENDED[1] MOTION FOR A FURTHER EXTENSION OF TIME IN WHICH TO OPPOSE DEFENDANTS' MOTION [17] TO DISMISS AND POINTS AND AUTHORITIES IN SUPPORT

Pursuant to Rule 6(b)(1), plaintiff, Michael F. Wasserman, moves for a further extension of time in which to file his opposition to Defendants' Motion [17] to Dismiss, from September 11 to Wednesday, October 18, 2006. The grounds for this motion are that notwithstanding diligent efforts, plaintiff has not been able to complete his opposition, that defendants served an additional affidavit in support of their motion on August 31; that the opposition involves complex issues requiring detailed historical research; plaintiff required a several full days in a law library to finalize his memorandum; because he does not have access to either Lexis or Westlaw; finalizing the appendix of historical sources, including hyperlinks between citations, has taken more time than anticipated (see [39] Attachment #1); plaintiff has had to research an annex of materials addressing the contentions made in the documents he has moved to strike, but which motion has not yet been decided by the court; the District of Columbia filed oppositions to dispositive motions plaintiff in the present case had filed in the prosecutions arising from the incidents documented in defendants' Exhibits 3 through 9, and consequently had to spend October 15 and 16 on preparing and filing reply memoranda. (See Attachments.)

---

[1] On Monday, September 11, plaintiff filed a motion [27] for extension of time until September 18, 2006. Since then, plaintiff has amended the motion eleven times: [28] to September 25, 2006; [31] to September 27, 2006; [32] to September 29, 2006; [33] to September 30, 2006; [34] to October 1, 2006; [35] to October 3, 2006; [36] to October 6, 2006; [37] to October 10, 2006, 8:00 a.m.; [38] to October 11, 2006; [39] to October 13, 2006; [40] to October 16, 2006. (The Clerk has deemed [33] and [34] duplicative of [35], presumably because the extensions requested fell on Saturday and Sunday, respectively. *Cf.* Fed. R. Civ. P. 6(a).) No response to the motion has been filed and it is still pending decision of the court.

Plaintiff has diligently prosecuted this action. Defendants' Motion to Dismiss was filed on July 31, 2006. In response, plaintiff promptly moved for a ruling on whether the motion would be treated as one for summary judgment. On August 10, the court ruled that the motion to dismiss may be treated as one for summary judgment and gave plaintiff until Monday, September 11 to respond. On August 17, plaintiff moved [22] to strike eight of the exhibits attached to the motion to dismiss. On August 29, plaintiff filed a motion [23] for sanctions for some of the contentions made in support of the Motion to Dismiss.[1] On August 31, defendants filed an opposition [24] to the motion to strike, to which they attached an additional declaration in support of the motion to dismiss, as well as a belated Local Rule 7(h) statement. On September 11, plaintiff filed a motion [25] to strike defendants' additional declaration and a reply [26] to defendants' opposition to the motion to strike. Most recently, plaintiff has filed a reply [30] to defendants' opposition [29] to his motion to strike defendants' additional declaration. Both motions to strike are now ripe for decision.

Preparation of plaintiff's opposition has involved extensive and detailed research into two complicated issues: (1) the right to a jury trial in actions under the Federal Tort Claims Act, *see, e.g.*, Roger W. Kirst, *Jury Trial and the Federal Tort Claims Act: Time to Recognize the Seventh Amendment Right*, 58 TEX. L. REV. 549 (1980), and plaintiff's Appendix (Attachment #1), and whether the FTCA's provision for trial without a jury, codified at 28 U.S.C. § 2402, is severable from the substitution and exclusive remedy provisions of the Westfall Act, 28 U.S.C. § 2679(b),[2]

---

1 Plaintiff had served the motion by hand on Monday, August 7. Defendants have not responded and the motion is still pending decision.
2 The question is one of choosing the proper remedy for the statute's denial of a constitutionally-required trial by jury. *See United States v. Booker*, 543 U.S. 220, 245 (2005). Plaintiff proposes that where the claimant has not waived his right to a jury trial, either by contracting with the government or by filing a claim against it—as plaintiff has not in this case—the appropriate remedy is that the FTCA's substitution and exclusivity clauses not apply to a claim against the officer, essentially returning the situation to that which existed at the time of the Supreme Court's unanimous decision in *Westfall v. Erwin*, 484 U.S. 292 (1987). The remedy is appropriate because Congress has provided for jury trials in cases brought against it only where the quantum of damages was

and (2) defendant Rodacker's assertion of qualified immunity for a warrantless arrest under a District of Columbia police regulation adopted in 1961 without congressional authority. *See* Motion to Dismiss 10-13 (citing a few of the relevant cases); Exhibit A to Plaintiff's Motion [23] for Sanctions.

As of this date, research into those matters had been substantially completed. Plaintiff has substantially completed a seventy-five page appendix containing transcripts of the pre-1800 printed materials supporting the argument that where the King had waived sovereign immunity, such suits were considered to arise at common law and issues of fact were invariably tried by jury. (*See* [39] Attachment #1.) In addition, plaintiff has prepared a statement of material facts as to which there exists a genuine issue (*see* [39] Attachment #2) and obtained opposing declarations. (*See* [39] Attachments #3, #4 and #5.) However, as of this date plaintiff has not been able to complete work on the memorandum in opposition.

An extension would also be consistent with the requirements of Rule 56. Rule 56(c) provides that a motion for summary judgment be served at least ten days before the time fixed for a hearing. Rule 6(d) provides that "[w]hen a motion is supported by affidavit, the affidavit shall be served with the motion." Because defendants submitted a further affidavit in support of their motion on August 31—a month after they served their motion to dismiss—the ten days provided by Rule 56(c) should be calculated from that day. Excluding intervening weekends and Labor Day and adding three days for service by means other than personal delivery, ten days from August 31 was September 18. *See* Rule 6(a), (e).

In addition, plaintiff notes that defendants availed themselves of a two-week extension of time in which to file their motion to dismiss—and that was in addition to the sixty days they had from

---

limited, *i.e.*, in tax refund, War Risk Insurance, and Title VII claims—the last, of course, being subject to a $300,000 limit on non-pecuniary damages.

the date of service of the Complaint on the individual defendant, which itself was completed over two weeks after service on the Attorney General.

A proposed order is attached to this motion.

Dated: October 16, 2006.

Respectfully submitted,


Michael F. Wasserman
Plaintiff, *pro se*
D.C. Bar No. 442898
9355 Tovito Dr.
Fairfax, VA 22031-3824
(703) 591-0807
mfwddc@gmail.com