SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CRIMINAL DIVISION

District of Columbia

      vs.                         Case No. 2006 CDC 13637

Michael F. Wasserman.

**REPLY IN SUPPORT OF MOTION TO DISMISS THE INFORMATION**

Defendant, Michael F. Wasserman, moved to dismiss the information because the regulation the information charges was violated does not apply to the place where the offense is supposed to have occurred. Specifically, defendant noted that the location alleged in the information is a United States Park Police station, whereas the regulation requires proof that the conduct be in a "building ... owned or under the control of the District of Columbia" and directed toward an "officer, employee, or agency of the District of Columbia Government." 1 D.C.M.R. § 102.1(a).

In its Opposition, at page 1, the government concedes that the location of the charged conduct was a United States Park Police station and that the agency involved was the United States Park Police.[1] It claims, however, that the court may dispense with allegation and proof of the two elements cited above—ownership or control of the District of Columbia and agency of the District of Columbia of Government—for two reasons. First, the government claims that cases holding that the criminal laws enacted for the District apply throughout the District—including on property that happens to be owned by the federal government—in some unspecified manner excuse the government from proving either of those elements of the charged offense. Second, as

---

[1]   The government also makes a number of other factual assertions, none of which are relevant to the grounds of defendant's motion to dismiss. Furthermore, the government does not cite anything in the record to support those allegations. The government's recitation seems to have no purpose other than as an attempt either to prejudice the court against defendant or to goad defendant into deposing himself on the case.

  If the government wishes to put its supposed facts before the court, it should amend the information or file an affidavit. *Cf. District of Columbia v. Morrissey*, 668 A.2d 792, n.1 (D.C. 1995) (reviewing dismissal of information: "Our factual statement is taken primarily from the affidavit filed ... in support of [the officer's] application for an arrest warrant."); *District of Columbia v. Jordan*, 232 A.2d 298 (D.C. 1967) (reviewing dismissal of information, court's opinion does not recite any facts, other than quoting the information).

had been anticipated by defendant's argument, the government points to 40 U.S.C. § 8103(a) as being applicable by virtue of its recent codification and as somehow eliminating both those elements from the regulation. None of the government's arguments has any merit. Accordingly, the motion should be granted and the information dismissed.

## I.  The Government Is Not Excused From Proving Every Element of an Offense Simply Because the Conduct Occurred on Federal Property.

The government inexplicably argues that it need not allege and prove every element of the offense defined by 1 D.C.M.R. § 102.1(a), simply because the offense occurred on federal property. The case the government principally relies on, *McEachin v. United States*, 432 A.2d 1212 (D.C. 1981), however, stands merely for the indisputable proposition that the laws of the District of Columbia apply throughout the District according to their terms, including on property that happens to be owned by the federal government, and that the Superior Court has jurisdiction over prosecutions under them. *Id.* at 1216; *see also, e.g.*, *Whittlesey v. United States*, 221 A.2d 86, 89 (D.C. 1966). Defendant has not contended otherwise. Indeed, defendant cited and discussed that very aspect of *McEachin* on page 8 of his Memorandum of Points and Authorities. What *McEachin* does not do, though, is excuse the government from alleging and proving every element of the offenses so prosecuted according to the terms of the law.

*McEachin* was a prosecution for three District offenses—possession of narcotics, unlawful entry, and petit larceny—all committed on Bolling Air Force Base. Unlike 1 D.C.M.R. § 102.1(a), none of those statutes had as an element proof of governmental ownership or control. The unlawful entry statute, § 824 of the 1901 Code,[1] is now codified at D.C. Code § 22-3302 (2001). Ever since its latest amendment in 1952, it has provided (emphasis added):

---

1   Act of Mar. 3, 1901, ch. 854, 31 Stat. 1324.

2

Any person who, without lawful authority, shall enter, or attempt to enter, **any public** or private dwelling, **building, or other property**, or part of such dwelling, building, or other property, against the will of the lawful occupant or of the person lawfully in charge thereof, or being therein or thereon, without lawful authority to remain therein or thereon shall refuse to quit the same on the demand of the lawful occupant, or of the person lawfully in charge thereof, shall be deemed guilty of a misdemeanor ....

