SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CRIMINAL DIVISION

District of Columbia

     vs.                                   Case No. 2006 CDC 13638

Michael F. Wasserman.

**REPLY IN SUPPORT OF MOTION TO DISMISS THE INFORMATION**

In his Memorandum in support of his Motion, defendant, Michael F. Wasserman, demonstrated that the dog leash regulation is void, having been made by the Commissioners of the District of Columbia before they received statutory authority. In its Opposition, the government concedes that point. Instead, relying on provisions of the Documents Act of 1979, the government seems to contend that the subsequent publication of the leash regulation in the District of Columbia Municipal Regulations validated the previously void regulation. Its contention has no merit.[1]

Despite the government's concession that the regulation was void when the Commissioners purported to adopt it in 1961, it asserts that because it "is currently published in the DCMR, it is legally effective." Opp. at 4. The District of Columbia Court of Appeals—then at District's urging—rejected a similar contention in *Sheetz v. District of Columbia*, 629 A.2d 515 (D.C. 1993). In *Sheetz*, the court addressed a situation in which the Office of Documents had published an edition of the DCMR containing a regulation that the Council had previously repealed. The court rejected the argument that publication in the DCMR caused the repealed regulation to

---

[1] The government devotes much of its Opposition to a recitation of purported facts, none of which are relevant to either the grounds of defendant's motion to dismiss or the government's opposition. Furthermore, the government does not cite anything in the record to support those alleged facts. The recitation seems to have no purpose other than as either an attempt to prejudice the court against defendant or a goad to cause defendant depose himself on the case.

   If the government wishes to put its supposed facts before the court, it should amend the information or file an affidavit. *Cf. District of Columbia v. Morrissey*, 668 A.2d 792, n.1 (D.C. 1995) (reviewing dismissal of information) ("Our factual statement is taken primarily from the affidavit filed ... in support of [the officer's] application for an arrest warrant."); *District of Columbia v. Jordan*, 232 A.2d 298 (D.C. 1967) (reviewing dismissal of information, court's opinion does not recite any facts, other than quoting the information).

remain in effect. Relying on the provision of the Documents Act now codified at § 2-561, the court held that the "District's Municipal Regulations are prima facie evidence, but not conclusive evidence, of the law. ... [B]ecause the statutory presumption that a provision of the Municipal Regulations was 'duly enacted' is a rebuttable one, courts must look behind the text of the regulation as it appears in the DCMR when the accuracy of that text is challenged." As the government in the present case has conceded, a "look behind the text of the [leash] regulation as it appears in the DCMR" reveals that it was made without authority. Therefore the leash regulation remains void, despite having been published in the DCMR.

Notwithstanding the government's implication to the contrary, the Documents Act did not endow the agency charged with compiling and publishing the DCMR with general rule- or law-making authority. Section 2 of the District of Columbia Documents Act[1] established the District of Columbia Office of Documents. D.C. Code § 2-611 (2001). The Office of Documents has responsibility for "preparation, editing, printing, and public distribution of the District of Columbia Statutes-at-Large, the District of Columbia Register, and the District of Columbia Municipal Regulations." *Id.* § 2-611(c). Section 3 of the Documents Act created the position of Administrator of the Office of Documents. *Id.* § 2-612. The act requires the Administrator to "[s]upervise, manage, and direct the preparation, editing, printing and public distribution of all legal publications of the District of Columbia government." *Id.* § 2-612(1). The Administrator has authority to "[p]romulgate appropriate rules of procedure to implement" sections 2-611 and 2-612. *Id.* § 2-612(2). The law does not give the Administrator any other rule- or law-making power (or even excuse the Office of Documents from the generally-applicable notice-and-

---

1  D.C. Law 2-153, Mar. 6, 1979, 25 D.C. R<small>EG</small>. 6960.

comment requirements of D.C. Code § 2-505). Thus, mere publication by the Office of Documents of a text in the DCMR does not establish it as a valid and enforceable regulation.

The government's reliance on § 2-558(b)[1] is wholly misplaced. That subsection concerns regulations made *after* the date of the Documents Act, that is, after March 6, 1979. The government does not dispute that the Commissioners' Order at issue in this case was made in 1961, almost twenty years *before* the Documents Act. Furthermore, § 2-558(b) manifestly creates an *additional* prerequisite to a document's legal effectiveness; it does not purport to repeal or excuse noncompliance any other requirement of law. Because the Commissioners failed to comply with the requirement that they have statutory authority at the time they adopted the leash regulation—a conclusion that the government does *not* dispute—the leash regulation is void, even though it was subsequently published in the DCMR.

There is a provision of the Documents Act that does deal with regulations adopted before March 6, 1979. However, it does not help the government's case, either. Subsection (a) of § 2-558 provides (emphasis added):

> Notwithstanding any other provision of this subchapter, any rule, regulation, or document having general applicability and legal effect which has been adopted or enacted by the Commissioner, the Mayor, the District of Columbia Council, an agency, or other instrumentality of the District before March 6, 1979, and *which is not published in the District of Columbia Municipal Regulations on or before June 30, 1984, shall not be in effect thereafter*.

Thus, § 2-558(a) actually "*repealed* all regulations not published in the DCMR on or before June 30, 1984." *Draude v. District of Columbia Board of Zoning Adjustment*, 527 A.2d 1242, n.1

---

[1] "Except in the case of emergency rules or acts, no rule or document of general applicability and legal effect adopted or enacted *on or after March 6, 1979*, shall become effective until after its publication in the District of Columbia Register, nor shall such rule or document of general applicability and legal effect become effective if it is required by law, other than subchapter I of this chapter or this subchapter, to be otherwise published, until such rule or document of general applicability and legal effect is also published as required by such law." (Emphasis added.)

Section 2-558 is contained in title III of the District of Columbia Administrative Procedure Act, entitled "Legal Publication," D.C. Code §§ 2-551 to 2-562 (2001), which was added by § 4 of the Documents Act.

(D.C. 1987) (emphasis added). Subsection (a) says nothing about validating previously void or invalid regulations merely by the Office of Documents publishing them.

 The government has conceded, as it must, that the Commissioners' Order establishing the leash regulation was void when it was made in 1961. There is no merit to the government's argument that subsequent publication in the DCMR somehow validated the void 1961 order. Therefore, defendant's motion to dismiss the information should be granted.

Dated: October 16, 2006.

                Respectfully submitted,


                Michael F. Wasserman
                9355 Tovito Dr.
                Fairfax, VA 22031-3824
                (703) 591-0807

## CERTIFICATE OF SERVICE

 I hereby certify that on October 16, 2006, I mailed a copy of this paper to:

Brittany Keil, Esq.
Assistant Attorney General
Office of the Attorney General
Criminal Section, Ste 450-N
441 4th St, NW
Washington, DC 20001


                Michael F. Wasserman