UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Michael F. Wasserman

vs.                               Civil Action No. 06-1005 (RWR)

Denise Rodacker, *et al.*

**AMENDED[1] MOTION FOR A FURTHER EXTENSION OF TIME IN
WHICH TO OPPOSE DEFENDANTS' MOTION [17] TO DISMISS
AND POINTS AND AUTHORITIES IN SUPPORT**

Pursuant to Rule 6(b)(1), plaintiff, Michael F. Wasserman, moves for a further extension of

time in which to file his opposition to Defendants' Motion [17] to Dismiss, from October 13 to

Monday, November 6, 2006. Pursuant to the court's October 25 minute order,[2] plaintiff consulted

with counsel for the government by emailing a draft of this motion at 2:23 p.m. today and by

calling opposing counsel by telephone and leaving a telephone message at 2:28 p.m. today. The

result of the consultation was a reply by email sent at 2:33 p.m. stating, in its entirety: "The

government will not consent to your motion."

The grounds for this motion are that notwithstanding diligent efforts, plaintiff has not been

able to complete his opposition, that defendants served an additional affidavit in support of their

motion on August 31; that the opposition involves complex issues requiring detailed historical

---

1   On Monday, September 11, plaintiff filed a motion [27] for extension of time until September 18, 2006. Since
    then, plaintiff has amended the motion fifteen times: [28] to September 25, 2006; [31] to September 27, 2006;
    [32] to September 29, 2006; [33] to September 30, 2006; [34] to October 1, 2006; [35] to October 3, 2006; [36]
    to October 6, 2006; [37] to October 10, 2006, 8:00 a.m.; [38] to October 11, 2006; [39] to October 13, 2006;
    [40] to October 16, 2006; [41] to October 18, 2006; [42] to October 20, 2006; [43] to October 23, 2006; [44] to
    October 30, 2006. (The Clerk deemed [33] and [34] duplicative of [35], presumably because the extensions
    requested fell on Saturday and Sunday, respectively. *Cf.* Fed. R. Civ. P. 6(a).) On October 25, 2006, the court by
    minute order granted the motion as amended to extend the due date to October 13, 2006, *i.e.*, numbers [27, 28,
    31, 32, 35, 36, 37, 38, and 39]. The defendants have not filed a response to the motion.
2   The court's minute order referred to compliance with Local Rule 7(m). Plaintiff was aware of the requirements of
    that rule, but thought that it did not apply to *pro se* parties such as himself because it refers only to "counsel" and
    "opposing counsel," not "parties" or "*pro se* parties." *Compare, e.g.*, LCvR 5.2(a) (referring to "counsel and
    parties"); LCvR 5.4(b)(6), (d)(1), (d)(2), (g)(3) (referring to "counsel and pro se parties" or "counsel and
    parties"); LCvR 16.3(a) (referring to "Counsel (including any nonprisoner *pro se* party)"). Plaintiff understands
    the court's October 25 minute order as a requirement that in this case, plaintiff shall henceforth confer with
    counsel for defendants as required by Local Rule 7(m).

research; plaintiff required several full days in a law library to finalize his memorandum; because

he does not have access to either Lexis or Westlaw; finalizing the appendix of historical sources,

including hyperlinks between citations, has taken more time than anticipated (see [39]

Attachment #1); plaintiff has had to research an annex of materials addressing the contentions

made in the documents he has moved to strike, but which motion has not yet been decided by the

court; the District of Columbia filed oppositions to dispositive motions plaintiff in the present

case had filed in the prosecutions arising from the incidents documented in defendants' Exhibits

3 through 9, and consequently had to spend October 15 and 16 on preparing and filing reply

memoranda (*see* [41] Attachments); on Monday, October 30, 2006, was required to wait in

Superior Court on those same matters nearly the entire business day in order to obtain a new

appearance day, because the magistrate judge had not been given the motion papers until that

morning and ultimately determined that he could not make a ruling on the issues.

   Plaintiff has diligently prosecuted this action. Defendants' Motion to Dismiss was filed on

July 31, 2006. In response, plaintiff promptly moved for a ruling on whether the motion would be

treated as one for summary judgment. On August 10, the court ruled that the motion to dismiss

may be treated as one for summary judgment and gave plaintiff until Monday, September 11 to

respond. On August 17, plaintiff moved [22] to strike eight of the exhibits attached to the motion

to dismiss. On August 29, plaintiff filed a motion [23] for sanctions for some of the contentions

made in support of the Motion to Dismiss.[1] On August 31, defendants filed an opposition [24] to

the motion to strike, to which they attached an additional declaration in support of the motion to

dismiss, as well as a belated Local Rule 7(h) statement. On September 11, plaintiff filed a motion

[25] to strike defendants' additional declaration and a reply [26] to defendants' opposition to the

---

1   Plaintiff had served the motion by hand on Monday, August 7. Defendants have not responsed and the motion is
    still pending decision.

motion to strike. Most recently, plaintiff has filed a reply [30] to defendants' opposition [29] to his motion to strike defendants' additional declaration. Both motions to strike are now ripe for decision.

