UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL F. WASSERMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-1005 (RWR) |
| ) | |
| DENISE RODACKER, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

DEFENDANTS' MOTION TO TREAT AS CONCEDED ITS
MOTION TO DISMISS,
AND MEMORANDUM IN SUPPORT THEREOF

The Defendants, by and through their attorney, the United States Attorney for the District of Columbia, respectfully move this Court pursuant to Local Civil Rule 7(b), to treat as conceded Defendants' Motion to Dismiss, filed in this case on July 31, 2006.[1] As grounds for this motion, Defendants submit the following:

Plaintiff commenced this action by Complaint filed on February 21, 2006, in the Superior Court of the District of Columbia (Michael F. Wasserman v. Denise Rodacker, C.A. No. 06-0001351). The case was removed to United States District Court for the District of Columbia pursuant to 28 U.S.C. §§ 1441, 1442(a)(1), and 1446, 2679(d). See Docket Entry No. 20 (Memorandum Order granting Motion to Amend Case Caption). On July 31, 2006, Defendants filed a Motion to Dismiss Plaintiff's Complaint. See Docket Entry No. 17. To date, Plaintiff has failed

---

[1] Defendants moved to dismiss for: (1) lack of subject matter jurisdiction under Fed.R. Civ. P. 12(b)(1) because plaintiff did not timely exhaust his administrative remedies in order to pursue a claim under the Federal Tort Claims Act; and (2) failure to state a claim under Fed.R.Civ.P. 12(b)(6) because Officer Denise Rodacker is entitled to qualified immunity for actions taken in her individual capacity.

to file a response to this motion. In fact, Plaintiff has filed seventeen Motions for Enlargement of Time.[2] See Docket Entry Nos. 19, 27, 28, 31, 32, 33, 34[3], 35, 36, 37, 38, 39, 40, 41, 42, 43, 44 and 45.[4] Upon the filing of his sixteenth such motion, the Court issued a Minute Order indicating that "further requests for extensions of one to three day time periods w[ould] be disfavored . . . ." See Minute Order dated October 25, 2006. After having filed a Motion for Enlargement of Time to extend the filing deadline to October 30, 2006, see Docket Entry No. 44, and failing to meet the requested deadline, plaintiff filed yet another Motion for Enlargement of Time to extend the filing deadline to November 6, 2006.[5] See Docket Entry No. 45. This motion requested not three, but six additional days for filing. Defendants did not consent to this Motion, see Docket Entry No. 45, and the Court has not ruled upon it. However, plaintiff's filing deadline of October 30, 2006 requested in Docket Entry No. 44, has long passed. Given that Plaintiff has failed to file an opposition to the Defendants' Motion to Dismiss, Defendants respectfully submit that the Court should treat Defendants' Motion to Dismiss as conceded.[6] Plaintiff was advised, by Fox/Neal Order that "[t]he

---

[2] In filing each of these motions, plaintiff failed to confer with Defendants' counsel in contravention of Local Civil Rule 7(m).

[3] Docket Entry Nos. 33 and 34 were corrected in a Notice of Corrected Docket Entry dated 10/2/06.

[4] With Docket Entry Nos. 31, 39, 41 and 44, plaintiff improperly attached extraneous materials.

[5] On this occasion, plaintiff complied with Local Civil Rule 7m.

[6] In the Minute Order of October 25, 2006, the Court granted the following motions for enlargement of time: Docket Entry Nos. 27, 28, 31, 32, 35, 36, 37, 38 and 39. Docket Entry No. 39 was a Motion for Enlargement of Time extending the filing deadline until October 13, 2006. Since that date, plaintiff filed an additional five Motions for Enlargement of Time. In the last motion filed prior to the Court's October 25, 2006 Minute Order, plaintiff requested that his filing deadline be extended until October 30, 2006. In the Court's Minute Order, that motion

Court may treat as conceded any motion not opposed within the [required ]time limits . . . ." See Docket Entry No. 21.[7] Defendants' Motion to Dismiss was filed on July 31, 2006, and as of this date, some sixteen weeks have passed.[8] Accordingly, Defendants submit that the Court has been patient enough to account for any inadvertent or excusable neglect,[9] and respectfully request that this motion be granted. See Fed. Dep. Ins. Corp. v. Bender, 127 F.3d 58, 67 (D.C. Cir. 1997)("Where the district court relies on the absence of a response as a basis for treating the motion as conceded, we honor its enforcement of the rule."), quoting Twelve John Does v. District of Columbia, 117 F.3d 571, 577 (D.C. Cir. 1997).

