UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____    )
                               )
**MICHAEL WASSERMAN**,          )
                               )
    Plaintiff,              )
                               )
  v.                           )  Civil Action No. 06-1005 (RWR)
                               )
**DENISE RODACKER et al.**,     )
                               )
    Defendants.             )
_____    )

**MEMORANDUM OPINION AND ORDER**

    Pro se plaintiff Michael Wasserman filed this action alleging that United States Park Police Officer Denise Rodacker battered and imprisoned him in violation of the laws of the District of Columbia and the Constitution of the United States. Wasserman moves to strike as irrelevant and unfairly prejudicial exhibits 1 through 8 to defendants' motion to dismiss, and to strike defendants' supplemental declaration filed in support of defendants' opposition to Wasserman's motion to strike exhibits. In addition, Wasserman has filed a motion for sanctions that defendants have not opposed. Because defendants have failed to demonstrate that exhibits 3 through 8 have any bearing at all on the issues raised in defendants' dispositive motion, Wasserman's motion to strike with respect to those exhibits will be granted. Because no such failure by defendants attends exhibits 1 and 2, Wasserman's motion to strike with respect to these exhibits will be denied without prejudice. Wasserman's motion to dismiss the

-2-

additional declaration will be denied as moot in light of the disposition of his motion to strike the exhibits.

BACKGROUND

Wasserman filed suit in the Superior Court for the District of Columbia alleging that on February 20, 2005, Rodacker, "acting under color of law but without actual or lawful authority, intentionally, maliciously and without privilege assaulted, battered and imprisoned [him] against the laws of the . . . District [of Columbia] and the Constitution of the United States." (Notice of Removal, Ex. 2, Compl. ¶ 2.) The case was removed to this court and the United States was added as a defendant to the action. See Wasserman v. Rodacker, Civil Action No. 06-1005 (RWR), 2006 WL 2331089, at *1 (D.D.C. Aug. 10, 2006). The defendants filed a motion to dismiss the complaint arguing that Wasserman has not alleged exhaustion of administrative remedies, that Rodacker enjoys qualified immunity, that the doctrine of collateral estoppel bars Wasserman's claims, and that the claims were brought outside the applicable statute of limitations. The defendants attached various exhibits to that motion, and Wasserman now moves to strike many of those exhibits.[1]

---

[1] Defendants attached 11 exhibits to their motion to dismiss, but defendant moves to strike only exhibits 1 through 8.

-3-

Exhibit 1 purports to be Rodacker's police report from the incident involving Wasserman on February 20, 2006. The report is signed by Rodacker and contains her summary of the incident. Exhibit 2 is only partially legible, but appears to be a receipt for twenty-five dollars from the District of Columbia Superior Court. The date of the receipt is illegible. Exhibits 3 through 8 purport to be reports from various officers of the United States Park Police reflecting unflattering accounts of Wasserman's behavior in April and May of 2006, more than one year after the event which spawned this litigation.

Wasserman moves to strike exhibits 1 through 8 arguing that none of the exhibits would be admissible at trial because "[t]hose exhibits are neither sworn, nor authenticated, nor self-authenticating" and exhibits 3 through 8 are "entirely irrelevant" and are attached solely for the purpose of impugning his character. (Mot. to Strike at 1.) The defendants counter with only two arguments. First, defendants argue that no doubt exists about the authenticity of exhibit 2 because defendants obtained that exhibit from Wasserman. Second, defendants attach to their opposition a declaration from Investigator-Claims Specialist Peter Gentile of the United States Park Police purporting to establish the authenticity of exhibits 1 and 3 through 8. Gentile "process[es], investigate[s], and maintain[s] records of all claims filed with the National Park Service,

-4-

National Capital Region and U.S. Park Police, under the provisions of the Federal Tort Claims Act." (Defs.' Opp'n to Mot. to Strike, Ex. 1, Decl. of Peter Gentile ("Gentile Decl.") ¶ 2.) According to Gentile, exhibits 1 and 3 though 8 "are official law enforcement documents, and are maintained by the U.S. Park Police in the ordinary course of business." (Id. ¶ 5.) Wasserman moves to strike the Gentile Declaration, arguing that it is not made based on personal knowledge and Gentile does not claim to be the custodian of the records. Defendants oppose the motion.

