UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL F. WASSERMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-1005 (RWR) |
| ) | |
| UNITED STATES OF AMERICA, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS**

Plaintiff filed a "Motion for Sanctions for Contentions Made in Support of Defendant's Motion to Dismiss and Points and Authorities in Support." ("Motion for Sanctions"). See Docket Entry No. 23. In that motion, plaintiff claims that the Court should impose sanctions upon undersigned counsel for five contentions made in defendants' motion to dismiss. Motion for Sanctions at p. 1. Plaintiff's motion should be denied.

**I. FACTUAL BACKGROUND**

On Sunday, February 20, 2005, United States Park Police ("USPP") Officer Denise Rodacker was on routine patrol in Montrose Park, in the northwest quadrant of Washington, D.C.[1] See Arrest/Prosecution Report ("Exhibit 1"). While on patrol, Officer Rodacker observed two dogs running without leashes. Id. District of Columbia Municipal Regulation § 24-900.3 provides a criminal penalty for permitting a dog to run at large without a leash in the District of Columbia, unless it is within the boundaries of an official city recognized dog park.[2] The

---

[1] Montrose Park is under the jurisdiction of the National Park Service ("NPS") and exclusive law enforcement jurisdiction of the USPP.

[2] In addition, National Park Service Regulation 36 C.F.R. § 2.15(a)(2) requires that, while on NPS property, all pets be restrained on a leash not exceeding six (6) feet at all times.

individual who was with the dogs was Michael Wasserman ("plaintiff").  Upon Officer Rodacker's arrival, plaintiff glanced in her direction and turned down a walking path.  Id.  The two dogs followed him.  Id.  Because plaintiff was violating the law, Officer Rodacker walked down the path behind plaintiff.  Id.  Plaintiff began walking very fast, creating a distance of approximately 100 feet between him and the officer.  Id.  Officer Rodacker had to run to get closer to plaintiff.  Id.  She called out for him to stop.  Id.  The plaintiff continued walking away while calling out over his shoulder, "I don't want to talk to you."  Id.  Officer Rodacker demanded that plaintiff stop to address her.  Id.  Plaintiff shouted, "I don't have to talk to you," and continued to briskly walk away from her.  Id.  Officer Rodacker gave plaintiff a final opportunity to comply with her orders, and told him to "Stop now."  Plaintiff did not stop, but at this point, he was within arm's reach of Officer Rodacker, so she reached out and took hold of his left upper arm.  Id.  Plaintiff attempted to pull his arm out of the grip of Officer Rodacker.  Id. Officer Rodacker had to forcefully pull plaintiff's arms around to his back to secure them properly.  Officer Rodacker then placed plaintiff under arrest for violating D.C. Municipal Regulation § 24-900.3, "Dogs Off Leash,"[3] and D.C. Code § 22-405, "Assault on a Police

---

[3] Title 24, District of Columbia Municipal Regulation, Section 900.3 provides:

> No person owning, keeping or having custody of a dog in the District shall permit the dog to be on any public space in the District, other than a dog park . . . unless the dog is firmly secured by a substantial leash.  The leash shall be held by a person capable of managing the dog.

Title 24, District of Columbia Municipal Regulation, Section 900.9 provides:

> Any person violating an provision of §§ 900.1 through 900.6 shall be punished by a fine of not more than three hundred dollars ($300), or by imprisonment not exceeding ten (10) days.

Officer."[4]  Id.  As Officer Rodacker placed the plaintiff in handcuffs, he started yelling to attract the attention of an individual in the park whom plaintiff appeared to know.  Id.  At plaintiff's request, this person took custody of the two dogs.  Id.  Plaintiff was transported to USPP District 3, Rock Creek Park Substation, for processing.  Id.

On Monday, February 21, 2005, plaintiff appeared for presentment before a District of Columbia Magistrate Judge.  He was arraigned on two counts of "Dogs Off Leash," in violation of 24 D.C.M.R. § 900.3,[5] and a court date was set.  On May 23, 2005, plaintiff entered into an agreement with the District of Columbia Attorney General's Office in which plaintiff posted a security and forfeited his right to seek adjudication on the Dog Off Leash charges.[6]

On February 21, 2006, plaintiff filed a Complaint in District of Columbia Superior Court designating Officer Rodacker as the sole defendant.  Because several of the allegations were common law torts, and were only proper against the United States pursuant to the Federal Tort Claims Act , 28 U.S.C. § 2671 et seq., the United States filed a Notice of Removal to this Court.

