UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Michael F. Wasserman

    vs.                                  Civil Action No. 06-1005 (RWR)

Denise Rodacker, *et al*.

**REPLY TO [52] OPPOSITION TO PLAINTIFF'S [23] MOTION FOR SANCTIONS**

On January 29, the court ordered that "the defendants' counsel show cause in writing on or before February 9, 2007 why Wasserman's unopposed motion for sanctions should not be deemed conceded." Order [50], at 8. In her response, defendants' counsel makes no attempt to show a reason for her failure to oppose the motion for five months (September 12 to February 9). The court would be fully warranted in treating the motion as conceded. In *FDIC v. Bender*, 127 F.3d 58, 67-68 (D.C. Cir. 1997), the court of appeals upheld the district court's treatment of a dispositive motion as conceded, observing "we have yet to find that a district court's enforcement of [Local Rule 7(b)] constituted an abuse of discretion." The appeals court rejected the appellants' argument that "admission of the opposition would not have been prejudicial." Indeed, the appellants' opposition had been filed less than a month out of time and over a year before the court issued its ruling that the motion had been conceded. *Id*. at 62.

The arguments advanced in the Opposition to the Motion for Sanctions are unavailing for the following reasons:

1. Opposing counsel initially suggests that she cannot be sanctioned because her arguments based on failure to exhaust administrative remedies under the Federal Tort Claims Act and her qualified immunity arguments regarding probable cause for the arrest had merit. In support, she cites *Les Shockley Racing, Inc. v. National Hot Rod Assn.*, 884 F.2d 504, 509 (9th Cir. 1989), as standing for the proposition that "denial of Rule 11 sanctions [is] appropriate when [the]

pleading considered in its entirety could not be regarded as frivolous or completely devoid of merit." Opposition at 7. The "whole pleading" doctrine, however, was rejected by the 1993 amendments to Rule 11. Those amendments make clear that the rule applies to each "contention"; in particular the "safe harbor" provision allows the opposing party twenty-one days after service of a sanctions motion in which to withdraw "the challenged paper, claim, defense, contention, allegation, or denial." Fed. R. Civ. P. 11(c)(1)(A). Counsel cannot hide frivolous arguments behind nonfrivolous ones.

   2. Opposing counsel now asserts that her inclusion of allegations regarding plaintiff's conduct more than a year after the events at issue in this case was warranted by Federal Rule of Evidence 404(b), arguing that "evidence of plaintiff's subsequent actions could be admissible to prove his intent, knowledge or absence of mistake or accident in committing the offense" of walking a dog without a leash. Opposition at 7. This novel argument—it was not raised in response to plaintiff's motion to strike—has no merit. First, to be admissible under F.R.E. 404(b), the "other purpose" to be proven must be relevant to the case at hand. *See, e.g.*, *United States v. Linares*, 367 F.3d 941, 948 (D.C. Cir. 2004). The issue in this case, as opposing counsel has repeatedly stressed, is *probable cause*, not plaintiff's guilt or innocence. Plaintiff's "intent, knowledge or absence of mistake"—especially as evidenced by alleged events occurring a year later—obviously could have no effect whatsoever on Denise Rodacker's probable cause to arrest and imprison plaintiff. In *Sparks v. Gilley Trucking Co.*, 992 F.2d 50, 52-53 (4th Cir. 1993), for example, the court held that it was reversible error to admission of speeding tickets given to defendant driver in negligence case because intent was not relevant; evidence did no more than show a propensity for speeding.

Second, opposing counsel did not limit her allegations to those regarding the walking of dogs without a leash. Instead she stressed other alleged conduct having nothing to do with the walking of dogs without a leash. Indeed, the supposed events of April 29, 2006, did not involve any dogs at all.

3. Opposing counsel continues to ignore the conflict of evidence present in the record she herself presented. In so doing, she appears to adopt a position rejected nearly twenty years ago by the court in *Goka v. Bobbitt*, 862 F.2d 646, 650-51 (7th Cir. 1988):

