UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Michael F. Wasserman

vs.                                Civil Action No. 06-1005 (RWR)

Denise Rodacker, *et al.*

**MOTION TO STRIKE THE DECLARATION OF TROY PETTIFORD
ATTACHED TO DEFENDANTS' [SECOND] OPPOSITION TO PLAINTIFF'S
MOTION TO STRIKE EXHIBITS NUMBERED 1 AND 2 ATTACHED TO
DEFENDANTS' MOTION TO DISMISS
AND POINTS AND AUTHORITIES IN SUPPORT**

Plaintiff, Michael F. Wasserman, moves to strike[1] the Declaration of Troy Pettiford, attached

to defendants' [56] "Opposition to Plaintiff's Motion to Strike Exhibits Numbered 1 and 2

Attached to Defendants' Motion to Dismiss,"[1] ("Opp.") filed February 22, 2007. Defendants

proffer the Pettiford Declaration in a further attempt to authenticate a document purporting to be

a copy of a police report, submitted as Exhibit 1 to [17] Defendants' Motion to Dismiss. *See*

Opp. at 1. The Pettiford Declaration should be stricken because Mr. Pettiford does not attest on

his personal knowledge that Exhibit 1 is a true and correct copy of a document found among the

records of the United States Park Police. Therefore, the declaration fails to satisfy Fed. R. Civ. P.

56(e) and Fed. R. Evid. 901, 902, and 803(8). The declaration also contains other statements that

are not based on personal knowledge. Therefore, the Pettiford Declaration should be stricken and

plaintiff's [53] Renewed Motion to Strike Exhibits 1 and 2 should be granted.[3]

---

1   In this jurisdiction, a party opposing summary judgment must move to strike any materials offered in support of the motion that the party contends are not proper under Rule 56; otherwise, the party's objections are waived. *Humane Soc'y v. Babbitt*, 46 F.3d 93, 96 n.5 (D.C. Cir. 1995); *Canady v. Erbe Elektromedizin GmbH*, 384 F. Supp. 2d 176, 180 (D.D.C. 2005); *see also Fox v. Johnson & Wimsatt, Inc.*, 31 F. Supp. 64 (D.D.C. 1940).

2   Defendants' counsel docketed [56] as a "Memorandum in Opposition to re [22] Motion to Strike [17] Motion to Dismiss Exhibits Numbered 1 Through 8." However, plaintiff's [22] Motion to Strike was terminated on January 29, 2007, when the court [50] granted it as to Exhibits 3 through 8, and denied it in part, without prejudice to renewal should defendants fail to authenticate Exhibits 1 and 2. After defendants allowed two weeks to pass without any indication that they had taken steps toward authenticating Exhibits 1 and 2, plaintiff filed [53] a renewed motion. Defendants' counsel filed [54] an opposition to the renewed motion on the following day.

3   Defendants now concede that Exhibit 2 must be stricken. *See* Opp. at 2.

Plaintiff sought consent to this motion by emailing a draft of it to counsel for defendants at 12:32 p.m. on Friday, February 23, 2007, and by leaving her voicemail at 9:02 a.m. and again at 12:30 p.m. on Monday, February 26, 2007. At 2:15 p.m., counsel sent an email stating "I object," without further elaboration.

"A principal command of Rule 56(e) is straightforward: 'Supporting and opposing affidavits' on summary-judgment motions 'shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.' Although the rule's directive with respect to admissibility of an affidavit's contents on summary judgment has been liberally construed, *its requirement of personal knowledge by the affiant is unequivocal, and cannot be circumvented*. An affidavit based merely on information and belief is unacceptable." *Londrigan v. FBI*, 670 F.2d 1164, 1174 (D.C. Cir. 1981) (footnotes omitted) (emphasis added); *see also, e.g.*, *Price v. Rochford*, 947 F.2d 829, 832 (7th Cir. 1991) (holding insufficient for purposes of opposing summary judgment affidavits stating that matters contained therein "are true on information and belief," despite initial representations that the statements are made "under oath" and "under penalty of perjury").

To authenticate a document as a copy of a government record, the custodian of the record should attest that it is a true and correct copy of a record in his custody. *See United States v. Dockins*, 986 F.2d 888, 895 (5th Cir.) (holding that testimony by government agent based on the appearance of police document insufficient to authenticate it as public record), *cert. denied*, 510 U.S. 850 (1993); Fed. R. Evid. 901 note. ("Example (7). Public records are regularly authenticated *by proof of custody*, without more.") (emphasis added); c*f. United States v. Weiland*, 420 F.3d 1062, 1072-73 (9th Cir. 2005) (finding sufficient under Fed. R. Evid. 902(4)

2

the certificate of a records custodian who certified that he had compared the copies with the originals found among the records of his agency).

Mr. Pettiford's Declaration fails to meet those basic requirements, which were pointed out in plaintiff's [25] Motion to Strike the Declaration of Peter Gentile, filed September 11, 2006. Rather than unqualifiedly stating that his testimony is based on his personal knowledge, Mr. Pettiford concludes his declaration by stating that it is "based upon my knowledge, information and belief; based upon records maintained by the United States Department of Interior; and based upon information provided by members of the United States Department of the Interior." Pettiford Declaration, at 2 (last unnumbered paragraph). Mr. Pettiford does not explicitly state which of those several bases pertains to each of his averments. Seemingly, some of his statements are based on personal knowledge, while others clearly are not, and as to the one assertion most critical here, the basis has been left so uncertain as to amount to evasion.

