**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **MICHAEL F. WASSERMAN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 06-1005 (RWR)** |
| ) | |
| **DENISE RODACKER, et al.** ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE**
**DECLARATION OF TROY PETTIFORD**

In this action, plaintiff claims that United States Park Police Officer Denise Rodacker, while acting under color of law, "assaulted, battered and imprisoned [him] against the laws of the . . . District [of Columbia] and the Constitution of the United States." Complaint, ¶ 2. Plaintiff's claims are without merit. Plaintiff did not allege the timely exhaustion of administrative remedies in order to pursue a claim under the Federal Tort Claims Act thereby depriving the Court of jurisdiction over the common law claims. Further, with respect to the constitutional claims, Officer Rodacker is entitled to qualified immunity for actions taken in her individual capacity. See Defendant's Motion to Dismiss, Docket Entry No. 17.

In his recent motion, plaintiff argues that the declaration of Troy Pettiford attached to Defendant's Opposition to Plaintiff's Motion to Strike Exhibits Numbered 1 and 2 should be stricken. Plaintiff argues that the declaration does not properly authenticate Exhibit 1, the United States Park Police Arrest/Prosecution Report. See Plaintiff's Motion to Strike Declaration of Troy Pettiford ("Pltf's Motion to Strike"), Docket Entry No. 58.

In its Memorandum and Opinion Order of January 29, 2007, the Court indicated that the defendants had not "offer[ed] an affidavit from the custodian of . . . records with the Park Police, as Rule 803(6) would require" in order to establish admissibility of Exhibit 1.  Memorandum and Opinion Order at p. 6, Docket Entry No. 50.  The Court indicated that Exhibit 1 would "be considered in deciding the motion for summary judgment only if [its] admissibility [was] established . . . ."  Id.  In response, the defendants offered the Declaration of Troy Pettiford to establish the authenticity of the exhibit.  See Opposition to Plaintiff's Motion to Strike Exhibits Numbered 1 and 2 Attached to Defendants' Motion to Dismiss, Exhibit 1, Declaration of Troy Pettiford ("Pettiford Dec."), Docket Entry No. 56.

Federal Rule of Evidence 803(6) is an exception to the hearsay rule for records of regularly conducted activity, that allows the admission into evidence of (1) "report(s) . . . made at or near the time"; (2) "by[] or from information transmitted by a person with knowledge;" (3) "if kept in the course of regularly conducted business activity[;]" and (4) "if it was the regular practice of that business activity to make the . . . report . . . ."[1]  The theory of the rule is that if a statement is recorded in the ordinary course of a regularly conducted activity, and if it is the regular practice of the business to record such a statement, there is a sufficiently high degree of trustworthiness inherent in the document to ensure its truthfulness, making cross examination of the person who prepared the document less necessary."  Boca Investerings P'ship, et al. v. United States, 128 F.Supp.2d 16, 18 (D.D.C. 2000).  These facts must be "shown by the testimony of the

---

[1]"The term 'business' as used in th[e] paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit."  Fed. R. Evid. 803(6).

2

custodian or other qualified witness . . . ."  Id.  See United States v. Miller, 771 F.2d 1219, 1237 (9th Cir. 1985)(The "facts must be proved through the testimony of the custodian of the records or other qualified witness though not necessarily the declarant.")  The Declaration of Troy Pettiford establishes that Exhibit 1 clearly meets the requirements of Fed. R. Evid. 803(6).

Mr. Pettiford is the custodian of records.  Since June 5, 1977, he has been "in charge of the Records Management Section of the United States Park Police, Washington Metro Area." Pettiford Dec. at ¶¶ 1, 2.  In that capacity, he "maintain[s], manage[s] and control[s] access to all police reports filed by United States Park Police officers."  See id. at ¶ 3.  Mr. Pettiford examined Exhibit 1.  See id. at ¶ 4.  Upon such examination, he declared that Exhibit 1 was prepared on February 22, 2005, at or near the time of the arrest of Michael Wasserman.  See id.  On its face, Exhibit 1 indicates, in Block Number 6, that the defendant's name is "Wassermann, Michael F." Block Number 5 indicates the "Unit-Arrest Number: 730500067."  Block Number 40 indicates that the date of offense is "02/20/05."  Page 2 of Exhibit 1 indicates that the date of the report is "02/20/05."

