UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Michael F. Wasserman

    vs.                          Civil Action No. 06-1005 (RWR)

Denise Rodacker, *et al.*

### REPLY TO DEFENDANTS' OPPOSITION TO MOTION TO STRIKE THE DECLARATION OF TROY PETTIFORD

Defendants concede that to establish the admissibility of Exhibit 1, they must present testimony "from personal knowledge that the documents [are] admissible as business records." Opp. at 4 (quoting *Woods v. City of Chicago*, 234 F.3d 979, 988 (7th Cir. 2000)). The Pettiford Declaration fails to do that. Because it serves no other purpose, it should be stricken.

The critical passage in the Pettiford Declaration is this:

> 5. ... Exhibit 1 ... is kept in the ordinary course of regularly conducted business activity of the United States Park Police.
>
> I declare under penalty of perjury that the foregoing is true and correct based upon my knowledge, information and belief; based upon records maintained by the United States Department of Interior; and based upon information provided by members of the United States Department of the Interior.

Had Mr. Pettiford stated unequivocally that his declaration is based solely on his personal knowledge, then his assertion in paragraph 5 might be adequate, without stating explicitly that he had compared Exhibit 1 with a record in his custody and that it was a true and correct copy of that record. Conversely, had Mr. Pettiford testified affirmatively that he had made such a comparison and found that Exhibit was a true and correct copy, that would suffice, notwithstanding the fact that his declaration as a whole is not stated to be based solely on his personal knowledge.

As it stands, however, Mr. Pettiford's declaration does not give assurance that he has personally compared Exhibit 1 with a record in his custody and found it to be a true and accurate

copy. Accordingly, it does not comply with the requirements of the Rule 56(e) and the Federal Rules of Evidence. Therefore it should be stricken. This is especially so because defendants have offered nothing to rebut or explain the circumstances described in plaintiff's Motion at page 5, note 1.

Either Mr. Pettiford personally compared Exhibit 1 with a record in his custody and found it to be a true and correct copy of that record, or he did not make such a comparison. If he did, it hardly seems unduly onerous or unreasonable to insist that he say so positively. If he did not, then his declaration is insufficient to establish a basis for admitting Exhibit 1.

The remainder of defendants' Opposition argues matters not raised by plaintiff's Motion; accordingly, plaintiff does not see any need to make further reply.

Plaintiff's Motion should be granted and the Pettiford Declaration stricken.[1]

Dated: March 22, 2007

>Respectfully submitted,
>
>/s/ Michael F. Wasserman
>Plaintiff, *pro se*
>D.C. Bar No. 442898
>9355 Tovito Dr.
>Fairfax, VA 22031-3824
>(703) 591-0807
>mfwddc@gmail.com

---

[1] At page 5 of their Opposition, defendants concede that Mr. Pettiford's assertions regarding the time and circumstances of the preparation of Exhibit 1, as identified at pages 3 to 4 of plaintiff's Motion, are not based on Mr. Pettiford's personal knowledge. Therefore, those statements do not comply with Rule 56(e)'s personal knowledge requirement and ought to be stricken for that reason as well.