The unlawful entry statute is written in general terms that apply to *all* property, private and public, locally- or federally-owned or occupied. Likewise, neither the possession statute, D.C. Code § 33-402 (1973),[1] nor the petit larceny statute, D.C. Code § 22-2202 (1973),[2] at issue in *McEachin* had as an element proof of government ownership, control or agency.

The court in *McEachin* cited several other cases in which prosecutions for District of Columbia Code offenses committed on federal property were upheld: *Davis v. United States*, 385 A.2d 757 (D.C. 1978) (conducting a lottery[3] in a Veterans Administration Hospital); *Arshack v.*

---

1  Subsection (a) of D.C. Code § 33-402 (1973), *repealed*, "District of Columbia Uniform Controlled Substances Act of 1981," Aug. 5, 1981, D.C. Law 4-29, 28 D.C. Reg. 3081, provided: "It shall be unlawful for any person to manufacture, possess, have under his control, sell, prescribe, administer, dispense, or compound any narcotic drug, except as authorized in this chapter."

2  Section 827 of the 1901 Code, 31 Stat. 1324, then codified at D.C. Code § 22-2202 (1973), *repealed*, "District of Columbia Theft and White Collar Crimes Act of 1982," Dec. 1, 1982, D.C. Law 4-164, § 602(z), 29 D.C. Reg. 3976, had provided (emphasis added): "Whoever shall feloniously take and carry away **any property** of value of less than $100, including things savoring of the realty, shall be fined not more than $200 or be imprisoned for not more than one year, or both."

3  Section 863 of the 1901 Code, 31 Stat. 1330, then codified at D.C. Code § 22-1501 (1973), had provided since 1938 (emphasis added):

   If any person shall **within the District** keep, set up, or promote, or be concerned as owner, agent, or clerk, or in any other manner, in managing, carrying on, promoting, or advertising, directly or indirectly, any policy lottery, policy shop, or any lottery, or shall sell or transfer any chance, right, or interest, tangible or intangible, in any policy lottery, or any lottery or shall sell or transfer any ticket, certificate, bill, token, or other device, purporting or intended to guarantee or assure to any person or entitle him to a chance of drawing or obtaining a prize to be drawn in any lottery, or in a game or device commonly known as policy lottery or policy or shall, for himself or another person, sell or transfer, or have in his possession for the purpose of sale or transfer, a chance or ticket in or share of a ticket in any lottery or any such bill, certificate, token, or other device, he shall be fined upon conviction of each said offense not more than $1,000 or be imprisoned not more than three years, or both. The possession of any copy or record of any such chance, right, or interest, or of any such ticket, certificate, bill, token, or other device shall be prima-facie evidence that the possessor of such copy or record did, at the time and place of such possession, keep set up, or promote, or was at such time and place concerned as owner, agent, or clerk, or otherwise in managing, carrying on, promoting, or advertising a policy lottery, policy shop, or lottery.

*United States*, 321 A.2d 845 (D.C. 1974) (impeding passage within a Capitol Building[1] inside the United States Capitol), *Carson v. United States*, 419 A.2d 996 (D.C. 1980) (unlawful entry on White House grounds); *Whittlesey v. United States*, 221 A.2d 86 (D.C. 1966) (same). Except for *Arshack*—in which the element of being inside the Capitol was confessed by the defendants— none of the offenses had as an element the ownership, control or agency of any government.

In the present case, on the other hand, the offense charged, 1 D.C.M.R. § 102.1(a), has the following elements (emphasis added):

[1]  ... willfully and knowingly ...

[2]  Utter[ing] loud, threatening, or abusive language, or engag[ing] in any disorderly or engage in any disorderly or disruptive conduct

[3]  within any building or part of any building

[4]  **owned or under the control of the District of Columbia**

[5]  with the intent to impede, disrupt, or disturb ...

[6]  the orderly conduct of official business of

[7]  any officer, employee, or agency

[8]  **of the District of Columbia Government** ....

As the government has conceded, it has not alleged and cannot prove the existence of both the fourth and the eighth elements. Accordingly, the information should be dismissed.

## II. Section 8103(a) of title 40 of the United States Code Does Not Apply to the Order-and-Decorum Regulation, 1 D.C.M.R. § 102.1(a).