Preparation of plaintiff's opposition has involved extensive and detailed research into two complicated issues: (1) the right to a jury trial in actions under the Federal Tort Claims Act, *see, e.g.*, Roger W. Kirst, *Jury Trial and the Federal Tort Claims Act: Time to Recognize the Seventh Amendment Right*, 58 Tex. L. Rev. 549 (1980), and plaintiff's Appendix (Attachment #1), and whether the FTCA's provision for trial without a jury, codified at 28 U.S.C. § 2402, is severable from the substitution and exclusive remedy provisions of the Westfall Act, 28 U.S.C. § 2679(b),[1] and (2) defendant Rodacker's assertion of qualified immunity for a warrantless arrest under a District of Columbia police regulation adopted in 1961 without congressional authority. *See* Defendants' [17] Motion to Dismiss 10-13 (citing a few of the relevant cases); Barbara J. Shapiro, Beyond Reasonable Doubt and Probable Cause 127-45 (1991) (discussing the development of the probable cause standard in the context of warrantless arrests); Exhibit A to Plaintiff's [23] Motion for Sanctions (arguing invalidity of the 1961 police regulation).

As of this date, research into the jury-trial matter has been substantially completed. Plaintiff has substantially completed a seventy-five page appendix containing transcripts of the pre-1800 printed materials supporting the argument that where the King had waived sovereign immunity, such suits were considered to arise at common law and  issues of fact were invariably tried by

---

1 The question is one of choosing the proper remedy for the statute's denial of a constitutionally-required trial by jury. *See United States v. Booker*, 543 U.S. 220, 245 (2005). Plaintiff proposes that where the claimant has not waived his right to a jury trial, either by contracting with the government or by filing a claim against it—as plaintiff has not in this case—the appropriate remedy is that the FTCA's substitution and exclusivity clauses not apply to a claim against the officer, essentially returning the situation to that which existed at the time of the Supreme Court's unanimous decision in *Westfall v. Erwin*, 484 U.S. 292 (1987). The remedy is appropriate because Congress has provided for jury trials in cases brought against it only where the quantum of damages was limited, *i.e.*, in tax refund, War Risk Insurance, and Title VII claims—the last, of course, being subject to a $300,000 limit on non-pecuniary damages.

jury. (*See* [39] Attachment #1.) In addition, plaintiff has prepared a statement of material facts as to which there exists a genuine issue (*see* [39] Attachment #2) and obtained opposing declarations. (*See* [39] Attachments #3, #4 and #5.) However, as of this date plaintiff has not been able to complete work on the issue of probable cause and qualified immunity, which in recent years has been undergoing rapid, unpredictable development away from common-law rules. *Compare, e.g.*, *Devenpeck v. Alford*, 543 U.S. 146 (2004); *Saucier v. Katz*, 533 U.S. 194 (2001); *Atwater v. City of Lago Vista*, 532 U.S. 318 (2001); *Anderson v. Creighton*, 483 U.S. 635, 640 (1987) *with* the materials collected in Attachment #1 to [44].

An extension would also be consistent with the requirements of Rule 56. Rule 56(c) provides that a motion for summary judgment be served at least ten days before the time fixed for a hearing. Rule 6(d) provides that "[w]hen a motion is supported by affidavit, the affidavit shall be served with the motion." Because defendants submitted a further affidavit in support of their motion on August 31—a month after they served their motion to dismiss—the ten days provided by Rule 56(c) should be calculated from that day. Excluding intervening weekends and Labor Day and adding three days for service by means other than personal delivery, ten days from August 31 was September 18. *See* Rule 6(a), (e).

In addition, plaintiff notes that defendants availed themselves of a two-week extension of time in which to file their motion to dismiss—and that was in addition to the sixty days they had from the date of service of the Complaint on the individual defendant, which itself was completed over two weeks after service on the Attorney General.

A proposed order is attached to this motion.

Dated: October 31, 2006.

                                                      Respectfully submitted,

                                                      Michael F. Wasserman
                                                      Plaintiff, *pro se*
                                                      D.C. Bar No. 442898
                                                      9355 Tovito Dr.
                                                      Fairfax, VA 22031-3824
                                                      (703) 591-0807
                                                      mfwddc@gmail.com