---

was not granted, and the October 30, 2006 date has passed. Therefore, even with his seventeen enlargements of time, plaintiff has not filed a timely response to Defendants' Motion to Dismiss.

[7]A Fox/Neal Order advises *pro se* plaintiffs of their obligations under the Federal Rules of Civil Procedure and the rules of the Court. See Fox v. Strickland, 837 F.2d 507; Neal v. Kelly, 963 F.2d 453, 456 (D.C. Cir. 1992). We note here that plaintiff has "ten years' experience as a litigation attorney[.] See Plaintiff's Motion for Sanctions, Docket Entry No. 23.

[8]That is, one-hundred nine (109) calendar days or approximately seventy-four (74) business days since the filing of Defendant's Motion to Dismiss.

[9]As stated by the Court in Bancoult v. McNamara, 227 F.Supp.2d 144, 149 (D.D.C. 2002), "an opposing party must file a responsive memorandum of points and authorities in opposition to a Rule 12 motion within 11 days of the filing of the motion. LCvR 7.1(b). If the opposing party fails to do so, the court may treat the motion as conceded." Id., citing Giraldo v. Dept. of Justice, 2002 WL 1461787, at 1 (D.C. Cir. July 8, 2002); accord, Glovinsky v. Cohen, 983 F.Supp 1, 2 (D.D.C. 1997) (Court upheld trial court's refusal to consider late filed opposition to motion to dismiss or for summary judgment as proper exercise of discretion); Fed. Dep. Ins. Corp. v. Bender, 127 F.3d 58, 67 (D.C. Cir. 1997) (Court upheld trial court's refusal to consider late filed opposition to motion for summary judgment as proper exercise of discretion); Burt v. Barry, 962 F.Supp 185, 189 (D.D.C. 1997) (motion to dismiss, as to which civil rights plaintiff filed opposition three weeks late, properly could be treated as conceded by the court).

WHEREFORE, we respectfully submit that this Motion to Treat as Conceded Defendant's Motion to Dismiss should be granted.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney


/s/
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney


/s/
MARIAN L. BORUM, DC Bar #435409
Assistant United States Attorney
555 Fourth Street, N.W. - Civil Division
Washington, DC  20530
(202) 514-6531
Counsel for Defendant

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on this 3th day of November, 2006, service of the foregoing Defendants' Motion to Treat as Conceded its Motion to Dismiss and Memorandum in Support Thereof has been made by the U.S. District Court Electronic Filing System and by mailing copies thereof to:

>Michael Wasserman
>9355 Tovito Drive
>Fairfax, Virginia 22031-3824

    /s/
MARIAN L. BORUM
Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MICHAEL F. WASSERMAN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Civil Action No. 06-1005   (RWR) |
| | ) |
| **UNITED STATES OF AMERICA, <u>et</u> <u>al.</u>,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## **ORDER**

This matter is before the Court on Defendants' Motion to Treat as Conceded its Motion to Dismiss.  Upon consideration of this Motion and the entire record of this case, it is this _____ day of _____, 2006,

**ORDERED** that Defendants' Motion to Dismiss should be and hereby is GRANTED.

_____
UNITED STATES DISTRICT JUDGE

Copies to:

    Marian L. Borum
    Assistant United States Attorney
    Judiciary Center Building
    555 Fourth Street, N.W. - Civil Division
    Washington, DC  20530

    Michael Wasserman
    9355 Tovito Drive
    Fairfax, Virginia 22031-3824