DISCUSSION

When seeking summary judgment, a party may submit affidavits that are based on personal knowledge, that set forth facts that would be admissible in evidence, and that show affirmatively that the affiant is competent to testify to the contents of the affidavit. See Fed. R. Civ. P. 56(e). Exhibits that do not conform to Rule 56 may be stricken from the record. See id.; United States *ex rel*. K & R Ltd. P'ship v. Mass. Hous. Fin. Agency, 456 F. Supp. 2d 46, 51 (D.D.C. 2006) (stating that a district court may "strike all or part of an affidavit for failing to satisfy the requirements of Federal Rule of Civil Procedure 56(e)"). A district court also has the power to permit affidavits to be supplemented by further affidavits. Fed. R. Civ. P. 56(e). Though the power to strike exhibits from motions

-5-

for summary judgment derives from Rule 56, the framework of Rule 12(f), which allows pleadings to be stricken, is instructive. Under Rule 12(f), motions to strike are generally strongly disfavored, see Doeman v. Howard Univ., Civil Action No. 04-2135 (RMU), 2006 WL 398917, at *3 (D.D.C. Feb. 12, 2006) ("Courts disfavor motions to strike."), but may be granted in order to remove "immaterial, impertinent, or scandalous" material from the record. Fed. R. Civ. P. 12(f).

I.   EXHIBITS 3 THROUGH 8

The defendants have made no effort to respond to Wasserman's relevance arguments concerning exhibits 3 through 8. Nowhere in the argument section of their opposition do defendants cite or make reference to these exhibits. This is unsurprising because the exhibits make reference to later-occurring events wholly unrelated to the defendants' defenses or defendants' legal arguments for dismissal. Mention of Wasserman's subsequent behavior in this procedural posture serves only to unfairly cast aspersions upon his character. Because defendants have shown no relevant purpose for using exhibits 3 through 8 at this stage in the litigation, those exhibits will be stricken.

II.  EXHIBITS 1 AND 2 AND THE GENTILE DECLARATION

While motions to strike generally are appropriate to remove immaterial or scandalous matter from the record, neither exhibits 1 nor 2 is irrelevant to this litigation or unfairly prejudicial

-6-

to Wasserman. Exhibit 1 purports to be the police report from February 20, 2005, and defendants maintain that exhibit 2 is a post-and-forfeit receipt offered to corroborate the assertion that Wasserman is collaterally estopped from bringing this action. However, Wasserman legitimately questions whether the proper foundation has been laid to establish the admissibility of these exhibits. Exhibit 1 is a police report and may constitute hearsay. The defendants appear to argue that exhibit 1 is admissible as a business record under Federal Rule of Evidence 803(6), but they do not offer a basis for avoiding the common ban against admitting police reports as business records, or offer an affidavit from the custodian of these records with the Park Police, as Rule 803(6) would require. See Fed. R. Evid. 803(6); Fed. R. Evid. 803 advisory committee's note to paragraph (6). Instead, they offer the Gentile Declaration in which Gentile claims to maintain only the records of claims filed against the Park Police, not reports filed by Park Police officers. The defendants provide no affidavit establishing the authenticity of exhibit 2, but note only that Wasserman provided it to them. Exhibits 1 and 2 will be considered in deciding the motion for summary judgment only if their admissibility is established, which the defendants may accomplish by supplemental affidavit. See Fed. R. Civ. P. 56(e). Meanwhile, Wasserman's motion to strike these exhibits will be denied without prejudice. Further,

-7-

Wasserman's motion to strike the Gentile Declaration will be denied as moot given the disposition of the motion to strike the exhibits.

III. MOTIONS FOR SANCTIONS

Wasserman has filed a motion requesting that sanctions be imposed on the defendants' counsel for improperly filing exhibits containing irrelevant matters.  Because the defendants' counsel has not opposed the motion, defendants' counsel will be ordered to show cause in writing why Wasserman's motion should not be deemed conceded.

CONCLUSION AND ORDER

Because defendants have shown no relevance of exhibits 3 through 8 to the motion to dismiss and those exhibits cast Wasserman's character in a negative light, Wassmerman's motion to strike with respect to those exhibits will be granted.  Because exhibits 1 and 2 do not suffer from the same infirmity, Wasserman's motion to strike with respect to these exhibits will be denied without prejudice to renewing should defendants fail to establish those exhibits' admissibility.  Wasserman's motion to dismiss the additional declaration will be denied as moot.  Accordingly, it is hereby

ORDERED that Wasserman's motion [22] to strike be, and hereby is, DENIED in part and GRANTED in part.  The motion is denied with respect to exhibits 1 and 2 of the defendants' motion

-8-

to dismiss, but granted with respect to exhibits 3 through 8.  It is further

ORDERED that Wasserman's motion [25] to strike be, and hereby is, DENIED.  It is further

ORDERED that the defendants' counsel show cause in writing on or before February 9, 2007 why Wasserman's unopposed motion for sanctions should not be deemed conceded.

SIGNED this 29th day of January, 2007.

```
                          /s/
              _____
              RICHARD W. ROBERTS
              United States District Judge
```