---

[4] Title 22, District of Columbia Code, Section 405(a) provides:

> Whoever without justifiable and excusable cause, assaults, resists, opposes, impedes, intimidates, or interferes with any officer or member of any police force operating in the District of Columbia . . . shall be fined not more than $5,000 or imprisoned not more than 5 years, or both.  It is neither justifiable nor excusable cause for a person to use force to resist an arrest when such arrest is made by an individual he or she has reason to believe is a law enforcement officer, whether or not such arrest is lawful.

[5] The Assault on a Police Officer charge was "no papered."

[6] The "Post-and-Forfeit Procedure" permits a person charged with certain misdemeanors to "post and forfeit an amount as collateral . . . and thereby obtain full and final resolution of the criminal charge."  5 D.C. Code § 335.01.

See Docket Entry No. 1.

In its Memorandum of Points and Authorities in Support of its Motion to Dismiss ("Motion to Dismiss"), defendants argued that plaintiff's claims were without merit. First, plaintiff did not allege the timely exhaustion of administrative remedies in order to pursue a claim under the Federal Tort Claims Act thereby depriving the Court of jurisdiction over the common law claims. Second, with respect to plaintiff's constitutional claims, Officer Rodacker is entitled to qualified immunity for actions taken in her official capacity. Therefore, defendants argued that plaintiff failed to state a claim upon which relief could be granted, and his claims should be dismissed.

Plaintiff now argues that undersigned counsel should be sanctioned because

1) the defendants should not have included in their motion, factual contentions regarding events that took place after his February 20, 2005 arrest;
2) there are genuine issues of material fact regarding probable cause for plaintiff's arrest;
3) there are genuine issues of material fact regarding the use of excessive force;
4) the claim is not barred by the statute of limitations; and
5) the claim is not barred by the doctrine of collateral estoppel.

Motion for Sanctions at pp. 3-10.

## II.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 11(b), the court may impose sanctions upon an attorney if a pleading is presented for an improper purpose; the claims, defenses, and other legal contentions are unwarranted by existing law; or the allegations or factual contentions do not have evidentiary support. Fed. R. Civ. P. 11(b)(1)-(4). "The rule serves 'to deter baseless filings in District Court and thus . . . streamline the administration and procedure of the federal courts . . . .'" Indep. Fed. Savings Bank v. Bender, 230 F.R.D. 11, 15-16 (2005)(citing Cooter & Gell v.

Hartmarx Corp., 496 U.S. 384, 393 (1990)). "[S]anctions are appropriate if a pleading is so 'frivolous' as to be 'groundless . . . with little chance of success.'" Indep. Fed. Savings Bank, 230 F.R.D. at 16 (citing United States v. Gilbert, 198 F.3d 1293, 1299 (11th Cir. 1999)). "The imposition of Rule 11 sanctions is not something the court takes lightly; Rule 11 sanctions are an extreme punishment for filing pleadings that frustrate judicial proceedings." Taylor v. Blakey, 2006 WL 279103, at *5 (D.D.C. Feb. 6, 2006).[7] Further, "the blunt instrument of sanctions against individual attorneys ought to be applied with restraint." Trout v. Garrett, 780 F.Supp. 1396, 1428 (D.D.C. 1991). In the matter at hand, the imposition of sanctions is inappropriate. The defendants' pleading was presented for a proper purpose, was warranted by existing law and had evidentiary support.

### III.  ARGUMENT

Plaintiff filed a one-paged Complaint suing Officer Rodacker for $10,000, alleging that she, "without actual or lawful authority, intentionally, maliciously and without privilege assaulted, battered and imprisoned plaintiff against the laws of the . . . District [of Columbia] and the Constitution of the United States." See Complaint at ¶ 2. He also claimed that Officer Rodacker "maliciously and without probable cause complained against plaintiff and caused a criminal prosecution to be instituted against [him]." Id. at ¶ 3. However, these claims were without merit.

Pursuant to the Federal Tort Claims Act,

an action shall not be instituted against the United States for money damages for

---

[7] "The Court has significant discretion in determining what sanctions, *if any* should be imposed for a violation . . . ." Indep. Fed. Savings Bank, 230 F.R.D. at 16 n.6 (citing Fed. R. Civ. P. 11, Advisory Committee Notes (1993)).

> injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency . . . .

28 U.S.C. § 2675 (a). Plaintiff failed to allege the timely exhaustion of administrative remedies as required.

In addition, plaintiff's constitutional claims against Officer Rodacker were based upon actions the officer took while exercising her discretion as a USPP officer. In Harlow v. Fitzgerald, 457 U.S. 800, 817-18 (1982), the Supreme Court stated that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Id. (citing Procunier v. Navarette, 434 U.S. 555, 565 (1978); Wood v. Strickland, 420 U.S. 308, 322 (1975); accord, Wilson v. Layne, 526 U.S. 603, 609 (1999); Crawford-El v. Britton, 523 U.S. 574, 587-88 (1998)). Plaintiff failed to allege specific constitutional violations. However, defendants construed plaintiff's claims to allege violations of the Fourth Amendment pursuant to Bivens.[8] Specifically, that Officer Rodacker did not have probable cause to arrest him, and used excessive force upon him.

Probable cause is established when there are "facts and circumstances sufficient to warrant a prudent [officer to] believe that the [suspect] had committed or was committing an offense." Gerstein v. Pugh, 420 U.S. 103, 111 (1975). Here, Officer Rodacker observed plaintiff walking two dogs without leashes in violation of 24 D.C.M.R. § 900.3. A warrantless arrest of

---

[8]See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

an individual in a public place for a misdemeanor, even a very minor misdemeanor, committed in the officer's presence is reasonable under the Fourth Amendment where supported by probable cause. Atwater v. Lago Vista, 532 U.S. 318, 354 (2001). Further, D.C. Code § 23-581 provides that a law enforcement officer may arrest without a warrant any person whom she has probable cause to believe has committed or is committing an offense in her presence. D.C. Code § 23-581(a)(1)(B). Therefore, Officer Rodacker did not violate plaintiff's constitutional rights and she is shielded from civil liability for properly performing discretionary functions as a USPP officer. Hence, because there were bases for dismissal of plaintiff's FTCA and constitutional claims, defendants appropriately filed a motion to dismiss. Cf. Les Shockley Racing, Inc., 884 F.2d 504, 509 (9th Cir. 1989) (denial of Rule 11 sanctions appropriate when pleading considered in its entirety could not be regarded as frivolous or completely devoid of merit.)

      Plaintiff, nevertheless, argues that undersigned counsel "made factual contentions for the . . . purpose of harassing [him] and . . . made legal assertions . . . contrary to controlling legal authority . . . ." Motion for Sanctions at p. 3. First, plaintiff argues that the raising of the subsequent violations of the Dog Leash Law created a distraction from the matters at issue. See id. at 4. However, in plaintiff's Complaint, he alleged that Officer Rodacker "maliciously . . . caused a criminal prosecution to be instituted against [him]." Complaint at ¶ 3. In stating such, plaintiff appeared to assert that there was no basis for his arrest and nothing improper about his behavior. However, pursuant to Fed. R. Civ. P. 404(b), evidence of plaintiff's subsequent actions could be admissible to prove his intent, knowledge or absence of mistake or accident in committing the offense. Therefore, plaintiff's subsequent acts could be relevant in the case. Like plaintiff, the government may argue vigorously and creatively in defense of its client.

Second, plaintiff argues that sanctions should be imposed because "there are genuine issues of material fact regarding probable cause for plaintiff's arrest." Motion for Sanctions at p. 3. However, as stated <u>supra</u>, probable cause is established when there are "facts and circumstances sufficient to warrant a prudent [officer to] believe that the [suspect] had committed or was committing an offense." <u>Gerstein v. Pugh</u>, 420 U.S. at 111. Here, Officer Rodacker properly arrested plaintiff without a warrant because she had probable cause to believe plaintiff had committed an offense in her presence. D.C. Code § 23-581(a)(1)(B). Therefore, it is the defendants' position that there are no genuine issues of material fact regarding the issue of probable cause. Plaintiff may not agree with defendants' position, however, his disagreement is more appropriately placed in an opposition to defendants' Motion to Dismiss, not in a motion for the imposition of sanctions. Just as plaintiff may argue vigorously in support of his position, the government is permitted to do the same. Further, even if the government were incorrect, which it is not, a party's failure to sustain his or her burden of proof on a motion "does not ipso facto violate the standards of Rule 11." <u>Bantefa v. Tyson,</u> 1987 WL 8710, at *1 (D.D.C. Feb. 26, 1987). It certainly does not call for the imposition of sanctions. <u>See</u> <u>Westlake North Property Owners Ass'n v. Thousand Oaks</u>, 915 F.2d 1301, 1307 (9th Cir. 1990)(trial court erred in imposing Rule 11 sanction where attorney had good faith argument for what his view of the law should have been; hence the filing was not frivolous).