> "Defendants have interpreted *Celotex* to require that they identify *only* those portions of the record which support their position on summary judgment, although there exists evidence to the contrary of which defendants are aware. Defendants maintain that the burden of producing such evidence was on [the pro se plaintiff] as the party opposing summary judgment, and that he failed to meet that burden. They conclude, therefore, that summary judgment was appropriate. We do not agree.
>
> Defendants' argument ignores the principal purpose of the summary judgment rule which is "to isolate and dispose of *factually unsupported* claims or defenses." *Celotex [Corp. v. Catrett]*, 477 U.S. [317] at 323-24 [1986]. When a party has obtained knowledge through the course of discovery, or otherwise, that a material factual dispute exists and yet proceeds to file a summary judgment motion, in hopes that the opposing party will fail or be unable to meet its burden in responding to the motion, he defeats that purpose; and, more importantly, violates the rules of procedure which govern the conduct of trial, specifically Rule 11.
>
> Fed. R. Civ. P 11 requires that every pleading and motion of a party represented by an attorney be signed by that attorney, certifying:
>
> "that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry *it is well grounded in fact* and is warranted by existing law ... and that it is not interposed for any improper purpose ...."
>
> (Emphasis added). It also provides that appropriate sanctions *shall* be imposed if its provisions are violated.
>
> We find it difficult to conceive how counsel for the defendants could have certified to the district court that to the best of her knowledge, information, and belief there were no genuine issues of material fact precluding summary, when defendants ... had given deposition statements ... directly and materially inconsistent with those made by [the plaintiff] during the course of his deposition. ... [The depositions] clearly demonstrate

the existence of a material issue of fact which would have precluded summary judgment with respect to defendants.

4. In her Opposition to sanctions, as in her Motion to Dismiss and Reply, opposing counsel continues to ignore clearly established law regarding the Assault on Police Office statute, the statute of limitations, and collateral estoppel. That counsel may not do. In *Roeder v. Islamic Republic of Iran*, 195 F. Supp. 2d 140, 184-85 (D.D.C. 2002), Judge Sullivan explained:

> Unlike other professions, in the practice of law basic competence and ethical obligations are enforceable and intertwined. Every time an attorney files a document in federal court, she must certify to the Court that the legal arguments contained therein, "to the best of the person's knowledge, information, and belief, *formed after an inquiry reasonable under the circumstances* ... are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." Fed. R. Civ. P. 11 (emphasis added). In addition, attorneys practicing in this Court have a corresponding ethical obligation, according to the Rules of Professional Responsibility, to disclose to the Court any and all adverse controlling authority. *See* LCvR 83.12(b) and LCvR 83.15 (incorporating Rule of Professional Conduct 3.3(a)(3)). [fn. 23: Rule 3.3(a)(3) states "A lawyer shall not knowingly fail to disclose to the tribunal legal authority in the controlling jurisdiction not disclosed by opposing counsel and known to the lawyer to be dispositive of a question at issue and directly adverse to the position of the client."] What these requirements mean in practice is that ignorance is no excuse for an attorney. An attorney can not carry out the practice of law with her head in the sand, ignoring her duty to research and acknowledge adverse precedent and law. Attorneys are not free to assert any and all legal arguments they wish on behalf of their clients, without regard to existing precedent.
>
> Indeed, this requirement serves not only to protect the Court but also to protect the attorney's clients. The plaintiffs in this case, like every other case conducted by an attorney admitted as a member of the Bar of this Court, deserve council [sic] who will fulfill their ethical obligations and argue passionately and persuasively for their client as possible without making frivolous arguments that lack a basis in law. Such arguments are a waste of the Court's time and the client's time as well.

*Accord, e.g.*, *Nisenbaum v. Milwaukee County*, 333 F.3d 804, 809 (7th Cir. 2003) (Easterbrook, J.) ("Burying one's head in the sand, in the hope that a judge will disregard an adverse decision by the Supreme Court, is a paradigm of frivolous litigation.").

5. The remainder of opposing counsel's brief is devoted to an argument that plaintiff's own opposition to defendants' motion to dismiss is frivolous. Plaintiff is unaware of any need to respond to that argument in its present form, as it is wholly irrelevant to her own liability under Rule 11 and it is not properly presented as a predicate to plaintiff's liability, if any there be. *See* Fed. R. Civ. P. 11(c)(1)(A) ("A motion for sanctions under this rule shall be made separately from other motions or requests ....").

Dated: February 22, 2007

                                        Respectfully submitted,

                                        /s/ Michael F. Wasserman
                                        Plaintiff, *pro se*
                                        D.C. Bar No. 442898
                                        9355 Tovito Dr.
                                        Fairfax, VA 22031-3824
                                        (703) 591-0807
                                        mfwddc@gmail.com