The statements based on personal knowledge are that Mr. Pettiford is "in charge of the Records Management Section of the United States Park Police"; that he has "been employed in that capacity since June 5, 1977"; that he "maintain[s], manage[s] and control[s] access to all police reports filed by United States Park Police officers." Pettiford Declaration ¶¶ 1-3. Based on Mr. Pettiford's long experience, we may also fairly characterize as based on personal knowledge his statement that it "is the regular practice of United States Park Police officers to prepare Arrest/Prosecution Reports in connection with the arrests of individuals." *Id.* ¶ 5.

Others of Mr. Pettiford's statements plainly are *not* based on personal knowledge. For example, we can be reasonably certain that Mr. Pettiford has no personal knowledge that the document of which Exhibit 1 is a copy was "prepared in connection with the arrest of Michael F. Wasserman" or that it was "prepared by the officer who arrested Michael F. Wasserman, Officer

3

Denise Rodacker," or that it "was prepared on February 22, 2005, [sic] at or near the time of the arrest of Michael F. Wasserman." Pettiford Declaration ¶ 4. Mr. Pettiford does not claim to have been present when the document of which Exhibit 1 is a copy was created and there is every reason to believe that he was not. Instead, Mr. Pettiford's statements concerning those matters must be based entirely on his review of documents or information of others—not on his personal knowledge, as required by Fed. R. Civ. P. 56(e).

As to the most material portion of Mr. Pettiford's Declaration, there is no clear basis for the testimony. Instead of saying directly that he has compared the copy identified as Exhibit 1 with an official record in his custody and that it is a true and correct copy of that record, Mr. Pettiford makes a statement that in its literal sense cannot possibly be true: that "Exhibit 1 ... is kept in the ordinary course of regularly conducted business activity of the United States Park Police." As Mr. Pettiford himself states (presumably based on the representation of defendants' counsel), the copy is a "record submitted as Exhibit 1 in support of Defendants' Motion to Dismiss, filed July 31, 2006." Pettiford Declaration ¶ 4. In other words, the copy labeled as Exhibit 1 is a record of this court, not a record of the United States Park Police.

In short, the question that should be answered is whether Exhibit 1 is a true and correct copy of a record of the United States Park Police. Despite three opportunities to do that over the course of six months, defendants have still been unable to answer that simple question in the affirmative, under oath, based on the witness's personal knowledge.

Mr. Pettiford does not purport to be the source of Exhibit 1. He does not claim to have compared it with any record of the United States Park Police in his custody. For all that is contained in his Declaration, Mr. Pettiford may simply be saying that he looked at Exhibit 1 and it looks to him like a copy of the sort of record he has in his custody. If it were discovered that

4

Exhibit 1 is not a true and correct copy of any record of the United States Park Police[1] and Mr. Pettiford were to be prosecuted for perjury, Mr. Pettiford could readily contend that he never testified to that; all he said was that based on its appearance and to the best of his "information and belief" (or the information of others, unnamed and unsworn) he honestly thought it was.

The Pettiford Declaration simply gives no assurance that Exhibit 1 is a true and accurate copy of a document to be found among the records of the United States Park Police. Mr. Pettiford may be speaking truthfully in every particular, and yet the exhibit not in fact be a government record admissible under Fed. R. Evid. 803(8)(B). That such should be shown positively is especially so because Exhibit 1 contains unsworn, hearsay statements that defendants offer for the truth of the matters it asserts and bear directly on the matters at issue in the case.

Dated: February 26, 2007

Respectfully submitted,

/s/ Michael F. Wasserman
Plaintiff, *pro se*
D.C. Bar No. 442898
9355 Tovito Dr.
Fairfax, VA 22031-3824
(703) 591-0807
mfwddc@gmail.com

---

1  That is not a hypothetical possibility. Defendant Rodacker applied plaintiff's thumb print to each of several copies of the the arrest report she completed, in the box provided for that purpose in the lower right corner of the form. *See* Declaration of Michael F. Wasserman, ¶ 9, attached to [47] Opposition to Defendants' Motion to Dismiss. However, there is no thumb print on Exhibit 1, nor on any other copy of the purported arrest report dated February 20, 2005, that plaintiff has seen (including the unredacted copy that defendants' counsel attached to her [13] "Memorandum in Opposition to Plaintiff's Motion to Strike the Government's Scope of Employment Certificate"). Furthermore, before transporting plaintiff to the Central Cell Block, on the morning of February 20, 2005, defendant Rodacker stated to plaintiff that she was charging him with Assault on Police Officer based on his refusal of her pre-arrest request that he submit to being questioned by her. *See* Affidavit of Michael F. Wasserman, ¶ 7, attached as Exhibit 10 to [17] Defendants' Motion to Dismiss. She did not then contend that plaintiff "attempted to wrench himself away from me," as is asserted in the purported police report. Plaintiff has denied under oath that he gave any resistance to defendant's arrest. *Id.* ¶¶ 5 & 9.