Mr. Pettiford also declared that the report was prepared by the officer who arrested Michael Wasserman, Officer Rodacker.  See id.  Block Number 60 of Exhibit 1 includes a statement of the facts as witnessed by Officer Rodacker.  Page 2 of Exhibit 1 contains the name and signature of the officer who made the statement, "D. Rodacker."

Further, Mr. Pettiford declared that Exhibit 1 was "kept in the ordinary course of regularly conducted business activity of the United States Park Police, and it was "the regular practice of United States Park Police officers to prepare Arrest/Prosecution Reports in connection with the arrest of individuals [such as Michael Wasserman]."  Id. at ¶ 5.  Having fulfilled all of

the required elements of Rule 803(6), the Declaration of Troy Pettiford establishes the authenticity of Exhibit 1.  See Woods v. City of Chicago, 234 F.3d 979, 988 (7th Cir. 2000)("[T]o demonstrate . . . trustworthiness and reliability at the summary judgment stage, the party seeking to offer the business record must attach an affidavit sworn to by a person who would be qualified to introduce the record as evidence at trial, for example, a custodian or anyone qualified to speak from personal knowledge *that the documents were admissible as business records*.")(emphasis added).[2]

Plaintiff, nevertheless, argues that Exhibit 1 has not been authenticated because Mr. Pettiford did not state that Exhibit 1 was a "true and correct copy" of a record in his custody.  Plaintiff also argues that "Mr. Pettiford does not claim to have been present" when Exhibit 1 was created.  Id. at p. 4.  Further, plaintiff contends that Mr. Pettiford's statements are not "based upon personal knowledge."  Pltf's Motion to Strike at p. 3.  These strained arguments are without merit.  Rule 803(6) does not require that the custodian of the record recite that the record is a "true and correct copy."[3]  Rule 803(6) does not require that the custodian of the records be present when the record was created.  Further, Mr. Pettiford, who for the past thirty years has "maintain[ed], manage[d] and control[led] all police reports filed by United States Park Police officers," Pettiford Dec. at ¶ 3, determined, based upon examination and personal knowledge,

---

[2]"It is well-settled that a police report is admissible as an exception to the hearsay rule under Rule 803(6) . . . ."  Bennett v. Spitzer, No. 05-1399, 2007 WL 389213, at *8 (E.D.N.Y. January 31, 2007).  See Colvin v. United States, 479 F.2d 998, 1003 (9th Cir. 1973)(personal observations of officers contained in police reports are generally admissible).

[3]See Fed. R. Evid. 1003 (duplicate admissible to same extent as an original "unless (1) a genuine issue is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original."

that Exhibit 1 was an Arrest/Prosecution Report.  In his motion, Plaintiff states that "we can be reasonably certain that Mr. Pettiford had no personal knowledge that the [Arrest/Prosecution Report] . . . was 'prepared in connection with [plaintiff's] arrest[;]' that it was 'prepared by . . . Officer Rodacker[;]' or that it 'was prepared on February 22, 2005 [sic] at or near the time of [plaintiff's] arrest . . . .'" Pltf's Motion to Strike at pp. 3-4.  However, after his review of the document, Mr. Pettiford declared that this was indeed so.  In fact, this information is clear from the face of the document itself.  See supra at 3.

Plaintiff also argues that the Declaration of Troy Pettiford "fails to satisfy Fed. R. Civ. P. 56(e).  Federal Rule of Civil Procedure 56(e) states, in pertinent part:

> Supporting affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.