The government tacitly concedes that 40 U.S.C. § 8103(a) applies only to District regulations that were in existence before the relevant enactment date. The government, however, incorrectly supposes that the relevant enactment date is 2002, the date of the statute that enacted title 40 into law, Pub. L. 107-217, 116 Stat. 1062 (Aug. 21, 2002). The government has overlooked the fact

---

1  D.C. Code § 9-123(b)(5) (1973), now codified at D.C. Code 10-503.16(b)(5) (2001), provided since 1967 (emphasis added): "It shall be unlawful for any person or group of persons willfully and knowingly ... to obstruct, or to impede passage through or within, ... any of the **Capitol Buildings**."

that in the codifying statute, Congress expressly preserved the dates of enactment of the various

statutes that it codified in title 40. That issue was covered by defendant's Memorandum of Points

and Authorities, in a passage evidently overlooked by the government, at pages 2 to 3 (emphasis

added):

> The provision the government relies on is found in title 40 of the United States Code. Congress enacted title 40 into law in 2002. Pub. L. 107-217, 116 Stat. 1062 (Aug. 21, 2002). In enacting the title, Congress made very clear that it was making no substantive changes to the laws so codified. Section 5(b)(1) of Public Law 107-217 provides that the "Act makes no substantive change in existing law and may not be construed as making a substantive change in existing law." 116 Stat. 1303. Section 5(b)(2) provides that **"to ensure that this Act makes no substantive change in existing law, the date of enactment of a provision restated in section 1 or 2 of this Act is deemed to remain unchanged, continuing to be the date of enactment of the underlying provision of public law that is being restated."** *Id.* Finally, § 5(f) provides: "An inference of a legislative construction is not to be drawn by reason of the location in the United States Code of a provision enacted by this Act or by reason of a caption or catch line of the provision." 116 Stat. 1304. Therefore, to understand the meaning of § 8103(a) it is necessary to examine the statute from which it was derived.

Section 1 of Pubic Law 107-217 enacted the whole of title 40 into law, including § 8103(a).

*See* 116 Stat. 1062, 1205 (*see* Exhibit A). Therefore, by the terms of § 5(b)(2) of the codifying

Act, *id*. at 1303 (*see* Exhibit A) (emphasis added), "the date of enactment of [§ 8103(a)] **is**

**deemed to remain unchanged**, continuing to be the date of enactment of the underlying

provision of public law that is being restated" in that section. As the House Report states, the

"provision of public law" underlying § 8103 is the Act of **July 29, 1892**, ch. 320, § 15, 27 Stat.

325. *See* H. Rep. 107-479, *Revision of Title 40, United States Code, "Public Buildings, Property,*

*and Works,"* at 87 (May 20, 2002) (*see* Exhibit B). Therefore, by the plain terms of § 5(b)(2) of

Public Law 107-217, the relevant date of enactment for § 8103(a) is July 29, 1892. Because that

was over 75 years *before* the District of Columbia Council adopted the regulation now codified at

1 D.C.M.R. § 102.1(a), § 8103(a) cannot have any effect on this case.

5

Finally, even were § 8103(a) to apply to regulations in existence in 2002, and even if it were sufficient by its terms to transmute "any building or part of any building owned or under the control of the District of Columbia" into "any building or part of any building owned or under the control of the United States," the government has offered no theory whatsoever by which the phrase "any officer, employee, or agency of the District of Columbia Government" may be transmogrified into "any officer, employee, or agency of the United States Government."

Because the government must allege and prove every element of 1 D.C.M.R. § 102.1(a) and because the government has conceded that it has not and cannot do that, the information should be dismissed.

Dated:  October 16, 2006.

Respectfully submitted,


Michael F. Wasserman
9355 Tovito Dr.
Fairfax, VA 22031-3824
(703) 591-0807

## CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2006, I mailed a copy of this paper to:

Brittany Keil, Esq.
Assistant Attorney General
Office of the Attorney General
Criminal Section, Ste 450-N
441 4th St, NW
Washington, DC 20001


Michael F. Wasserman

6

In the Superior Court of the District of Columbia
Criminal Division

*District of Columbia v. Michael F. Wasserman*

# Case No. 2006 CDC 13637

**Reply in Support of Motion to Dismiss to the Information**

# Exhibit A

116 STAT. 1062        PUBLIC LAW 107–217—AUG. 21, 2002

## Public Law 107–217
## 107th Congress

### An Act

Aug. 21, 2002
[H.R. 2068]

To revise, codify, and enact without substantive change certain general and perma-
nent laws, related to public buildings, property, and works, as title 40, United
States Code, "Public Buildings, Property, and Works".