     Plaintiff also states that he was not required to stop in response to Officer Rodacker's orders, and did not pull his arm away from her grasp. Motion for Sanctions at pp. 5-6. Because defendants' argument is contrary to that of plaintiff, he argues that sanctions should be imposed. However, the defendants' arguments were in no way frivolous. Sanctions may be imposed when

a party "makes factual allegation[s] without evidentiary support, and without the prospect of obtaining such support . . . ." Indep. Fed. Savings Bank, 230 F.R.D. at 16 (citing Clinton v. Jones, 520 U.S. 681, 709 n.42 (1997)). Here, there is clear evidentiary support for the arguments made. In addition, whether or not plaintiff stopped in response to Officer Rodacker's orders does not negate the fact that the official police report and the sworn Gerstein Statement indicate that, after Officer Rodacker saw plaintiff violate the Dog Leash Law, and took hold of his arm, plaintiff "attempted to wrench himself away from [her]." See Motion to Dismiss, Exhibits 1 and 9. Therefore, there was clear evidentiary support for the arguments made, they were warranted by existing law, and the imposition of sanctions would be inappropriate.

Third, plaintiff argues that because there is "a clear factual dispute . . . regarding whether excessive force was used [sanctions should be imposed]." Motion for Sanctions at p. 7. Once again, the assertion that Officer Rodacker did not use excessive force against plaintiff is neither frivolous nor groundless. Fourth Amendment jurisprudence has "long recognized that the right to make an arrest . . . necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." Graham v. Connor, 490 U.S. 386, 396 (1989). "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment." Id. The use of force in effectuating an arrest is to be judged "from the perspective of a reasonable officer on the scene . . . [with] allowance for the fact that police officers are often forced to make split-second judgments . . . about the amount of force that is necessary in a particular situation." Id. at 396-397. An action will only be judged unreasonable if the force used was so excessive that no reasonable officer could have believed in the lawfulness of his actions. Wardlaw v. Pickett, 1 F.3d 1297, 1303-04 (D.C. Cir 1993). Hence,

Supreme Court jurisprudence makes it clear that the arguments made by defendants had legal and evidentiary support. Cmty. Elec. Serv., Inc. v. Nat'l Elec. Contractors Ass'n, 869 F.2d 1235, 1243 (9th Cir.1989)(Rule 11 sanctions inappropriate where attorneys disagree over existence of good faith argument), cert. denied 493 U.S. 891 (1989). Again, the imposition of sanctions for making this argument would be inappropriate.

    Fourth, plaintiff argues that the defendants' contention, in a footnote, that plaintiff's claim was barred by the statute of limitations was frivolous, and calls for the imposition of sanctions. See Motion for Sanctions at p. 8. However, because plaintiff waited a full year before filing his Complaint against Officer Rodacker, there was nothing frivolous about this argument. If, in fact, plaintiff filed his Complaint one day before the limitations period expired, see Motion for Sanctions at pp. 7-8, this does not mean that defendants' argument was not made in good faith. See Bantefa, 1987 WL 8710, at *1 (when party's motion is "sufficiently well grounded and warranted by existing law," the party's failure to sustain his or her burden of proof on the motion "does not ipso facto violate the standards of Rule 11.")

    Finally, plaintiff argues that sanctions should be imposed because defendants contended that the doctrines of *res judicata* and collateral estoppel were applicable. In his Complaint, plaintiff indicated that "[t]he criminal charge instituted against [him] was resolved **favorably** to [him] without an adjudication of guilt."(emphasis added). Complaint ¶ 4. This statement implies an exoneration of guilt, and was misleading. While a "post-and-forfeit" does not result in a conviction, it also is not an exoneration of guilt. Rather, in availing oneself of the procedure, one *forfeits* the right to be exonerated of the charge. Moreover, according to the terms of the statute, the procedure results in "*a full and final resolution* of the criminal charge." 5 D.C. Code §

335.01(a)(emphasis added). Again, defendants' argument was not frivolous. The government too is free to argue vigorously and creatively in defense of its client. The impositions of sanctions for making arguments with which plaintiff disagrees would be inappropriate. See Cmty. Elec. Serv. Inc., 869 F.2d at 1243 (trial court properly denied motion for Rule 11 sanctions where pleading contained arguable claim).