It is clear that the declaration of Troy Pettiford was made on personal knowledge.  The declaration set forth facts as would be admissible in evidence, and shows that Mr. Pettiford is competent to testify to the matters stated in the declaration.  Therefore, the requirements of Rule 56 have been established as well.

Finally, plaintiff contends that Exhibit 1 should be stricken because it "contains unsworn, hearsay statements that defendants offer for the truth of the matter asserted . . . ."  Pltf's Motion to Strike at p. 5.  Plaintiff is incorrect.  "It is well established that entries in a police report which result from the officer's own observations and knowledge may be admitted . . . ."  Bennett, 2007 WL 3892123 at *8 (citing Parsons v. Honeywell, Inc. 929 F.2d 901, 907 (2d Cir. 1991).  Statements in a police report made by third parties under no business duty to report need an independent evidentiary basis for admission.  See id.; Ariza v. City of New York, 139 F.3d 132,

133-34 (2d Cir. 1998)(witness statements in police investigative reports inadmissible as business records); United States v. Dotson, 821 F.2d 1034, 1035-36 (5th Cir. 1971)(holding that witness statements in police reports were inadmissible). Here, the recitation of facts in the police report were made by Officer Rodacker based upon her own observations and knowledge. With the Declaration of Troy Pettiford, they are properly admissible under Rule 803(6). There are no statements made by third parties. Therefore, the claim that the document is inadmissible hearsay must fail.

Moreover, the defendants have not offered Exhibit 1 for the truth of the matter asserted. Rather, defendants have offered Exhibit 1 to show the actions of plaintiff which resulted in his arrest. In this case, plaintiff is contending that Officer Rodacker "assaulted, battered and imprisoned" him, Complaint at ¶ 2, and "maliciously and without probable cause . . . caused a criminal prosecution to be instituted against [him]." Complaint at ¶ 3. However, plaintiff's constitutional claims are based upon actions Officer Rodacker took while exercising her discretion as a United States Park Police Officer, and they should fail.[4]

"The determination of whether an arresting officer has probable cause to arrest an individual turns on whether a reasonable person in the officer's position would have probable cause to believe that an offense has been committed. This inquiry . . . depends upon . . . the facts and circumstances [of the case.]" Woods, 234 F.3d at 987. Here, Exhibit 1 was offered not to show that plaintiff actually committed the acts described in the report, but rather to show that

---

[4]The Supreme Court has held that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 817-18 (1982).

Officer Rodacker had probable cause to arrest him.  Therefore, the Court properly may consider Exhibit 1 in determining whether Officer Rodacker had probable cause to arrest plaintiff and hence, is entitled to qualified immunity for actions taken in her individual capacity.  See id. (Court did not run afoul of the prohibition on hearsay when it considered an arrest report which contained statements by police officers as well as third parties for the limited purpose of showing that officers had probable cause to arrest subject.).

Because the Declaration of Troy Pettiford satisfies the requirements of Fed. R. Evid. 803(6) and Fed.R.Civ. P. 56(e), it should not be stricken, and plaintiff's motion should be denied.

## CONCLUSION

For the foregoing reasons, defendants submit that plaintiff's Motion to Strike the

Declaration of Troy Pettiford should be denied.

Respectfully submitted,


/s/
JEFFREY A. TAYLOR, D.C. Bar #451058
United States Attorney


/s/
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney


/s/
MARIAN L. BORUM,  D.C. Bar #435409
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C.  20530
(202) 514-6531

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that, on this 12th day of March, 2007, service of the foregoing

was made by mailing copies thereof to:

Michael F. Wasserman
9355 Tovito Drive
Fairfax, Virginia 22031-3824

> /s/
> _____
> MARIAN L. BORUM
> Assistant United States Attorney
> Judiciary Center Building
> 555 4th Street, N.W. – Civil Division
> Washington, D.C.  20530

9