*Be it enacted by the Senate and House of Representatives of
the United States of America in Congress assembled*,

40 USC note
prec. 101.

**SECTION 1. TITLE 40, UNITED STATES CODE.**

Certain general and permanent laws of the United States, related
to public buildings, property, and works, are revised, codified, and
enacted as title 40, United States Code, "Public Buildings, Property,
and Works", as follows:

# TITLE 40—PUBLIC BUILDINGS,
# PROPERTY, AND WORKS

| SUBTITLE | | Sec. |
|---|---|---|
| I. | FEDERAL PROPERTY AND ADMINISTRATIVE SERVICES | 101 |
| II. | PUBLIC BUILDINGS AND WORKS | 3101 |
| III. | INFORMATION TECHNOLOGY MANAGEMENT | 11101 |
| IV. | APPALACHIAN REGIONAL DEVELOPMENT | 14101 |
| V. | MISCELLANEOUS | 17101 |

## SUBTITLE I—FEDERAL PROPERTY AND
## ADMINISTRATIVE SERVICES

| CHAPTER | | Sec. |
|---|---|---|
| 1. | GENERAL | 101 |
| 3. | ORGANIZATION OF GENERAL SERVICES ADMINISTRATION | 301 |
| 5. | PROPERTY MANAGEMENT | 501 |
| 7. | FOREIGN EXCESS PROPERTY | 701 |
| 9. | URBAN LAND USE | 901 |
| 11. | SELECTION OF ARCHITECTS AND ENGINEERS | 1101 |
| 13. | PUBLIC PROPERTY | 1301 |

### CHAPTER 1—GENERAL

#### SUBCHAPTER I—PURPOSE AND DEFINITIONS

Sec.
101. Purpose.
102. Definitions.

#### SUBCHAPTER II—SCOPE

111. Application to Federal Property and Administrative Services Act of 1949.
112. Applicability of certain policies, procedures, and directives in effect on July 1,
     1949.
113. Limitations.

(c) EJECTION OF TRESPASSER.—The marshal shall have the trespasser ejected from the public land and shall restore possession of the land to the officer charged by law with the custody of the land.

### § 8102. Protection of Federal Government buildings in District of Columbia

The Attorney General and the Secretary of the Treasury may prohibit—

> (1) a vehicle from parking or standing on a street or roadway adjacent to a building in the District of Columbia—
>> (A) at least partly owned or possessed by, or leased to, the Federal Government; and
>> (B) used by law enforcement authorities subject to their jurisdiction; and
> (2) a person or entity from conducting business on property immediately adjacent to a building described in paragraph (1).

### § 8103. Application of District of Columbia laws to public buildings and grounds

(a) APPLICATION OF LAWS.—Laws and regulations of the District of Columbia for the protection of public or private property and the preservation of peace and order are extended to all public buildings and public grounds belonging to the Federal Government in the District of Columbia.

(b) PENALTIES.—A person shall be fined under title 18, imprisoned for not more than six months, or both if the person—

> (1) is guilty of disorderly and unlawful conduct in or about those public buildings or public grounds;
> (2) willfully injures the buildings or shrubs;
> (3) pull downs, impairs, or otherwise injures any fence, wall, or other enclosure;
> (4) injures any sink, culvert, pipe, hydrant, cistern, lamp, or bridge; or
> (5) removes any stone, gravel, sand, or other property of the Government, or any other part of the public grounds or lots belonging to the Government in the District of Columbia.

### § 8104. Regulation of private and semipublic buildings adjacent to public buildings and grounds

(a) FACTORS FOR DEVELOPMENT.—In view of the provisions of the Constitution respecting the establishment of the seat of the National Government, the duties it imposed on Congress in connection with establishing the seat of the National Government, and the solicitude shown and the efforts exerted by President Washington in the planning and development of the Capital City, the development should proceed along the lines of good order, good taste, and with due regard to the public interests involved, and a reasonable degree of control should be exercised over the architecture of private or semipublic buildings adjacent to public buildings and grounds of major importance.