Rule 11 provides that by signing a pleading, the person has certified that "to the best of the person's knowledge, formed after an inquiry reasonable under the circumstances," that, the allegations have legal and evidentiary support. Fed. R. Civ. P. 11(b)(2) and (3). However, in his own motion, plaintiff has made allegations that clearly do not have such support. See Foy v. First Nat'l Bank of Elkhart, 868 F.2d 251, 258 (7th Cir. 1989)("A frivolous request for sanctions is itself sanctionable"); Fansteel, Inc. v. Int'l Ass'n of Machinists and Aerospace Workers, Lodge No. 1777, 708 F.Supp. 891(N.D. Ill. 1989), aff'd, 900 F.2d 1005 (7th Cir. 1990) (Rule 11 sanctions against plaintiff denied because substantive case law precludes sanctions, and because defendant's own motion for sanctions was itself sanctionable.)

First, plaintiff claims that "[t]he Federal Tort Claims Act does not apply [to his case because i]t unconstitutionally deprives plaintiff of his Seventh Amendment Right to a jury trial." Pltf's Opp. at pp. 3-8. However, this argument has **no** legal or evidentiary support. The plain language of the Federal Tort Claims Act provides that claims against the government "***shall*** be tried by the Court without a jury." 28 U.S.C. §§ 2671 et seq. (emphasis added). There is no ambiguity here. The terms of the statute are clear. "Having served as an Assistant Corporation Counsel in the Appellate Division of the District of Columbia Office of Corporation Counsel from April 2002 to May 2004," Motions for Sanctions, Exhibit A, p. 5, and possessing "ten years

11

experience as a litigation attorney, including work[ing] for the government and as a judicial law clerk[,]" id. at 4, n.1, plaintiff surely is aware that the language of a statute controls.  Nevertheless, plaintiff put forth a baseless argument that was in clear contravention of the law.  Because plaintiff's argument "had absolutely no chance of success under existing precedents and . . . no reasonable argument [could] be advanced to extend, modify or reverse the law as it st[oo]d[,]" Indep. Fed. Sav. Bank, 230 F.R.D. at 16 (citing Eastway Constr. Corp. v. City of New York, 762 F.2d 243, 254 (2d Cir. 1985)), the imposition of sanctions upon plaintiff would be appropriate.  See McKenzie v. Crotty, 738 F.Supp. 1287, 1289 (D.S.D. 1990)(sanctions imposed where motions and supporting arguments clearly and obviously contradicted Black Letter Law); Segarra v. Messina, 153 F.R.D. 22, 30 (N.D.N.Y. 1994) (*Pro se* plaintiff who is attorney will be held to same objective standard applied to counsel representing third party because "[s]uch a party is more akin to an attorney representing a third party rather than a typical inexperienced *pro se* litigant."); Dyson v. Sposeep, 637 F.Supp. 616, 622 (N.D. Ind. 1986)(Rule 11 does not establish a lesser duty for *pro se* litigants).

      Moreover, plaintiff makes a frivolous argument that the "Leash [r]egulation is void." Motion for Sanctions at p. 11.  However, clearly an attorney with plaintiff's experience is aware that Title 2, District of Columbia Code, Section 561 provides that:

> the publication of any document in the District of Columbia Statutes-at-Large, the District of Columbia Municipal Regulations, or the District of Columbia Register creates a rebuttable presumption:
>
>> (1) That it was duly issued, prescribed, adopted, or enacted; and
>> (2) That all requirements of this subchapter have been complied with.

12

Because the regulation under which plaintiff was charged, 24 D.C.M.R. § 900.3, was published in the D.C.M.R. at the time of his arrest, it was presumptively legally effective. Plaintiff failed to overcome this presumption. Plaintiff's argument is groundless with no support in the law or chance of success. See Indep. Fed. Savings Bank, 230 F.R.D. at 16 (citing Gilbert, 198 F.3d at 1299 (sanctions are appropriate if a pleading is so 'frivolous' as to be "groundless . . . with little chance of success").

Plaintiff also made the completely baseless argument that "arrest is not authorized under statutory leash law." Pltf's Opp. at p. 11. Plaintiff continued that "[t]he only process authorized is a notice of violation - not arrest." Id. In making this argument, plaintiff cited to "§ 8-1808(e)" and "§ 8-1813," see id., not the regulation which he was charged for violating, 24 D.C.M.R. § 900.3.