(b) SUBMISSION OF APPLICATION TO COMMISSION OF FINE ARTS.— The Mayor of the District of Columbia shall submit to the Commission on Fine Arts an application for a permit to erect or alter any building, a part of which fronts or abuts on the grounds of the Capitol, the grounds of the White House, the part of Pennsylvania Avenue extending from the Capitol to the White House,

PUBLIC LAW 107–217—AUG. 21, 2002          116 STAT. 1303

(6) In section 44305(a)(1), strike "sections 1 and 2 of the Government Losses in Shipment Act (40 U.S.C. 721, 722)" and substitute "sections 17302 and 17303 of title 40".

(7) In section 47107(a)(17), strike "title IX of the Federal Property and Administrative Services Act of 1949 (40 U.S.C. 541 et seq.)" and substitute "chapter 11 of title 40".

(8) In section 47112(b), strike "the Act of March 3, 1931 (known as the Davis-Bacon Act) (40 U.S.C. 276a—276a–5)" and substitute "sections 3141–3144, 3146, and 3147 of title 40".

(9) In section 49111(d)(1), strike "section 5 of the Act of June 6, 1924 (40 U.S.C. 71d)," and substitute "section 8722 of title 40".

(o) VETERANS' BENEFITS PROGRAMS IMPROVEMENT ACT OF 1991.— Section 403(e) of the Veterans' Benefits Programs Improvement Act of 1991 (Pub. L. 102–86, 105 Stat. 424) is amended by striking "section 303b of title 40, sections 483 and 484 of title 40" and substituting "subchapter II of chapter 5 of title 40, sections 541– 555 and 1302 of title 40". 38 USC 2400 note.

### SEC. 4. REPEAL OF TITLE V OF THE FEDERAL PROPERTY AND ADMINISTRATIVE SERVICES ACT OF 1949.

Title V of the Federal Property and Administrative Services Act of 1949 (ch. 288), as added by section 6(d) of the Act of September 5, 1950 (ch. 849, 64 Stat. 583), is repealed. 44 USC note prec. 101.

### SEC. 5. LEGISLATIVE PURPOSE AND CONSTRUCTION.
40 USC note prec. 101.

(a) PURPOSE.—The purpose of this Act is to revise, codify, and enact without substantive change the general and permanent laws of the United States related to public buildings, property, and works, in order to remove ambiguities, contradictions, and other imperfections and to repeal obsolete, superfluous, and superseded provisions.

(b) NO SUBSTANTIVE CHANGE.—

(1) IN GENERAL.—This Act makes no substantive change in existing law and may not be construed as making a substantive change in existing law.

(2) DEEMED DATE OF ENACTMENT FOR CERTAIN PURPOSES.— For purposes of determining whether one provision of law supersedes another based on enactment later in time, and otherwise to ensure that this Act makes no substantive change in existing law, the date of enactment of a provision restated in section 1 or 2 of this Act is deemed to remain unchanged, continuing to be the date of enactment of the underlying provision of public law that is being restated.

(3) INCONSISTENT LAWS ENACTED AFTER MARCH 31, 2002.— This Act restates certain laws enacted before April 1, 2002. Any law enacted after March 31, 2002, that is inconsistent with this Act, including any law purporting to amend or repeal a provision that is repealed by this Act, supersedes this Act to the extent of the inconsistency.

(c) REFERENCES.—A reference to a law replaced by section 1 or 2 of this Act, including a reference in a regulation, order, or other law, is deemed to refer to the corresponding provision enacted by this Act.