Title 24, District of Columbia Municipal Regulation, Section 900.3 provides:

No person owning, keeping or having custody of a dog in the District shall permit the dog to be on any public space in the District, other than a dog park . . . unless the dog is firmly secured by a substantial leash. The leash shall be held by a person capable of managing the dog.

Title 24, District of Columbia Municipal Regulation, Section 900.9 provides:

Any person violating any provision of §§ 900.1 through 900.6 shall be punished by a fine of not more than three hundred dollars ($300), or by **imprisonment** not exceeding ten (10) days.

(emphasis added). Again, the language of the statue is clear. There was **no** good faith basis for plaintiff's argument, and it had **no** chance of success. For that, sanctions properly could be imposed upon plaintiff. Warshay v. Guinness, PLC, 750 F.Supp. 628, 639 (S.D.N.Y. 1990)(where baseless allegations are used to prevent summary judgment, Rule 11 sanctions are

13

particularly appropriate), aff'd, 935 F.2d 1278 (2d Cir. 1991).

Plaintiff also argues that there were "no ground[s] for detaining [him] after booking." Pltf's Opp. at p. 15. However, plaintiff concedes that he was charged with the crimes of Dog Off Leash and Assault on a Police Officer. See id. at 2. Having been an attorney with the District of Columbia Office of Corporation Counsel, surely plaintiff is aware that the crime of Assault on a Police Officer is a felony. As with any other violator of this statute, plaintiff was properly detained until presentment before a Magistrate Judge of the District of Columbia Superior Court. Plaintiff, in fact, stated that, ***but for the felony charge of Assault on Police Officer, [he] would have been released after booking.*** Id. at 15 (emphasis added). Apparently it is clear to plaintiff that, because he was charged with that felony, he properly was detained. Therefore, his argument that there were "**no grounds**" for detaining him after booking was clearly baseless. See Cooter, 496 U.S. at 393 (sanctions are appropriate if a pleading is so "frivolous" as be "groundless . . . with little chance of success"); Gilbert, 198 F.3d at 1299 (same).[9]

Plaintiff's arguments supporting the imposition of sanctions are merely regurgitations of the arguments he made in his Opposition to the Motion to Dismiss. See Pltf's Opp. at pp. 9-10,

---

[9] Plaintiff also has indicated that defendants' arguments were vexatious. However, plaintiff has chosen to ignore his filing of fifteen Motions for Enlargement of Time for the filing of an opposition to defendant's motion to dismiss. These motions, none of which were objected to by defendants, were filed over a three month period, from August 8, 2006 through October 31, 2006. See Docket Entry Nos. 19, 27, 31, 32, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44 and 45. Attached to these motions, often repeatedly, were declarations, discussions of law as well as a " a seventy-five page appendix containing transcripts of the pre-1800 printed materials" regarding the King and sovereign immunity. See, e.g., Amended Motion for a Further Extension of Time at p. 3, Docket No. 39. Few filings could have been more vexatious than those. See In re Sower, 97 B.R. 480 (N.D. Ind. 1989) (Rule 11 is designed to discourage unnecessary filings, and its violation is complete when offending paper is filed) (citing Szabo Food Serv. Inc., v. Canteen Corp., 823 F. 2d 1073, 1077 (7th Cir. 1987)).

16-18. These arguments are more appropriately placed in an opposition than in a motion calling for such an extreme punishment as sanctions. In fact, a frivolous Rule 11 sanctions motion may itself be a violation of Rule 11. See Fed. R. Civ. P. 11. While plaintiff may not agree with the arguments made by counsel, this does not mean that the arguments made were "frivolous." On the contrary, all of defendants' arguments, unlike plaintiff's, were sufficiently grounded in fact and warranted by existing law. Therefore, the motion for imposition of sanctions upon undersigned counsel should be denied.

### III.  CONCLUSION

For the foregoing reasons, defendants submit that the Plaintiff's Motion for Sanctions should be denied.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


/s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


/s/
MARIAN L. BORUM, D.C. Bar # 435409
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 514-6531
Counsel for Defendants

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on this 9th day of February, 2007, service of the foregoing was made by mailing copies thereof to:

Michael F. Wasserman
9355 Tovito Drive
Fairfax, Virginia 22031-3824

                                        /s/
                                    MARIAN L. BORUM
                                    Assistant United States Attorney