(d) CONTINUING EFFECT.—An order, rule, or regulation in effect under a law replaced by section 1 or 2 of this Act continues in

In the Superior Court of the District of Columbia
Criminal Division

*District of Columbia v. Michael F. Wasserman*

# Case No. 2006 CDC 13637

**Reply in Support of Motion to Dismiss to the Information**

# Exhibit B

107TH CONGRESS
2d Session
} HOUSE OF REPRESENTATIVES { REPORT
107–479

## REVISION OF TITLE 40, UNITED STATES CODE, "PUBLIC BUILDINGS, PROPERTY, AND WORKS"

MAY 20, 2002.—Referred to the House Calendar and ordered to be printed

Mr. SENSENBRENNER, from the Committee on the Judiciary, submitted the following

# R E P O R T

[To accompany H.R. 2068]

[Including cost estimate of the Congressionsl Budget Office]

The Committee on the Judiciary, to whom was referred the bill (H.R. 2068) to revise, codify, and enact without substantive change certain general and permanent laws as title 40, United States Code, "Public Buildings, Property, and Works", having considered the same, reports favorably thereon with an amendment in the nature of a substitute and recommends that the bill, as amended, do pass.

### CONTENTS

| | Page |
|---|---|
| Committee Amendment | 1 |
| General Explanation | 2 |
| Hearings | 3 |
| Committee Consideration | 4 |
| Vote of the Committee | 4 |
| Committee Oversight Findings | 4 |
| New Budget Authority and Tax Expenditures | 4 |
| Congressional Budget Office Cost Estimate | 4 |
| Performance Goals and Objectives | 5 |
| Constitutional Authority Statement | 5 |
| Section-by-Section Summary | 5 |
| Markup Transcript | 288 |

### COMMITTEE AMENDMENT

The text of the amendment appears in italic type in the reported bill.

99–006

Plan No. I of 1939 (eff. July 1, 1939, 53 Stat. 1426, 1427)] because of section 103(a) of the Federal Property and Administrative Services Act of 1949 (ch. 288, 63 Stat. 380), which is restated as section 303(c) of the revised title.

In subsection (a), the words "through the War Department" in section 1797 of the Revised Statutes are omitted because of section 3 of the Act of February 26, 1925 (ch. 339, 43 Stat. 983).

In subsection (b), the words "If the Administrator . . . decides" are substituted for "when it shall be made to appear to the said Administrator" for clarity. The words "in the District of Columbia" are omitted as unnecessary. The words "the Administrator and the officer in charge" are substituted for "the officer in charge" for clarity.

SECTION 8102

| Revised Section | Source (U.S. Code) | Source (Statutes at Large) |
|---|---|---|
| 8102 ..................... | 40:137. | Pub. L. 104–132, title VIII, §803, Apr. 24, 1996, 110 Stat. 1305. |

SECTION 8103

| Revised Section | Source (U.S. Code) | Source (Statutes at Large) |
|---|---|---|
| 8103 ..................... | 40:101. | July 29, 1892, ch. 320, §15, 27 Stat. 325; Pub. L. 90–108, §2, Oct. 20, 1967, 81 Stat. 277. |

In subsection (b), the word "enclosure" is substituted for "inclosure" to use the more understood term.

SECTION 8104

| Revised Section | Source (U.S. Code) | Source (Statutes at Large) |
|---|---|---|
| 8104 ..................... | 40:121. | May 16, 1930, ch. 291, §1, 46 Stat. 366; July 31, 1939, ch. 400, 53 Stat. 1144. |

In this chapter, the word "Mayor" is substituted for "Commissioners" [meaning the Board of Commissioners of the District of Columbia] [subsequently changed to "Commissioner" (meaning the Commissioner of the District of Columbia) because of section 401 of Reorganization Plan No. 3 of 1967 (eff. Nov. 3, 1967, 81 Stat. 951)] because of section 421 of the District of Columbia Home Rule Act (Public Law 93–198, 87 Stat. 789).

In subsection (a), the words "it is hereby declared that" are omitted as unnecessary.

In subsection (b), the words "To this end, hereafter" are omitted as unnecessary.

SECTION 8105

| Revised Section | Source (U.S. Code) | Source (Statutes at Large) |
|---|---|---|
| 8105 ..................... | 40:128. | June 14, 1946, ch. 404, §8, 60 Stat. 258. |

The words "On and after June 14, 1946" are omitted as obsolete. The words "National Capital Planning Commission" are substituted for "National Capital Park and Planning Commission" because of section 9 of the Act of June 6, 1924 (ch. 270), as added by section 1 of the Act of July 19, 1952 (ch. 949, 66 Stat. 790). See section